# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODNEY COLLEY (on behalf of himself and all others similarly situated)<br>3303 Wooden Valley Ct.<br>Alexandria, Virginia 22310 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT |
| PROCTER & GAMBLE CO.<br>D/B/A/ OLD SPICE<br>c/o CT CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, Ohio 44114 | ) ) ) ) ) ) | (Jury Demand Endorsed Hereon) |
| and | ) ) | |
| JOHN DOES 1-10 | ) ) | |
| Defendants. | ) ) | |

Now comes Rodney Colley ("Plaintiff"), by and through undersigned counsel, for himself individually and as class representative for a class of similarly situated individuals, and alleges upon personal knowledge and information and belief, the following:

## INTRODUCTION

1.     This is a consumer protection claim, which is ideal for class certification.[1] Plaintiff on behalf of himself and as class representative for a class of similarly situated individuals defined below, brings suit to seek redress for violations of Ohio's Product Liability Act, Ohio's Consumer Sales Practices Act, breach of implied warranty of merchantability and unjust enrichment. Plaintiff and all Class members have been and continue to be injured by Procter & Gamble, Co.'s, d/b/a Old Spice's (hereinafter "P&G" or "Old Spice"), pattern and practice of placing into the stream of commerce dangerous products.  Namely Old Spice deodorant, which regularly and routinely causes rashes, irritation, burning and other injury to unsuspecting customers ("the Product").

2.     As a direct and proximate result of P&G's pattern and practices, consumers were/are systematically injured, harmed and forced to discard P&G's products without the benefit of its full intended use and purpose.

3.     As a direct and proximate result of Old Spice's pattern and practice with respect to the sale of its deodorant products, consumers were/are personally injured and/or have paid for the use of a full product when in fact they are forced to discard the product after only a few uses and, therefore, are also economically damaged by being deprived the intended use and purpose of the Product.

## PARTIES

4.     At all relevant times, Plaintiff is a resident of the State of Virginia.

---

[1] *See, e.g., Amchem Prods. V. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. ed.2d 689 (1997); *System Fed'n No. 91, Ry. Emp. Dept. v. Reed*, 180 F.2d 991, 995 (6th Cir. 1950); *Delahunt v. Cytodyne Techs*., 241 F. sup.2d 827 (S.D. Ohio 2003).

5.     Defendant Procter & Gamble, Co., d/b/a/ Old Spice, is an Ohio corporation with its headquarters and principal place of business in Cincinnati, Ohio.  P&G is licensed to and does in fact conduct business throughout the United States, including the States of Virginia and Ohio.

6.     Plaintiff is presently unaware of the true names and co-parties of Defendants sued herein as John Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend his complaint to allege the Defendants' true names and capacities when ascertained.  Upon information and belief, each of the fictitiously named Defendants is an aider and abettor, joint tortfeasor, agent, employee and/or affiliate of P&G and/or Old Spice, legally responsible for the unlawful conduct herein alleged, and that such Defendants may be served within the State of Ohio.

## JURISDICTION

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000 exclusive of interests and costs, and (iii) there is minimal diversity because at least one plaintiff or defendant are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

8.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in as much as the unlawful practices are alleged to have been directed and controlled from this district. Specifically, Defendant P&G has its headquarters and principal place of business in this district, and P&G regularly conducts, directs and controls its business in and from this district.

## CHOICE OF LAW

9.     Plaintiff and Members of the Class are unable, through reasonable investigation, to obtain information of many of the factors relevant to a final choice-of-law determination. Defendant P&G is in possession of such information.

10.     Upon information and belief, Ohio, Virginia and North Carolina law may apply to all claims asserted in this litigation.  Ohio law is likely the most appropriate law to be applied as it is P&G's state of incorporation, headquarters, and the location of decision makers and witnesses.  Virginia is simply the *lex loci deliciti* of the named plaintiff, and North Carolina is where Old Spice is manufactured and shipped.

11.     To the extent that P&G engaged in unlawful practices in other jurisdictions, upon information and belief, that conduct originated, emanated and was orchestrated from P&G's headquarters and principal place of business in Ohio.

## GENERAL ALLEGATIONS

### A.     Proctor & Gamble, Co. ("P&G") and Old Spice.

12.     P&G is an American multinational consumer goods company headquartered in downtown Cincinnati, Ohio.[2]  P&G product lines include cleaning agents and personal care products, such as deodorant.

13.     P&G is also a Fortune 500 company and had companywide revenues of $70.7 billion dollars in 2015.[3]

14.     Old Spice is an American brand of male grooming products.[4] It is manufactured by P&G, which acquired the brand in 1990 from Shulton, Inc.

---

[2] http://www.wikipedia.org/wiki/proctorgamble
[3] http://www.pginvestor.com
[4] *Id.*

15.     P&G is responsible for placing, among potentially others, the following Old Spice products into the stream of commerce:

- Old Spice After Hours Deodorant

- Old Spice Champion Deodorant

- Old Spice Pure Sport High Endurance Deodorant

- Old Spice Artic Force High Endurance Deodorant

- Old Spice Bearglove Deodorant

- Old Spice Lion Pride Deodorant

- Old Spice Swagger Deodorant

- Old Spice Fresh High Endurance Deodorant

- Old Spice Aqua Reef Deodorant

- Old Spice Classic Fresh Deodorant

- Old Spice Fiji Deodorant

- Old Spice Wolfhorn Deodorant

- Old Spice Champion Deodorant

16.     Upon information and belief, all of the foregoing Old Spice products cause irritation, rash and chemical burns to unsuspecting consumers.

17.     At all relevant times, P&G has developed, manufactured, marketed, sold and distributed Old Spice deodorant throughout the United States.

18.     P&G sponsors an Old Spice website instructing users to "smell like a man".[5]

19.     The website purports to post "reviews" from satisfied customers.[6]

_____

[5] http://old-spice.com
[6] *Id.*

5

20.     On its own website, P&G provides a Materials Safety Data Sheet ("MSD") for the above mentioned Old Spice products identifying that all referenced deodorants are made with the exact same materials.[7]

21.     P&G falsely reported that the foregoing deodorants have "no known effect" with regard to skin irritation.

22.     After viewing advertisements for Old Spice deodorants, Plaintiff purchased Old Spice deodorant.  Plaintiff has used deodorant in the past and had never experienced irritation, rash and other discomfort.

23.     After only a few uses of the Old Spice product, Plaintiff suffered severe rashes, burning and discomfort requiring the Plaintiff to immediately cease using the product.

24.     Below are photographs of Plaintiff's affected area.



---

[7] See Materials Safety Data Sheet.





25.     Plaintiff's experience is by no means isolated or represents outlying occurrences.

Indeed, the internet is replete with examples of consumers who have complained of the exact

same issues with Old Spice deodorants.[8] A very small sample of the numerous online complaints

appear below:

> "My son has been using Old Spice Swagger Deodorant and has a
> rash in his armpit that is red and burning.  We will never buy these
> products again!!!   Shame on you Procter and Gamble for
> continuing to produce this product with all these reviews, and
> without warning!!!"  **Sharon of Granite Falls, NC on August 14,
> 2015.**

---

[8] http://consumeraffairs.com/cosmetics/old-spice.html

"I normally use old spice deodorant with antiperspirant but left it at home on a trip and only had the "swagger" deodorant (blue stick). I used it the first day twice and thought I was catching my skin on the plastic because it burned and hurt a little but I thought nothing of it until the morning of the third day when it really felt like a burning sensation. Although stupid decision, I still put it on that third day because I would be in meetings and did not want to sweat. The fourth day I woke up to very bad burns which would only get worse throughout the day. Now a week later they hurt so bad I can't reach my arms up and the burns are very big on both armpits. I find it crazy that so many others have had the same issue. I do not have pictures but they look very similar if not worse than other pictures people have posted." **Craig of Erie, PA on August 4, 2015.**



"I have used Old Spice Pure Sport in the past. We bought a new kind in bulk and I had used it for around 6 months. I switched back to Pure sport and within minutes my armpits started burning. The next day my underarms were chaffed severely. I thought I did it exercising and didn't wear any for a week to heal up. After healing up I put it on again and I am Chaffed all over again! Why would OLD SPICE put something like this on the shelves! I am beyond angry and I will not use ever again. I will post this all over social media as well to get the story out!" **Matt of Blaine, WA on August 4, 2015.**

"My husband and I both have used old spice deodorant before. We put on the original brand on after our shower and not 30 seconds later it started burning both of us. We tried wiping it off. It didn't help. We had to wash it off with soap and water. It still burned afterward. We didn't put on any other brand. We tried calamine lotion and Benadryl cream. Both burned so badly. It made me dizzy. The only thing that seemed to soothe it a little was baking soda and water paste. But the next day even that didn't stop the pain. My husband's entire arm pit is red on both sides. Me being darker skinned it doesn't show but I hurts like hell." **Brandi of Tempe, AZ on July 30, 2015.**



"My husband has not used Old Spice for many years. However recently he brought the Old Spice underarm stick to try. The first time he used it he got burnt really bad under his one arm. We went to pharmacy who told him not to use it again and gave him some burn cream. I emailed Old Spice who asked me to call which I just did. I was told my husband must be sensitive to something inside the product, and he shouldn't use it again and that all they could do is reimburse the money for the product. When I mentioned about all the others online who's complained about being burnt by this product and other products, I was told I was only the second person in all her 3 years of working for the company who had complained. I told her that she should then do some research online and see the 100's if not 1000's pictures of burns from Old Spice. Again all she said was she would put my complaint and views to someone higher up." **Michelle of Worcester, on July 21, 2015.**

"My husband used Old Spice deodorant for the first time in years. He has burns that are red-purple under BOTH his armpits!! I looked online to see if I could find anything --- ARE YOU KIDDING ME?? Look at all these complaints and people being BURNT!! I read one from 2009. What the heck --- They need to be sued. If anyone is taking action please let us know. Someone called them and told them --- they are doing NOTHING -- No company public notice saying, "Don't use it or return it." NO Pull from the shelves. NOTHING. I am going to find an attorney, this is blatant disregard for the well-being of their customers." **Marie of Philadelphia, PA on July 3, 2015.**

"I recently bought old Spice Champion for the first time to try. After a week my arm pits began burning. Had major burning all around the armpits on both sides. Never had problem with any other deodorant ever. Very painful. Got pictures of burns if Old Spice needs proof? Something needs done!" **Ernie of Lakefield, Ohio on June 16, 2015.**



26.     In addition to blog complaints, YouTube features numerous videos also documenting armpit irritation, rashing and burning caused by Old Spice deodorant.  The problems experienced by the Plaintiff are neither isolated, nor unique.  Indeed, the problem is rampant, and rather than acknowledge the serious issue, Defendant is concealing it in order to continue selling the product and reaping windfall profits.

## CLASS ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves and all others similarly situated members of a proposed national class ("Class") initially defined as:

> **"All persons who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied  by Defendant between 2012 to the present."**

28.     Excluded from the Class are P&G's employees, officers, directors; legal representatives, successors, and assigns; any entity in which P&G has a controlling interest; any Judge to whom the litigation is assigned; all members of the Judge's family; and all persons who timely and validly request exclusion from the Class.

29.     This action has been brought as a class action, and may properly be maintained, pursuant to Rule 23(B)(1), (2) and (3) of Federal Rules of Civil Procedure and case law thereunder.

## Ascertainability

30.    Ascertainability under Federal Rule of Civil Procedure 23 "is implicit rather than explicit in Rule 23."[9] The identity of individual class members is not required. It is only necessary that the class be ascertainable. Here, the precise number of class members and their identities and addresses are presently unknown to Plaintiff, however such number, and the identity and address of each class member, can be readily ascertained through mass advertisement. Especially, in this case, there have been and are literally hundreds of online complaints from specific individuals across the United States who have been harmed and suffered other damages as a result of purchasing and using Defendant's product. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means, by identifying the retailers who sold the subject product and posting notice at retail stores where the subject product has been sold, and by notifying past purchasers to identify themselves in order to participate by way of affidavit or otherwise, supplemented (if deemed necessary or appropriate by the Court) by published notice.

31.    Plaintiff reserves his right to modify the definition of the proposed class based upon information he and his counsel learns throughout the course of discovery.

## Numerosity

32.    The Class is so numerous that individual joinder of class members is impractical. According to P&G's own website, and upon information and belief, literally thousands of consumers have purchased the Product(s) herein complained of. Further, as mentioned above, there are literally hundreds of online complaints regarding Defendant's product(s). As such, and upon information and belief, there have been hundreds, if not thousands, of consumers damaged by Defendant's actions and product.

---

[9] *In re Polyurethan Foam Antitrust Litig.*, 2015 U.S. Dist. LEXIS 94785 | 2015-2 Trade Cas. (CCH) P79, 238.

**Commonality**

33.     Common questions of law and fact exist as to all members of the Class. They

include, without limitation:

     a.     Whether Old Spice deodorant causes burning, rashes, irritation and other discomfort.

     b.     Whether Old Spice is defective in its manufacture or construction pursuant to ORC 2307.73 and 2307.74

     c.     Whether Old Spice is defective in design or formulation pursuant to ORC 2307.75.

     d.     Whether Old Spice is defective due to inadequate warnings or instruction pursuant to ORC 2307.76.

     e.     Whether Old Spice Products fail to conform to P&G's Representations pursuant to ORC 2307.77.

     f.     Whether P&G is liable as a supplier of Old Spice pursuant ORC 2307.78

     g.     Whether P&G violated Ohio's Consumer Sales Practices Act.

     h.     Whether P&G breached its implied warranty of merchantability to Plaintiff and all Class members.

     i.     Whether P&G has been unjustly enriched.

     j.     Whether Plaintiff and Class Members are entitled to compensatory, punitive and economic damages, including attorneys' fees and costs.

**Typicality**

34.     Plaintiff's claims are typical of the claims of the Class. At all relevant times, P&G

placed into the stream of commerce unsafe products and sold them to unsuspecting customers.

Plaintiff's and Class members' claims therefore arise from a common course of conduct, and

pattern and practice by P&G and are based on the same legal theories.

## Adequate Representation

35.     Plaintiff is an adequate class representative because his interests do not conflict with the interest of the Class and he has retained counsel competent and experienced in complex class action litigation. Therefore, the interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

36.     A class action is superior to other available means for the fair and efficient adjudication of this dispute. This is especially so in consumer product claims. The damages suffered by Class members are likely to exceed millions of dollars. However, while the damages suffered by each individual Class member are significant, they are small in comparison to the burden and expense of individual prosecution. Without the class action device, it would be virtually impossible for Class members individually to obtain effective redress for the wrongs done to them. It is desirable to concentrate the litigation of the claims in this Court. Plaintiff and his counsel do not anticipate encountering any unique difficulties in the management of this action as a Class action. Furthermore, even if the Class members themselves could afford such individual litigation of Class members' claims, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation could involve thousands of separate actions, increasing the delay and expense to all parties and to the court system. By contrast, the class action device presents fewer management difficulties, requiring only a single adjudication of the complex legal and factual issues in this dispute, thereby providing the benefits of economy of scale and comprehensive supervision by a single court. Plaintiff and his counsel know of no difficulties in the management of this case precluding class treatment of their representative claim**s**

**Injunctive Relief**

37.     Separate and distinct from the damages caused by P&G's unlawful conduct, final injunctive and declaratory class-wide relief is also appropriate because P&G has acted or refused to act on grounds generally applicable to the class.

**COUNT ONE**
**(OLD SPICE IS DEFECTIVE IN MANUFACTURE OR CONSTRUCTION PURSUANT TO ORC §2307.73 and §2307.74)**

38.     Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

39.     Plaintiff and Class members are "Claimants" pursuant to Ohio's Product Liability Act ("OPLA") §2307.01(A)(1).

40.     P&G is a "Manufacturer" under OLPA §2307.01(A)(9).

41.     Old Spice deodorant is capable of delivery itself. OLPA §2307.71(12)(a)(i)

42.     Old Spice deodorant is produced, manufactured, or supplied for introduction into trade of commerce. OLPA §2307.71(12)(a)(ii)

43.     Old Spice deodorant is intended for sale or lease to persons for personal use. OLPA §2307.71(12)(a)(iii).

44.     The Old Spice deodorant products at issue in this litigation are manufactured by defendant P&G.

45.     The Old Spice deodorant products at issue in this litigation are defective in their manufacture and/or construction subjecting P&G to liability pursuant to OLPA §2703.73.

46.     The Old Spice deodorant products at issue in this litigation are the proximate cause of the burning, rashes, irritation and other discomfort alleged by Plaintiff and other class members.

47.     Entities which put otherwise non-defective components together to make a defective product are subject to strict liability claims as manufacturers. OLPA §2703.74; *See also, Barrett v. Waco Int. 1,* 123 Ohio App. 3d 1, 702 N.E. 2d 1216, 1997 Ohio App. Lexis 3680 (N.D. Ohio, 1997).

48.     The Old Spice products at issue in this litigation were defective in manufacture or construction at the time they left the control of P&G, in that they deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards. OLPA §2307.74.

49.     Deodorant is not intended to cause burning, rashes, irritation and other discomfort..

50.     Deodorant is meant to be applied under your arm in the area of the body commonly referred to as the "arm-pit".

51.     Plaintiff and all Class members applied Old Spice deodorant under their arms and in their arm pits and suffered severe burning, rashes, irritation and other discomfort.

52.     Plaintiff and all Class Members have used other deodorants without experiencing burning, rashes, irritation and other discomfort.

53.     P&G's defective manufacture and/or construction of the Old Spice Deodorants at issue in this litigation subjects it to liability under OLPA §2307.71 *et seq.*

54.     As a result of P&G's Defective Manufacture and/or Construction of the Old Spice Deodorants at issue in this litigation, Plaintiffs and all Class members are entitled to compensatory and punitive damages.

## COUNT TWO
### (OLD SPICE IS DEFECTIVE IN DESIGN OR FORMULATION/PURSUANT TO ORC§2307.75)

55.     Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

56.     Plaintiff and Class members are "Claimants" pursuant to Ohio's Product Liability Act ("OPLA") §2307.01(A)(1).

57.     P&G is a "Manufacturer" under OLPA §2307.01(A)(9).

58.     Old Spice deodorant is capable of delivery itself. OLPA §2307.71(12)(a)(i)

59.     Old Spice deodorant is produced, manufactured, or supplied for introduction into trade of commerce. OLPA §2307.71(12)(a)(ii)

60.     Old Spice deodorant is intended for sale or lease to persons for personal use. OLPA §2307.71(12)(a)(iii).

61.     The Old Spice deodorant products at issue in this litigation are manufactured by defendant P&G.

62.     The Old Spice deodorant products at issue in this litigation are defective in their design or formulation subjecting P&G to liability pursuant to OLPA §2703.75.

63.     The foreseeable risks associated with the design or formulation of the Old Spice deodorant products at issue in this litigation exceed the benefits associated with P&G's design or formulation under Ohio law. OLPA §2703.75(A).

64.     The intended and reasonably foreseeable risks uses of the Old Spice deodorant products at issue is for human application of the product under the arm or in the "arm-pit" area of the body.

65.     Based upon the natural and intended use of deodorant, coupled with a massive and nationwide advertising campaign, users are unlikely aware of the serious risks of burning, rashes, irritation and other discomfort caused by the Old Spice products.

66.     It is the design or the formulation of the product that causes the harm in light of the intended and foreseeable use of application of the product directly on the human body.

67.     Applicable product standards are that deodorant should not cause severe burning, rashes, irritation, and other discomfort.

68.     The risks associated with the design and formulation of the Old Spice products at issue are more dangerous than a reasonably prudent consumer would expect when used in its intended way.

69.     The intended utility of the use of the Old Spice products at issue does not outweigh its safety concerns.

70.     Upon information and belief, there are hundreds of deodorants on the market that do not cause severe burning, rashes, irritation and other discomfort.  Accordingly, there are technically and economically feasible alternative designs and formulations that existed at that the time the Old Spice products at issue left P&G's control.

71.     The nature and magnitude of alternative safe designs or formulations is negligible to P&G.

72.     As a result of P&G's Defective Design and Formulation of the Old Spice Deodorants at issue, Plaintiffs and all class members are entitled to compensatory and punitive damages.

## COUNT THREE
### (OLD SPICE IS DEFECTIVE DUE TO INADEQUATE WARNINGS OR INSTRUCTION PURSUANT TO §2307.76)

73.     Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

74.     Plaintiff and Class members are "Claimants" pursuant to Ohio's Product Liability Act ("OPLA") §2307.01(A)(1).

75.     P&G is a "Manufacturer" under OLPA §2307.01(A)(9).

76.     Old Spice deodorant is capable of delivery itself. OLPA §2307.71(12)(a)(i)

77.     Old Spice deodorant is produced, manufactured, or supplied for introduction into trade of commerce. OLPA §2307.71(12)(a)(ii)

78.     Old Spice deodorant is intended for sale or lease to persons for personal use. OLPA §2307.71(12)(a)(iii).

79.     Upon information and belief, hundreds, if not thousands or more, people have taken to the internet, YouTube, and/or have personally called, written or otherwise contacted P&G complaining about the severity of the burning, rashes, irritation and other discomfort they have suffered from using its Old Spice products.

80.     Thus, P&G knew or should have known about the risks associated with its product.

81.     P&G failed to provide a warning or instruction that a manufacturer exercising reasonable care would have provided in light of the seriousness of the harms at issue.

82.     Further, after receipt of the hundreds, if not thousands or more complaints, P&G has failed to issue or provide any "post-marketing" warnings that a reasonable manufacturer

exercising reasonable care would have provided concerning the risk that its Old Spice products cause severe burning, rashes, irritation, and other discomfort.

83.     As a result of P&G's inadequate warnings or instructions with respect the Old Spice Deodorants at issue, Plaintiffs and all class members are entitled to compensatory and punitive damages.

## COUNT FOUR
## (OLD SPICE PRODUCTS DO NOT CONFORM TO P&G'S REPRESENATIONS PURSUAN TO ORC§2307.77)

84.     Plaintiff incorporates by reference all of the forgoing allegations as if fully rewritten herein.

85.     P&G has been put on notice that Old Spice deodorants cause burning, rashes, irritation and other discomfort to the users of its products.

86.     P&G advertises its Old Spice products as safe to use and users have no reason to believe that Old Spice deodorants are dangerous.

87.     Plaintiff and all Class members have experienced burning, rashes, irritation and other discomfort from using Old Spice deodorants.

88.     As the Old Spice products that are at issue in this litigation do not conform with P&G representations that Old Spice products are safe to use, P&G is subject to liability pursuant to ORC§2307.77.

89.     Accordingly, Plaintiffs and all Class members are entitled to compensatory and punitive damages.

## COUNT FIVE
### (P&G IS LIABLE AS A SUPPLIER OF OLD SPICE PURSUANT TO ORC§2307.78)

90.    Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

91.    Plaintiff and Class members are "Claimants" pursuant to Ohio's Product Liability Act ("OPLA") §2307.01(A)(1).

92.    P&G is a "Supplier" under OLPA §2307.01(A)(15).

93.    Old Spice deodorant is capable of delivery itself. OLPA §2307.71(12)(a)(i)

94.    Old Spice deodorant is produced, manufactured, or supplied for introduction into trade of commerce. OLPA §2307.71(12)(a)(ii)

95.    Old Spice deodorant is intended for sale or lease to persons for personal use. OLPA §2307.71(12)(a)(iii).

96.    P&G is liable as a Supplier to Plaintiffs due to: 1) its negligence, and 2) failure to ensure the product conformed with its representations as Supplier. OLPA §2307.78(A)

97.    P&G as a Supplier owns or, when it supplied the product, owned, in whole or in part, the manufacturer of the Old Spice products.  Alternatively, P&G as a manufacturer, owned, in whole or in part, the Supplier, at the time the product was supplied.

98.    P&G also, as a Supplier, marketed Old Spice under its own label or trade name.

99.    P&G advertises its Old Spice products as safe to use and users have no reason to believe that Old Spice deodorants are dangerous.

100.    Plaintiff and all Class members have experienced burning, rashes, irritation and other discomfort from using Old Spice deodorants.

101.     As the Old Spice products that are at issue in this litigation do not conform with P&G representations that Old Spice products are safe to use, P&G is subject to liability pursuant to ORC§2307.77.

102.     Accordingly, Plaintiffs and all class members are entitled to compensatory and punitive damages.

## COUNT SIX

### (VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT)

103.     Plaintiff incorporates by reference all of the foregoing allegations as if fully re-written herein.

104.     Ohio Revised Code §1345.01(A) defines in relevant part that a "consumer transaction means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a fundraiser, or an intangible, to an individual for purpose that are primarily personal, family, a household, or solicitation to supply these things."

105.     The sale of deodorant is a consumer transaction pursuant to the OCSPA.

106.     Ohio Revised Code §1345.01(C) defines in relevant part that a "supplier means a seller, lessor, assignor, fundraiser or other person engaged in the business of efficiency or soliciting consumer transactions, whether or not the person deals directly with the consumer."

107.     P&G is a supplier pursuant to the OCSPA.

108.     Ohio Revised Code §1345.01(D) defines "consumer" as "a person who engages in a consumer transaction with a supplier."

109.     Plaintiff and all Class members are consumers pursuant to the OSCPA;

110.     P&G's representations that its Old Spice products are safe to use and not harmful to consumers when in fact they are not safe and are harmful, are deceptive and unfair practices.

111.     P&G's unfair, deceptive and/or unconscionable acts or practices are likely to, and did in fact, deceive reasonable consumers, including Plaintiff and the Class members, about the quality of its Old Spice products.

112.     Plaintiff and Class Members who used Old Spice products were forced to discontinue use after only a few uses.

113.     As a result, Plaintiff and Class Members suffered economic loss as they were not able to fully utilize the products that are the subject of this litigation.

114.     Plaintiff and Class Members economic loss damages are not subject to and therefore not preempted by, Ohio's Product Liability Act.

115.     The Ohio Attorney General has made available for public inspection prior State Court decisions which have held that acts and omissions substantially similar to P&G's acts and omissions, including but not limited to, misstatements regarding the safety and fitness of a particular product, constitute deceptive sales practices in violation of the OCSPA.  These cases include, but are not limited to the following:

    A) ***State ex rel. Petrov. v. Berkley Premium Nutraceuticals, Inc.***, Case No. 05CVH-06-6479, (Frank. CP, 2006) (OPIF #10002409)

    B) ***State ex. rel Montgomery v. Bridgestone/Firestone, Inc.***, Case No. 01CVH1111036 (Frank. CP., 2001) (OPIF # 10002025)

    C) ***State ex. rel. Winters v. Merck & Co., Inc***., Case No. 08-CVH-05-7357, (Frank. CP, 2008), (OPIF # 10002669)

    D) ***In Re Living Essential, LLC***., Case No. 462514, (Office of the Attorney General, 2014) (OPIF #10003157)

116.     As a result of its violations of the OCSPA, P&G has caused actual economic damage to Plaintiff and Class Members who have contracted with P&G for deodorant products.

117.    Plaintiff and Class Members sustained actual economic damages as a result of P&G's unlawful acts and practices, and are therefore, entitled to charges and other relief as provided under the OCSPA.

118.    Plaintiff and Class Members also seek Court costs and attorney's fees as a result of P&G's violations of the OCSPA as provided in Ohio Revised Code §1345.09.

### COUNT SIX
### (BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY)

119.    Plaintiff incorporates by reference all of the foregoing allegations as if fully re-written herein.

120.    Ohio Revised Code §1302.27 provides that a warranty that goods shall be merchantable is implied in contract for their sale if the seller is a merchant with respect to goods of that kind.

121.    The sale of Old Spice deodorant is the sale of goods.

122.    P&G is a merchant with respect to the sale of Old Spice deodorants.

123.    For goods to be merchantable they must be fit for the ordinary purpose for which such goods are used.

124.    P&G impliedly warranted and represented through advertisements, marketing, packaging, labels, websites and other material that Old Spice Deodorants are fit for the ordinary purposes of deodorant.

125.    P&G reviewed hundreds, if not thousands or more complaints regarding the defective nature of Old Spice deodorant product.

126.    P&G breached said warranty because at the time of the sale with Plaintiff and Class Members, Old Spice deodorants caused burning, rashes, irritation and other discomfort and were not fit for the ordinary purpose of deodorant.

127.     Thus, P&G knew or should have known that Old Spice deodorant products posed a safety risk and were defective prior to the sale of the products to Plaintiff and Class Members.

128.     As a direct and proximate result of P&G's breaches of the implied warranty of merchantability, Plaintiff and Class Members purchased unsafe products which could not be used for their intended use.

129.     As a direct and proximate result of P&G's breach, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## COUNT SEVEN
### (Unjust Enrichment)

130.     Plaintiff incorporates by reference all of the foregoing allegations as if fully re-written herein.

131.     The acts of Defendant complained of herein constitute unjust enrichment of the Defendant at Plaintiff's and the Class members' expense in violation of the common law.

132.     The Plaintiff herein and Class members conferred a benefit on Defendant by purchasing and paying for Defendant's aforementioned defective consumer product(s) and/or products that failed to conform or be used by Plaintiff and the Class members for the intended purpose and use.

133.     Defendant obviously knew of the benefit conferred by Plaintiff and the Class members, because Defendant unjustly profited millions of dollars annually through the sales of its aforementioned deodorant products.  And, upon information and belief, Defendant further knew of the defects in the products and the injuries and damages caused to Plaintiff and the Class members and, therefore, should be expected to repay Plaintiff and the Class members the benefit that Defendant has unjustly profited from.

134. Defendant, therefore, has accepted and/or retained the benefit unjustly conferred upon it by Plaintiff, without paying for its value. Retention by the Defendant of the profits derived from the product(s) would be inequitable.

135. Defendant's action and product(s) have damaged Plaintiff and the Class members in an amount to be proven at trial, and Defendant should disgorge Defendant's ill-gotten profits.

136. As a direct and proximate result of Defendant's actions, Plaintiff and the Class members have suffered and continue to suffer irreparable harm for which Plaintiff and the Class members have no adequate remedy at law, and which will continue unless Defendant's actions are enjoined.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request of this Court the following relief, on behalf of themselves and all others similarly situated:

A. An Order certifying the proposed Class herein pursuant to Rule 23(B)(1), (2) and (3) of the Ohio Rules of Civil Procedure and appointing Plaintiff and his counsel of record to represent the Class;

B. An Order that Old Spice is defective in manufacture or construction pursuant to ORC 2307.73 and 2307.74.

C. An Order that Old Spice is defective in design or formulation pursuant to ORC 2307.75.

D. An Order that Old Spice is defective due to inadequate warnings or instruction pursuant to ORC 2307.76

E. An Order that Old Spice does not conform to P&G's representations pursuant to ORC 2307.77.

F. An Order that P&G has violated the Ohio Consumers Sales Practices Act.

G. An Order that P&G has been unjustly enriched and should disgorge all its ill-gotten profits from the sale of the product;

H. An award of damages to Plaintiff and Class members resulting from P&G's wrongful conduct in excess of $25,000.00;

I.      Restitution and reimbursement of all moneys paid by Plaintiff and Class members because of P&G's wrongful conduct;

J.      Disgorgement by P&G of all profits and compensation emanating from its wrongful conduct;

K..     An award of any additional, consequential and incidental damages and costs suffered by Plaintiff and Class members because of Old Spice's wrongful conduct;

L.      Punitive damages;

M.      Prejudgment interest;

N.      Attorney's fees, costs of suit, including expert witness fees; and

O.      Such other and further legal and equitable relief, including exemplary damages, as this Court may deem proper.

Respectfully submitted,


    /s/ Thomas J. Connick
Thomas J. Connick (0070527)
Edward A. Proctor (0069877)
CONNICK LAW, LLC
25550 Chagrin Blvd., Suite 101
Cleveland, Ohio  44122
PH: (216) 364-0512 – FX: (216) 609-3446
tconnick@connicklawllc.com
eproctor@connicklawllc.com


Edward W. Cochran (0032942)
Law Offices of Edward W. Cochran
20030 Marchmont Road
Cleveland, Ohio 44122
PH:  (216) 751-5546
edwardcochran@wowway.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a trial by jury pursuant to Fed. Civ. R. Proc. 38.

_/s/ Thomas J. Connick_____
Thomas J. Connick  (0070527