**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY COLLEY, et al. (on behalf of themselves and all others similarly situated) 3303 Wooden Valley Ct. Alexandria, Virginia 22310 | ) ) ) ) | CASE NO. 2:16-CV-225 JUDGE: MICHAEL H. WATSON |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | FIRST AMENDED CLASS ACTION |
| PROCTER & GAMBLE CO. D/B/A/ OLD SPICE c/o CT CORPORATION SYSTEM 1300 East Ninth Street Cleveland, Ohio 44114 | ) ) ) ) ) | COMPLAINT[1] (Jury Demand Endorsed Hereon) |
| and | ) ) | |
| JOHN DOES 1-10 | ) ) | |
| Defendants. | ) ) | |

Now come all Plaintiffs more fully identified in "Section II Parties", and hereinafter collectively referred to as "Plaintiffs", by and through undersigned counsel, for themselves individually and as class representatives for a class of similarly situated individuals, and allege upon personal knowledge and information and belief, the following:

---

[1] Plaintiffs' First Amended Complaint is being filed in accordance with this Honorable Court's April 29, 2016 Order.

## I.    <u>INTRODUCTION</u>

1.       This class action is brought by Plaintiffs ("Class Representatives") individually and on behalf of all persons in the United States and the represented subclass states who purchased ("Class Members") Procter & Gamble Co.'s ("P&G's") Old Spice deodorant products ("Old Spice Deodorants" or "Product(s)") and who discarded or ceased using the Deodorants because of adverse health effects including, but not limited to: severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. As the crux of this litigation is a consumer protection claim, it is ideal for class certification.[2] As set forth in more detail ***infra***, Plaintiffs seek to represent a Nationwide Class as well as a number of subclasses defined by state. Plaintiffs bring a variety of common law and statutory claims for unfair and deceptive trade practices, consumer protection, breach of warranty, violations of the Magnuson-Moss Warranty Act, unjust enrichment, negligence, and product liability, all of which involve the same core issues of fact and law.

2.       As a direct and proximate result of P&G's pattern and practices, actions and/or omission, consumers were, and continue to be systematically injured, harmed and/or damaged, and forced to discard Old Spice Deodorants without the benefit of their full intended use and purpose and, therefore, are damaged plaintiffs, economically and otherwise.

3.       As a direct and proximate result of P&G's pattern and practices, actions and/or omissions with respect to the sale of Old Spice Deodorants, consumers were, and continue to be,

---

[2] See, e.g., *Amchem Prods. V. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. ed.2d 689 (1997); System Fed'n No. 91, Ry. Emp. Dept. v. Reed, 180 F.2d 991, 995 (6th Cir. 1950); *Delahunt v. Cytodyne Techs.*, 241 F. sup.2d 827 (S.D. Ohio 2003).

damaged and/or personally injured including, but not limited to, suffering burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

## PARTIES

### A. Alabama Plaintiffs

John R. Smith, Jr. ("Smith"), 301 Smith Drive, Letohatchee, Alabama 36047; Shekeyla Young ("Young"), 82 November Rd, Ashford, Alabama 36313; and Terrence Davis ("Davis"), 10124 Waterford Way, Mobile, Alabama 36695 are collectively referred to as the "Alabama Plaintiffs". At all relevant times the Alabama Plaintiffs were/are residents of Alabama. The Alabama Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The Alabama Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Alabama Plaintiffs' damages and injuries occurred in the State of Alabama. Smith's injuries are depicted below:



3

**B. Alaska Plaintiffs**

William Krizman ("Krizman"), 16500 Chasewood Lane, Anchorage, Alaska 99516 is the "Alaska Plaintiff".  At all relevant times the Alaska Plaintiff was/is a resident of Alaska.  The Alaska Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Alaska Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorant because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Alaska Plaintiff's damages and injuries occurred in the State of Alaska.   Krizman's injuries are depicted below:



**C. Arizona Plaintiffs**

John Kirk Jr. ("Kirk"), 15200 E. Ghost Dance Rd., Vail Arizona 85641 is the "Arizona Plaintiff".  At all relevant the Arizona Plaintiff was/is a resident of Arizona.  The Arizona Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Arizona Plaintiff was forced to prematurely discard and discontinue use of the Old Spice product because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing,

peeling skin, and/or other injury. All of the Arizona Plaintiff's damages and injuries occurred in the State of Arizona. Kirk's injuries are depicted below:



### D. California Plaintiffs

Anthony Gutierrez ("Gutierrez"), 14025 Black Rock Circle, Moorpark, CA 93021; Eduardo Lopez ("Lopez"), 1019 ½ Jefferson Ave., Chula Vista, CA 91911; J. Tyler Wright ("Wright"), 24394 Kingston Ct., Laguana Hills, CA 92653, Jack Malouf ("Malouf"); 759 Commercial Ave. South, San Francisco, CA 94080; and Yik Chan ("Chan"), 1764 Royal Ave., San Mateo, CA 94401; are collectively referred to as the "California Plaintiffs".

At all relevant times the California Plaintiffs were/are residents of California. The California Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The California Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the California Plaintiffs damages and injuries occurred in the State of California. Chan's injuries are depicted below:



### E.  Colorado Plaintiffs

Jason Flieth ("Flieth"), 9451 Welby Rd., Apt. 431, Thorton, CO 80229 and Gary Barret ("Barrett"), 500 Ute Junction Circle, Durango, CO 81303 are collectively referred to as the "Colorado Plaintiffs".  At all relevant times the Colorado Plaintiffs were/are residents of Colorado.  The Colorado Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Colorado Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Colorado Plaintiffs' damages and injuries occurred in the State of Colorado.   Barrett's injuries are depicted below:



## F. Connecticut Plaintiffs

Harold F. Jacobs ("Jacobs"), 61 East Gate Lane, Hamden, CT 06514 and Joseph Cristofano ("Christofano"), 90 Summer Lane, Northaven, CT 06473 are collectively referred to as the "Connecticut Plaintiffs". At all relevant times the Connecticut Plaintiffs were/are residents of Connecticut. The Connecticut Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The Connecticut Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Connecticut Plaintiffs' damages and injuries occurred in the State of Connecticut. Jacob's injuries are depicted below:



**G. Florida Plaintiffs**

Jordon Nix ("J. Nix"), 9334 Brinbury St., Orlando, Florida 32036; Kenneth Mirfield ("Mirfield"), 250 Cantania Lane, Poincianna, FL 34759;   Bryan Froning ("Froning"), 1206 Halapa Way, Trinity, FL 34655; Christopher A. Mowad ("Mowad"), 5668 Ponte Verde Rd., Pensacola, FL 32507; Clarence Robinson ("Robinson"), 6801 Ridgeview Ave., Jacksonville, Florida, 33127; and Richard Cicero ("Cicero"), 11165 Wyndham Hollow Lane, Jacksonville, FL 33127; are collectively referred to as the "Florida Plaintiffs".

At all relevant times the Florida Plaintiffs were/are residents of Florida.  The Florida Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Florida Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Florida Plaintiffs' damages and injuries occurred in the State of Florida.   Froning's injuries are depicted below:

8



**H. Georgia Plaintiffs**

Amber Williams ("Williams"), 725 Griener Circle, Hephzicah, GA 38015 and Robert Wilson as Father and Guardian for C.F.W. ("Wilson"), 1230 Oconee Forest Dr., Wakinsville, GA 30677 are collectively referred to as the "Georgia Plaintiffs".  At all relevant times the Georgia Plaintiffs were/are residents of Georgia.  The Georgia Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Georgia Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Georgia Plaintiffs' damages and injuries occurred in the State of Georgia.   Williams' injuries are depicted below:



## I. Hawaii Plaintiffs

Vincent Dirienzo ("Dirienzo"), 2819 Waialee Ave, Apt. #A3, Honolulu, Hawaii 96816 is referred to as the "Hawaii Plaintiff".  At all relevant times the Hawaii Plaintiff was/is a resident of Hawaii.  The Hawaii Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Hawaii Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Hawaii Plaintiff's damages and injuries occurred in the State of Hawaii.

## J. Illinois Plaintiffs

James E. Sargent ("Sargent"), 116 Washington St., Apt 806 Anna, IL  62906; Krzysztof Kalicki ("Kalicki"), 1870 Arlene Dr., Aurora, IL 60505; Xavier Walker ("Walker"), 15430 Southland, Harvey, IL 60426; Michael W. Damron ("Damron"), 808 Bussey Court, Streamwood, IL 60107; and Joshua Kazanova ("Kazanova"), 1200 West Monroe, Suite #418, Chicago, IL  60607; are collectively referred to as the "Illinois Plaintiffs".

At all relevant times the Illinois Plaintiffs were/are residents of Illinois.  The Illinois Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in

accordance with the normal and intended use for deodorant application.  The Illinois Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Illinois Plaintiffs' damages and injuries occurred in the State of Illinois.   Sargent's injuries are depicted below:



### K.  Indiana Plaintiffs

Tyler Hayward ("Hayward"), 1013 W. Donaldson Ave., Mishawaka, IN  46545; Michael Gaff ("Gaff"), 7752 Shasta Dr., Indianapolis, IN  46217; and Carl Heck ("Heck"), East 75th St. Indianapolis, IN 46240 are collectively referred to as the "Indiana Plaintiffs". At all relevant times the Indiana Plaintiffs were/are residents of Indiana.  The Indiana Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Indiana Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Indiana Plaintiffs' damages and injuries occurred in the State of Indiana.   Hayword's injuries are depicted below:

11



**L.  Iowa Plaintiff**

Jeffrey S. Sorensen ("Sorensen"), 2041 Casper Ave., Waterloo, Iowa 50701 is referred to as the "Iowa Plaintiff". At all relevant times the Iowa Plaintiff was/is residents of Iowa.  The Iowa Plaintiff purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Iowa Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Iowa Plaintiffs' damages and injuries occurred in the State of Indiana.   Sorensen's injuries are depicted below:



**M. Kansas Plaintiffs**

Thomas Callahan ("Callahan"), 6304 Crestview Dr., Shawnee, KS 66218; Michael Vinson ("Vinson"), North Mulberry, Eureka, KS 67045; and Phil Borghese ("Borghese"), 14287 W. 115th Terrace, Olathe, KS 66062 are collectively referred to as the "Kansas Plaintiffs." At all relevant times the Kansas Plaintiffs were/are residents of Kansas. The Kansas Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The Kansas Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Kansas Plaintiffs' damages and injuries occurred in the State of Kansas. Vinson's injuries are depicted below:



**N. Kentucky Plaintiffs**

Hampton Young ("Young"), 1355 Crossbend Dr., Hebron, KY 41048; Travis White ("White), 130 Penmoken Park, Lexington, KY 40503; and Corey Mesmer ("Mesmer"), 114 Creekrock Circle, Nicholasville, KY 40356 are collectively referred to as the "Kentucky Plaintiffs". At all relevant times the Kentucky Plaintiffs were/are residents of Kentucky. The Kentucky Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm

13

area in accordance with the normal and intended use for deodorant application.  The Kentucky Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Kentucky Plaintiffs' damages and injuries occurred in the State of Kentucky.   White's injuries are depicted below:



**O.  Louisiana Plaintiffs**

George Goforth, Jr. ("Goforth"), 219 Harris Rd., Choudrant, LA 71227 is referred to as the "Louisiana Plaintiff".  At all relevant times the Louisiana Plaintiff was/is a resident of Louisiana. The Louisiana Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.   The Louisiana Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.   All of the Louisiana Plaintiff's damages and injuries occurred in the State of Louisiana.

**P.  Maine Plaintiffs**

Jim Handcock ("Handcock"), P.O. Box 10711, Portland, Maine 04104 is referred to as the "Maine Plaintiff".  At all relevant times the Maine Plaintiff was/is a resident of Maine.  The

Maine Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Maine Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Maine Plaintiff's damages and injuries occurred in the State of Maine.   Handcock's injuries are depicted below:



**Q.  Maryland Plaintiffs**

Dawit Yonnas ("Yonnas"), 2184  Mountainview Dr., Frederick, MD  21702, Anthony Schmidt ("Schmidt"), 2702 Terra Vista Dr., Bowie, MD  20720; Marcus J. Langford-Thomas ("Lanford-Thomas"), 5508 Noble Effort Ct., Bowie, MD 20720, Lennita Duncan ("Duncan"), 2121 Denis Rd., Waldorf, MD  20601; and Devon Brown ("Brown"), 397 Carronade Way, Arnold, MD  21012 are collectively referred to as the "Maryland Plaintiffs".  At all relevant times the Maryland Plaintiffs were/are residents of Maryland.  The Maryland Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance

15

with the normal and intended use for deodorant application.  The Maryland Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Maryland Plaintiffs' damages and injuries occurred in the State of Maryland.   Duncan's injuries are depicted below:



### R. Massachusetts Plaintiffs

Arthur J. Bird ("Bird"), E1 Colonial Dr., #4, Andover, MA  01810; Kevin Puccio ("Puccio"), 71 Broad St., 3rd Floor, North Attleboro, MA  02760; Brad Steven Amaral ("Amaral"), 952 Mazeppa St., New Bedford, MA 02745; and Michael Smith ("Smith") 43 Kensington Way, Tweksbury, MA  01876 are collectively referred to as the "Massachusetts Plaintiffs".  At all relevant times the Massachusetts Plaintiffs were/are residents of Massachusetts.  The Massachusetts Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Massachusetts Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the

Massachusetts Plaintiffs' damages and injuries occurred in the State of Massachusetts.   Amaral's injuries are depicted below:



**S.  Michigan Plaintiffs**

Christopher Sloan ("Sloan"), 12252 Rich Ave., Grant, MI 49327; Jacob Mrozek ("Mrozek"), 4805 E. Patrick 43rd, Apt. 114, Midland, MI  48642, And Cody Heppner ("Heppner"), 4805 E. Patrick 43rd., Apt. 114, Midland, MI  48642, are collectively referred to as the "Massachusetts Plaintiffs".  At all relevant times the Michigan Plaintiffs were/are residents of Michigan.  The Michigan Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Michigan Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Michigan Plaintiffs' damages and injuries occurred in the State of Michigan.   Heppner's injuries are depicted below:



**T.  Minnesota Plaintiffs**

Maurice Baker ("Baker"), 1543 Jackson St., St. Paul, Minnesota 55117 is referred to as the "Minnesota Plaintiff".  At all relevant times the Minnesota Plaintiff was/is a resident of Minnesota.  The Minnesota Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Minnesota Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.   All of the Minnesota Plaintiff's damages and injuries occurred in the State of Minnesota.

**U.  Mississippi Plaintiffs**

McArthur Finley ("Finley"), 17120 Red Top Lane, Moss Point, Mississippi, 39562, is referred to as the "Mississippi Plaintiff".  At all relevant times the Mississippi Plaintiff was/is a resident of Mississippi.  The Mississippi Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The Mississippi Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Mississippi Plaintiff's damages and injuries occurred in the State of Mississippi.  Finley's injuries are depicted below:



**V.  Missouri Plaintiffs**

George Jones ("Jones"), 2215 Foss Ct., St. Louis, MO  63136; Ken Roberts ("Roberts") 5914 Summit Place, St. Louis, MO  63147; Ryan Treacy ("Treacy"), 623 Washington Ave., Apt. 385, University City, MO   63130; Tyler Miller ("Miller"), 307 Lamott Lane St. Louis, MO 63136;   and Eric Allen Ogle ("Ogle"), 8235 Prospect Ave. Kansas City, MO 64132 are collectively referred to as the "Missouri Plaintiffs."  At all relevant times the Missouri Plaintiffs

were/are residents of Missouri. The Missouri Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The Missouri Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Missouri Plaintiffs' damages and injuries occurred in the State of Missouri. Treacy's injuries are depicted below:



**W. Nebraska Plaintiffs**

Jared Bombeck ("Bombeck") 8505 S 101st Street, La Vista, Nebraska 68128 is referred to as the "Nebraska Plaintiff". At all relevant times the Nebraska Plaintiff was/is a resident of Nebraska. The Nebraska Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application. The Nebraska Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Nebraska Plaintiff's damages and injuries occurred in the State of Nebraska. Bombeck's injuries are depicted below:

20



**X. Nevada Plaintiffs**

Perry Hvegholm ("Hvegholm"), 755 Francesca Way, Sparks, Nevada 89436 and Kevin Elliott ("Elliot"), 5200 Summit Ridge Dr., #4421, Reno, NV 89523 are collectively referred to as the "Nevada Plaintiffs". At all relevant times the Nevada Plaintiffs were/are residents of Nevada. The Nevada Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application. The Nevada Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Nevada Plaintiffs' damages and injuries occurred in the State of Nevada. Hvegholm injuries are depicted below:



**Y.  New Hampshire Plaintiffs**

Christopher Brandt ("Brandt") 49 6th Street, Apt. B, Dover New Hampshire, 03874 is referred to as the "New Hampshire Plaintiff".  At all relevant times the New Hampshire Plaintiff was/is a resident of New Hampshire.   The New Hampshire Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The New Hampshire Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.   All of the Nebraska Plaintiff's damages and injuries occurred in the State of New Hampshire.   Brandt's injuries are depicted below:



**Z.  New Jersey Plaintiffs**

Douglas Pandolpho ("Pandolpho"), 11 Charles Blvd., Manahawkin, NJ  08050; Matthew Craige ("Craige") 4092 Hermitage Dr., Vorhees, NJ  08043; Elisa Castagna as Mother and Guardian to N.C. ("Castagna"), 407 Denow Rd., Pennington, NJ 08534; Joseph Maduzia ("Maduzia"), 900 Cinnaminson Ave., Palmyra, NJ  08065; Raushan Simmons ("Simmons"), 145 Old Turnpike Rd., Port Murray, NJ  07865; Kevin R. Doheny ("Doheny") Harcourt Ave., Bergenfield, NJ  07621; and Halle Ohern ("Ohern"), 809 Lenape Trail, Westfield, NJ  07090 are collectively referred to as the "New Jersey Plaintiffs".  At all relevant times the New Jersey Plaintiffs were/are residents of New Jersey.  The New Jersey Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The New Jersey Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the New Jersey Plaintiffs' damages and injuries occurred in the State of New Jersey.   Pandolpho's injuries are depicted below:



**AA.        New Mexico Plaintiffs**

Joseph Lovato ("Lovato"), 523 Christine Drive, Las Vegas, New Mexico 87701 is referred to as the "New Mexico Plaintiff".  At all relevant times the New Mexico Plaintiff was/is a resident of New Mexico. The New Mexico Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application.  The New Mexico Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the New Mexico Plaintiff's damages and injuries occurred in the State of New Mexico.  Lovato's injuries are depicted below:



**BB.      New York Plaintiffs**

George Gregory Burke ("Burke"), 194 17th St., Brooklyn, NY  11215; Matthew Farber ("Farber"), 2 Vargas Ct., Plainview, NY  11803; Aaron Cunningham ("Cunningham"), 133 Suydam St., #1L, Brooklyn, NY  1122; Adam Weiss ("Weiss")145 E. 16th St., Apt. 16C,  New York, NY 10003; and James Rickard, Jr.("Rickard"), Martin Rd., LaGrangeville, NY  12540 are collectively referred to as the "New York Plaintiffs".  At all relevant times the New York Plaintiffs were/are residents of New York.  The New York Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The New York Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the New York Plaintiffs' damages and injuries occurred in the State of New York.   Cunningham's injuries are depicted below:



**CC.** **North Carolina Plaintiffs**

Chris Battaglino ("Battaglino") 2923 Wycliff Road, Raleigh, North Carolina 27607; James Arthur Arrington ("Arrington"), 437 Lincoln St., Belmont, NC 28012; Christopher Meenan ("Meenan"), 3108 Billiard Ct., Wake Forest, NC 27587; Ryan Newman ("Newman"), Twinfields Dr., Suquary-Varna, NC 27526; and Leonard Goenaga ("Geoenaga"), 126 Remington Woods Dr., Wake Forest, NC 27587 are collectively referred to as the "North Carolina Plaintiffs". At all relevant times the North Carolina Plaintiffs were/are residents of North Carolina. The North Carolina Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant

application.  The North Carolina Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the North Carolina Plaintiffs' damages and injuries occurred in the State of North Carolina.   Battaglino's injuries are depicted below:



**DD.        North Dakota Plaintiffs**

Margaret McGurran ("McGurran") 1919 University Drive North, Apt. 303, Fargo, North Dakota, 51802 is referred to as the "North Dakota Plaintiff".  At all relevant times the North Dakota Plaintiff was/is a resident of North Dakota. The North Dakota Plaintiff purchased Old Spice Deodorants and applied the product to her under arm area in accordance with the normal and intended use for deodorant application. The North Dakota Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the North Dakota Plaintiff's damages and injuries occurred in the State of North Dakota.   McCurran's injuries are depicted below:



**EE.        Ohio Plaintiffs**

Aaron A. Alli ("Alli"), 515 Talbot Ave., Akron, OH  44306; David Walker ("Walker"), 655 Hawthorne Ave., Cincinnati, OH  45205; Raymond Urban, II ("Urban"), 305 Melody Lane, Hubbard, OH  44425; Daniel W. Hillier ("Hillier'), P.O. Box 384, Butler, OH  44822; and James Lehman ("Lehman"), 91 Oakleigh Dr., Brunswick, OH  44212; are collectively referred to as the "Ohio Plaintiffs".   At all relevant times the Ohio Plaintiffs were/are residents of Ohio.  The Ohio Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Ohio Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Ohio Plaintiffs' damages and injuries occurred in the State of Ohio.    Lehman's injuries are depicted below:



**FF. Oklahoma Plaintiffs**

Jason Williamson ("Williamson"), 106 South Ave, Suite H, Collinsville, OK 74021 is referred to as the "Oklahoma Plaintiff". At all relevant times the Oklahoma Plaintiff was/is a resident of Oklahoma. The Oklahoma Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application. The Oklahoma Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Oklahoma Plaintiff's damages and injuries occurred in the State of Oklahoma. Williamson's injuries are depicted below:

**GG. Oregon Plaintiffs**

Gene Summerfield ("Summerfield"), 520 NE 128th Ave., Portland, OR 97230 and Shane Schuster ("Shuster"), 5609 Friendly Acres Rd., Florence, Oregon 97439 are collectively referred to as the "Oregon Plaintiffs". At all relevant times the Oregon Plaintiffs were/are residents of Oregon. The Oregon Plaintiffs purchased Old Spice Deodorants and applied the product to their

under arm area in accordance with the normal and intended use for deodorant application.  The Oregon Plaintiffs were forced to prematurely discard and discontinue use of the Oregon Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Oregon Plaintiffs' damages and injuries occurred in the State of Oregon.    Summerfield's injuries are depicted below:



**HH.        Pennsylvania Plaintiffs**

Jennifer Eyerman ("Eyerman"), 502 Sonie Dr., Sewickley, PA   15143; Chaz Bonner ("Bonner"), 433 E. Howell St., Philadelphia, PA   19120; Royce Yaeger ("Yaeger"), 505 East Willowgrove Ave., Wyndmoor, PA   19038; Michael Gabat ("Gabat"), 907 Red Maple Lane, Easton, PA  18040; Jason Mistretta ("Mistretta"), 2625 Byberry Rd., Ben Salem, PA  19020; and Bassem Mikhael ("Mikhael"), 526 Brookdale Dr., Pittsburgh, PA   15215; are collectively referred to as the "Pennsylvania Plaintiffs".  At all relevant times the Pennsylvania Plaintiffs

were/are residents of Pennsylvania.  The Pennsylvania Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Pennsylvania Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Pennsylvania Plaintiffs' damages and injuries occurred in the State of Pennsylvania.    Gabat's injuries are depicted below:

:



**II. South Carolina Plaintiffs**

Dustin J. Keaton ("Keaton"), 137 Pine Dr., Lexington, SC  29073; Jason Beers ("Beers"), 1416 Emerald Forest Pkwy., Charleston, SC  29414; and Raphael Sanders ("Sanders"), P.O.Box 49582, Greenwood, SC  29649 are collectively referred to as the "South Carolina Plaintiffs".  At all relevant times the South Carolina Plaintiffs were/are residents of South Carolina.  The South Carolina Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The South

31

Carolina Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the South Carolina Plaintiffs' damages and injuries occurred in the State of South Carolina.   Keaton's injuries are depicted below:



**JJ.       Tennessee Plaintiffs**

Joseph C. Longway ("Longway"), P.O. Box 1604, Mount Juliet, TN  37121-1604;

Christopher Bott ("Bott"), 116 Cedar Brook Circle, Bristol, TN  37620; Lewis K. Walker

("Walker"), 592 South Wolverine Rd., Troy, TN  38260; Tony Arena ("Arena"), 337 Henry

Russell St., Franklin, TN   37064; and Brandon Rowan ("Rowan"),1257 Harbin Ridge Dr., Knoxville, TN  37909 are collectively referred to as the "Tennessee Plaintiffs".  At all relevant times the Tennessee Plaintiffs were/are residents of Tennessee. The Tennessee Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Tennessee Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Tennessee Plaintiffs' damages and injuries occurred in the State of Tennessee.    Rowan's injuries are depicted below:



    **KK.**       **Texas Plaintiffs**

David Shipp ("Shipp"), 16304 Mcaloon Way, Austin, TX   78728; Mike Cason ("Cason"), 11711 Willowrun Dr., Montgomery, TX   77356; Kyle Ackeret ("Ackeret"), 575 Mansfield Rd., Reno, TX  75462; Cameron Budd ("Budd"), 313 Tanglewood, Highland Village, TX  75077; Maurice Allen ("Allen"), 2602 Belt Loop, Callen, TX  76543;  and Alfredo Escajeda ("Escajeda"), 11664 Bunky Henry Lane, El Paso, TX  79936 are collectively referred to as the "Texas Plaintiffs".  At all relevant times the Texas Plaintiffs were/are residents of Texas.  The Texas Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area

in accordance with the normal and intended use for deodorant application. The Texas Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Texas Plaintiffs' damages and injuries occurred in the State of Texas. Ackeret's injuries are depicted below:



**LL.      Utah Plaintiffs**

Jed Soriano ("Soriano"), 2111 N. Hill Field Rd., Layton, Utah 84041 is the "Utah Plaintiff". At all relevant times the Utah Plaintiff was/is a resident of Utah. The Utah Plaintiff purchased Old Spice Deodorants and applied the product to his under arm area in accordance with the normal and intended use for deodorant application. The Utah Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Utah Plaintiff's damages and injuries occurred in the State of Utah. Soriano's injuries are depicted below:

**MM.        Virginia Plaintiffs**

Jessica Stanton ("Stanton"), 5795 Bush Hill Dr., Alexandria, VA  22310; Christopher Smurthwaite ("Smurthwaite"), 122 Corvette Dr.,Williamsburg, Virginia  23185; Colton A. Carr as Father and Guardian for Son, R.C. ("Carr"), 8399 Brocks Gap Rd., Apt. 1 Broadway, VA 22815; Stephen Mills ("Mills"), P.O. 34013, North Chesterfield, VA 23234; and Joshua Barrineau ("Barrineau"), 1411 Grove Ave., Richmond, VA  23220 are collectively referred to as the "Virgina Plaintiffs".   At all relevant times the Virginia Plaintiffs were/are residents of Virginia.  The Virginia Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Virginia Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Virginia Plaintiffs' damages and injuries occurred in the State of Virginia.    Mills' injuries are depicted below:



**NN.**     **Washington Plaintiffs**

Chris Batinovich ("Batinovich"), 3920 S. 7th St.,Tacoma, WA  98405; Tim Petrozzi ("Petrozzi"),1420 Marvin Rd., NE, Lacey, WA  98513; Virginia Aden and Mother and Guardian for T.A. ("Aden"), 6102 Vickery Ave., E., Tacoma, WA  98443; and Andrew Saxon ("Saxon"), 23632 Highway 99, #F-504, Edmonds, WA 98026 are collectively referred to as the "Washington Plaintiffs". At all relevant times the Washington Plaintiffs were/are residents of Washington.  The Washington Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The Washington Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the Washington Plaintiffs' damages and injuries occurred in the State of Washington.   Batinovich's injuries are depicted below:



**OO.**     **West Virginia Plaintiffs**

Dustin Bailey ("Bailey"), 742 Richcreek Valley Rd., #1-I, Peterstown, WV  24963 and Adam Tate ("Tate"), 5219 Kelly Rd., Cross Lanes, WV  25313 are collectively referred to as the

"West Virginia Plaintiffs". At all relevant times the West Virginia Plaintiffs were/are residents of West Virginia.  The West Virginia Plaintiffs purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant application.  The West Virginia Plaintiffs were forced to prematurely discard and discontinue use of the Old Spice Deodorants because they were the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.  All of the West Virginia Plaintiffs' damages and injuries occurred in the State of West Virginia.    Bailey's injuries are depicted below:



**PP. Wisconsin Plaintiffs**

Amber Tomsovic ("Tomsovic"), N2481 Milly Steet, Greenville, WI 54942 is referred to as the "Wisconsin Plaintiff".  At all relevant times the Wisconsin Plaintiff was/is a resident of Wisconsin.  The Wisconsin Plaintiff purchased Old Spice Deodorants and applied the product to their under arm area in accordance with the normal and intended use for deodorant

application. The Wisconsin Plaintiff was forced to prematurely discard and discontinue use of the Old Spice Deodorants because it was the direct and proximate cause of burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. All of the Wisconsin Plaintiff's damages and injuries occurred in the State of Wisconsin. Tomsovic's injuries are depicted below:



**QQ.** **Defendant Procter & Gamble Co.**

Defendant Procter & Gamble, Co., d/b/a/ Old Spice, is an Ohio corporation with its headquarters and principal place of business in Cincinnati, Ohio. P&G is licensed to and does in fact conduct business throughout the United States, including every state identified in this First Amended Complaint.

**RR.** **Defendants John Does 1-10.**

Plaintiff is presently unaware of the true names and co-parties of Defendants sued herein as John Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend his complaint to allege the Defendants' true names and capacities when ascertained. Upon information and belief, each of the fictitiously named Defendants is an aider and abettor, joint tortfeasor, agent, employee and/or affiliate of P&G and/or Old Spice, legally

responsible for the unlawful conduct herein alleged, and that such Defendants may be served within the State of Ohio.

### III.    JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000 exclusive of interests and costs, and (iii) there is minimal diversity because at least one plaintiff or defendant are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this District under 28 U.S.C. §§ 1391(a), (b), and (c); 28 U.S.C. §1407; and 15 U.S.C. § 22. P&G does substantial business in the State of Ohio and within this Federal Judicial District, advertises in this District, receives substantial compensation and profits from the sales of Old Spice Deodorants, and has made material omissions, decisions misrepresentations, and breaches of warranties in this District so as to subject it to personal jurisdiction in this District.

### IV.    GENERAL ALLEGATIONS
### Proctor & Gamble, Co. ("P&G") and Old Spice.

3.      P&G is an American multinational consumer goods company headquartered in downtown Cincinnati, Ohio.3  P&G's product lines include cleaning agents and personal care products such as deodorant.

4.      P&G is a Fortune 500 company and had companywide revenues of $70.7 billion dollars in 2015.4

---

[3] http://www.wikpedia.org/wiki/proctorgamble
[4] http://www.pginvestor.com

40

5.      Old Spice is an American brand of male grooming products.5 It is manufactured and/or distributed by P&G, which acquired the Old Spice brand from Shulton, Inc in 1990.

6.      P&G is responsible for placing, among potentially others, the following Old Spice products into the stream of commerce:

- Old Spice After Hours Deodorant

- Old Spice Champion Deodorant

- Old Spice Pure Sport High Endurance Deodorant

- Old Spice Artic Force High Endurance Deodorant

- Old Spice Bearglove Deodorant

- Old Spice Lion Pride Deodorant

- Old Spice Swagger Deodorant

- Old Spice Fresh High Endurance Deodorant

- Old Spice Aqua Reef Deodorant

- Old Spice Classic Fresh Deodorant

- Old Spice Fiji Deodorant

- Old Spice Wolfhorn Deodorant

- Old Spice Champion Deodorant

7.      Upon information and belief, all of the foregoing Old Spice Deodorants cause severe burning, rashes, irritation, scarring, and peeling of skin and/or other injury to unsuspecting consumers.

8.      At all relevant times, P&G has developed, manufactured, marketed, sold and distributed Old Spice Deodorant throughout the United States.

_____

5 *Id.*

41

9.      The website purports to post "reviews" from satisfied customers.[6]

10.      On its own website, P&G provides a Materials Safety Data Sheet ("MSD") for the above mentioned Old Spice products identifying that all referenced deodorants are made with the exact same materials.[7]

11.      P&G falsely reported that the foregoing deodorants have "no known effect" with regard to skin irritation[8].

12.      All named Plaintiffs purchased Old Spice Deodorant.  Plaintiffs have used other deodorant(s) in the past and had never experienced burning, rashes, irritation, discoloration, scarring, and peeling of skin, and/or other injury, from the use of deodorants other than the Old Spice products.

13.      After only a few uses of the Old Spice Deodorants, Plaintiffs suffered severe burning, rashes, irritation, discoloration, scarring, peeling of skin, and/or other injury requiring them to immediately cease using the product.

14.      The foregoing experiences are by no means isolated or represent outlying occurrences.  Indeed, the internet is replete with examples of consumers who have complained of the exact same issues with Old Spice Deodorants.[9] A very small sample of the numerous online complaints appear below:

> "My son has been using Old Spice Swagger Deodorant and has a rash in his armpit that is red and burning.  We will never buy these products again!!! Shame on you Procter and Gamble for continuing to produce this product with all these reviews, and without warning!!!"  **Sharon of Granite Falls, NC on August 14, 2015.**

> "I normally use old spice deodorant with antiperspirant but left it at home on a trip and only had the "swagger" deodorant (blue stick). I used it the first

---

[6] Id.
[7] See Materials Safety Data Sheet dated March 17, 2015
[8] See Materials Safety Data Sheet dated March 17, 2015
[9] http://consumeraffairs.com/cosmetics/old-spice.html

day twice and thought I was catching my skin on the plastic because it burned and hurt a little but I thought nothing of it until the morning of the third day when it really felt like a burning sensation. Although stupid decision, I still put it on that third day because I would be in meetings and did not want to sweat. The fourth day I woke up to very bad burns which would only get worse throughout the day. Now a week later they hurt so bad I can't reach my arms up and the burns are very big on both armpits. I find it crazy that so many others have had the same issue. I do not have pictures but they look very similar if not worse than other pictures people have posted." **Craig of Erie, PA on August 4, 2015.**



"I have used Old Spice Pure Sport in the past. We bought a new kind in bulk and I had used it for around 6 months. I switched back to Pure sport and within minutes my armpits started burning. The next day my underarms were chaffed severely. I thought I did it exercising and didn't wear any for a week to heal up. After healing up I put it on again and I am Chaffed all over again! Why would OLD SPICE put something like this on the shelves! I am beyond angry and I will not use ever again. I will post this all over social media as well to get the story out!" **Matt of Blaine, WA on August 4, 2015.**

"My husband and I both have used old spice deodorant before. We put on the original brand on after our shower and not 30 seconds later it started burning both of us. We tried wiping it off. It didn't help. We had to wash it off with soap and water. It still burned afterward. We didn't put on any other brand. We tried calamine lotion and Benadryl cream. Both burned so badly. It made me dizzy. The only thing that seemed to soothe it a little was baking soda and water paste. But the next day even that didn't stop the pain. My husband's entire arm pit is red on both sides. Me being darker skinned it doesn't show but I hurts like hell." **Brandi of Tempe, AZ on July 30, 2015.**



"My husband has not used Old Spice for many years. However recently he brought the Old Spice underarm stick to try. The first time he used it he got burnt really bad under his one arm. We went to pharmacy who told him not to use it again and gave him some burn cream. I emailed Old Spice who asked me to call which I just did. I was told my husband must be sensitive to something inside the product, and he shouldn't use it again and that all they could do is reimburse the money for the product. When I mentioned about all the others online who's complained about being burnt by this product and other products, I was told I was only the second person in all her 3 years of working for the company who had complained. I told her that she should then do some research online and see the 100's if not 1000's pictures of burns from Old Spice. Again all she said was she would put my complaint and views to someone higher up." **Michelle of Worcester, on July 21, 2015.**

"My husband used Old Spice deodorant for the first time in years. He has burns that are red-purple under BOTH his armpits!! I looked online to see if I could find anything --- ARE YOU KIDDING ME?? Look at all these complaints and people being BURNT!! I read one from 2009. What the heck --- They need to be sued. If anyone is taking action please let us know. Someone called them and told them --- they are doing NOTHING -- No company public notice saying, "Don't use it or return it." NO Pull from the shelves. NOTHING. I am going to find an attorney, this is blatant disregard for the well-being of their customers." **Marie of Philadelphia, PA on July 3, 2015.**

"I recently bought old Spice Champion for the first time to try. After a week my arm pits began burning. Had major burning all around the armpits on both sides. Never had problem with any other deodorant ever. Very painful. Got pictures of burns if Old Spice needs proof? Something needs done!" **Ernie of Lakefield, Ohio on June 16, 2015.**



15.     P&G boasts safety as a core tenet of its product advertising, and as a major selling point of its products. In a brochure titled "The Tradition & Science of Safe Products," P&G uses the slogan, "Touching lives, improving life." At the website pgproductsafety.com, P&G states, "we take product safety very seriously," and further provides in its "Our Values and Polices" brochure the following statement: "Procter & Gamble ensures the safety of our products, packages and operations for our . . . consumers . . . We consider this to be a requirement for conducting responsible business, and an essential element of building and maintaining public trust in our products." On the website pgproductsafety.com, P&G states, "Safety is an intrinsic part of our products' quality and value."

16.     In addition to the aforementioned blog complaints, YouTube features numerous videos documenting armpit burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury caused by Old Spice Deodorants. The problems experienced by Plaintiffs are neither isolated, nor unique.  Indeed, the problem is rampant, and rather than acknowledge the serious issue, P&G is concealing it in order to continue selling the product and reaping windfall profits.

## CLASS ALLEGATIONS

17.     Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to the provisions of Rules 23(a) & (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following nationwide class and subclasses by state (collectively, the "Classes"):

**The Nationwide Class,** represented by Rodney Colley, Alexandro Gomez ("Gomez"), 1138 Oxford Way, Hartford, CA 93230; Alexandro Gomez as Father and Guardian to A.G., 1138 Oxford Way, Hartford, CA 93230; Jesse Cota ("Cota"), 3800 W. Wilson St., Suite 290, Banning, CA 92220; Joanne Shelton as Mother and Guardian to J.S., ("Shelton"), 515 W. Country Court, Visallia, CA 93227; Joseph Cogdell ("Cogdell"), 2584 Dewitt Ave, Clovis, CA 93612; Brett Utter ("Utter"), 44428 Loneoak Ave., Lancaster, CA 93534; Ray Vaughn ("Vaughn"), 38032 Trailport Ave., Palmdale, CA 93552; Jerald Stuart ("Stuart"), 1978 N. Whitewater Club Dr., Palm Springs, CA 92262; Erin Price ("Price"), 22 Encore Ct., Newport Beach, CA 92663; William N.L. Shannon ("Shannon"), 2540 Diamond St., Unit B, Rosamond, CA 93560; Timothy Wingerter ("Wingerter"), 180 Alicante Dr., Unit 130, San Jose, CA 95134; Arlette Pantojo, as Mother and Guardian for D.G., 981 Riverwalk Dr., San Bernardino, CA 92408; Brandon Beal ("Beal"), 6363 Christie Ave, Suite 1822, Emeryville, CA 94605; Arlette Pantoja as Mother and Guardian for Damien Garcia, 981 Riverwalk Dr., San Berandino, CA 92408; Brandon Beal ("Beal"), 6363 Christie Ave # 1822, Emeryville, CA 94605, Ronald Pierce ("Pierce"), 419 Main St., Suite 272, Huntington Beach, CA 92648; Tyler Hairston ("Hairston"), 32559 Carmel Way, Union City, CA 94587; Daniel Molinar ("Molinar"), 2005 Cassia Dr., Apt. 20(G), Carlsbad, CA 92009; Roderick D. Jordan ("Jordan"), 4655 Ohio Street, Unit #4, San Diego, CA 92116 and Taylor Nix ("T.Nix"), 603 S. Cochran Ave., #412, Los Angeles, CA 90036; Richard King ("King"), 4848 NW 24th Ct., Suite 218, Lauderdale Lakes, FL 33313; Sheadrick Richards ("Richards"), 4771 100 Way North, Suite 104, St. Petersburg, FL 33708; Stephen Maxey ("Maxey"), 11526 Baskerville Rd., Jacksonville, FL 32223; Stephen Mirfield ("Mirfield"), 4913 Northwest 58th, Tamarac, FL 33319; Daniel Baker ("Baker"), 4017 Lotus Dr., Naples, FL 34104; Dante Branton ("Branton"), 112 Northwest 51st, Miami, FL 33127; Brook Gallardo, 325 Lauden Ct., Ponte Verda Beach, FL 32082; and Charles Regalbuto ("Regalbuto"), 6662 Boca Del Mar. Dr., Suite 616, Boca Raton, FL 33433; Belinda J. Rossetti ("Rossetti"), P.O. Box 3312, Bloomington, IL 61702; Anton D. Hirsch ("Hirsch"), 1502 Woodhill Ct., Elgin, IL 60120; and Tommie Brown ("Brown") 9250 South Daupin Ave., 1-N, Chicago, IL 60619; Benedict Amato ("Amato"), Trafalgar Dr., Shirley, NY 1967; Billy Rufrano ("Rufrano"), 2520 Woodland Ave., Wantagh, NY 11793; Bryan Bondi ("Bondi"), 417 E. 81st St., 1A, New York, NY 10028; Nicole Palombo ("Palombo"), 1503 Windsor Lane, Brewster, NY 10509; Patrick Russo ("Russo"), 7606 12th Ave., Brooklyn, NY 11228; Linden Lucas ("Lucas") 130-12 178th Place, Jamaica, NY 11434; William Schwitter ("Schwitter"),

234 W. 16th St., Apt. 3A, New York, NY 10011; Logan Frentz ("Frentz"), 159 East Main St., Westfield, NY 14787; Zachary Scheiner ("Scheiner"), 137 E. 38th St., Apt. 10F, New York, NY 10016; Javier Hernandez ("Hernandez"), 1-990 Bronx Park, South, Apt. 105, Bronx, NY 10360; Daniel Bustos ("Bustos"), 99-18 Metropolitan Ave., #2F, Forest Hills, NY 11375; Leonardo Arias ("Arias"), 800 6th Ave., New York, NY 10001; Lisa Boico ("Boico"), 7 Cumberland Rd. Jericho, NY 11753; Willie J. Flagler, III ("Flagler"), 7651 Morgan Rd., Apt. C6, Liverpool, NY 13090; Scott C. Gottlieb as Father and guardian to V.G. ("Gottlieb") 28 Thistlewood Dr., Binghamton, NY 13903, and Daniel Pivak ("Pivak"), 1 Vincent Rd., Apt 4K, Bronxville, NY 10708; William Langdale ("Langdale"), 3827 Willow Green Place, Charlotte, NC 28206; Thomas Broadhurst ("Broadhurst"), 1819 Shellview Dr., Furquay Farina, NC 27526; and Brown Hamilton ("Hamilton"), 128 Steinbeck Way, Unit E, Mooresville, NC 28117; Mike Broerman ("Broerman"), 6821 E. Plum St., Cincinnati, OH 45244; and Kris Courtney ("Courtney"), 910 Brookwood Dr., Trenton, OH 45067; Larry Meyers ("Meyers"), 3532 Buelah Rd., Columbus, OH 43224; Robert Lockhard ("Lockhard"), 184 Lakeview Dr., Oakdale, PA 15071; Walter Jane ("Janee"),1519 Bensalem Blvd., Bensalem, PA 19020; and Jonathan Hirst ("Hirst"), 2233 Rittenhouse Square, Bensalem, PA 19020; Russell Letz ("Letz"), 5888 Oscar Perez, El Paso, TX 79932; Michael Stephens ("Stephens"), 201 Kelvington Dr., Anna, TX 75409; Juan DePena ("DePena"), 1806 W. 15-1/2 St., Mission, TX 78572; and Joshua Donnell ("Donnell"), 5930 Oram St., Unit #1, Dallas, TX 75206; Zachary Crigler ("Crigler"), 4275 Mazarin Place, Apt. 304, Fairfax, VA 22033 are persons in the United States who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Alabama Subclass, Represented by the "Alabama Plaintiffs"**
All persons in the state of Alabama who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Alaska Subclass, Represented by the "Alaska Plaintiffs"**
All persons in the state of Alaska who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Arizona Subclass, Represented by the "Arizona Plaintiffs"**

All persons in the state of Arizona who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Arkansas Subclass, Represented by the "Arkansas Plaintiffs"**

All persons in the state of Arkansas who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**California Subclass, Represented by the "California Plaintiffs"**

All persons in the state of California who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Colorado Subclass, Represented by the "Colorado Plaintiffs"**

All persons in the state of Colorado who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Connecticut Subclass, Represented by the "Connecticut Plaintiffs"**

All persons in the state of Connecticut who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Delaware Subclass, Represented by the "Delaware Plaintiffs"**

All persons in the state of Delaware who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Florida Subclass, Represented by the "Florida Plaintiffs"**

All persons in the state of Florida who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Georgia Subclass, Represented by the "Georgia Plaintiffs"**

All persons in the state of Georgia who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Hawaii Subclass, Represented by the "Hawaii Plaintiffs"**
All persons in the state of Hawaii who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Illinois Subclass, Represented by the "Illinois Plaintiffs"**
All persons in the state of Illinois who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Indiana Subclass, Represented by the "Indiana Plaintiffs"**
All persons in the state of Indiana who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Iowa Subclass, Represented by the "Iowa Plaintiffs"**
All persons in the state of Iowa who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Kansas Subclass, Represented by the "Kansas Plaintiffs"**
All persons in the state of Kansas who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Kentucky Subclass, Represented by the "Kentucky Plaintiffs"**
All persons in the state of Kentucky who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Louisiana Subclass, Represented by the "Louisiana Plaintiffs"**
All persons in the state of Louisiana who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Maine Subclass, Represented by the "Maine Plaintiffs"**
All persons in the state of Maine who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**Maryland Class Subclass, Represented by the "Maryland Plaintiffs"**
All persons in the state of Maryland who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Massachusetts Subclass, Represented by the "Massachusetts Plaintiffs"**
All persons in the state of Massachusetts who purchased for their own use
Old Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Michigan Subclass, Represented by the "Michigan Plaintiffs"**
All persons in the state of Michigan who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Minnesota Subclass, Represented by the "Minnesota Plaintiffs"**
All persons in the state of Minnesota who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Mississippi Subclass, Represented by the "Mississippi Plaintiffs"**
All persons in the state of Mississippi who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Missouri Subclass, Represented by the "Missouri Plaintiffs"**
All persons in the state of Missouri who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Nebraska Subclass, Represented by the "Nebraska Plaintiffs"**
All persons in the state of Nebraska who purchased for their own use Old
Spice deodorant which was manufactured, produced, or supplied by
Defendant between 2012 to the present.

**Nevada Subclass, Represented by the "Nevada Plaintiffs"**
All persons in the state of Nevada who purchased for their own use Old Spice
deodorant which was manufactured, produced, or supplied by Defendant
between 2012 to the present.

**New Hampshire Subclass, Represented by the "New Hampshire Plaintiffs"**

All persons in the state of New Hampshire who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**New Jersey Subclass, Represented by the "New Jersey Plaintiffs"**

All persons in the state of New Jersey who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**New Mexico Subclass, Represented by the "New Mexico Plaintiffs"**

All persons in the state of New Mexico who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**New York Class Subclass, Represented by the "New York Plaintiffs"**

All persons in the state of New York who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**North Carolina Subclass, Represented by the "North Carolina Plaintiffs"**

All persons in the state of North Carolina who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**North Dakota Subclass, Represented by the "North Dakota Plaintiffs"**

All persons in the state of North Dakota who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Ohio Class Subclass, Represented by the "Ohio Plaintiffs"**

All persons in the state of Ohio who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Oklahoma Subclass, Represented by the "Oklahoma Plaintiffs"**

All persons in the state of Oklahoma who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Oregon Subclass, Represented by the "Oregon Plaintiffs"**

All persons in the state of Oregon who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Pennsylvania Subclass, Represented by the "Pennsylvania Plaintiffs"**

All persons in the state of Pennsylvania who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**South Carolina Subclass, Represented by the "South Carolina Plaintiffs"**

All persons in the state of South Carolina who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Tennessee Subclass, Represented by the "Tennessee Plaintiffs"**

All persons in the state of Tennessee who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Texas Subclass, Represented by the "Texas Plaintiffs"**

All persons in the state of Texas who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Utah Subclass, Represented by the "Utah Plaintiffs"**

All persons in the state of Utah who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Virginia Subclass, Represented by the "Virginia Plaintiffs"**

All persons in the state of Virginia who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Washington Subclass, Represented by the "Washington Plaintiffs"**
All persons in the state of Washington who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**West Virginia Subclass, Represented by the "West Virginia Plaintiffs"**
All persons in the state of West Virginia who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

**Wisconsin Subclass, Represented by the "Wisconsin Plaintiffs"**
All persons in the state of Wisconsin who purchased for their own use Old Spice deodorant which was manufactured, produced, or supplied by Defendant between 2012 to the present.

18.     Excluded from the Class are P&G's employees, officers, directors; legal representatives, successors, and assigns; any entity in which P&G has a controlling interest; any Judge to whom the litigation is assigned; all members of the Judge's family; Defendant's legal counsel, any entities in which Defendant has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families,  and all persons who timely and validly request exclusion from the Class.

19.     This action has been brought as a class action, and may properly be maintained, pursuant to Rule 23(B)(1), (2) and (3) of Federal Rules of Civil Procedure and case law thereunder.

## <u>Ascertainability</u>

20.     Ascertainability under Federal Rule of Civil Procedure 23 "is implicit rather than explicit in Rule 23."[10] The identity of individual class members is not required. It is only necessary that the class be ascertainable. Here, the precise number of Class members and their identities and addresses are presently unknown to Plaintiffs, however such number, and the

---

[10] *In re Polyurethan Foam Antitrust Litig.*, 2015 U.S. Dist. LEXIS 94785 | 2015-2 Trade Cas. (CCH) P79, 238.

identity and address of each Class member, can be readily ascertained through mass advertisement. Especially, in this case, there have been and are literally hundreds of online complaints from specific individuals across the United States who have been harmed and suffered other damages as a result of purchasing and using Defendant's product. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means, by identifying the retailers who sold the subject product and posting notice at retail stores where the subject product has been sold, and by notifying past purchasers to identify themselves in order to participate by way of affidavit or otherwise, supplemented (if deemed necessary or appropriate by the Court) by published notice.

21.     Plaintiffs reserve their rights to modify the definition of the proposed Class based upon information they and their counsel learns throughout the course of discovery.

## Numerosity

22.     The Class is so numerous that individual joinder of class members is impractical. According to P&G's own website, and upon information and belief, literally thousands of consumers have purchased the Product(s) herein complained of. Plaintiffs and the members of the Class are so numerous and geographically dispersed that joinder of all members individually, in one action or otherwise, is impractical. P&G's national marketing and advertising campaigns target consumers across the country. Further, as mentioned above, there are literally hundreds of online complaints regarding Defendant's product(s). As such, and upon information and belief, there have been hundreds, if not thousands, of consumers damaged by Defendant's actions and product.

## Commonality

23.     Common questions of law and fact exist as to all members of the Class. They include, without limitation:

a.     Whether Old Spice deodorant causes burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

b.     Whether Old Spice is defective in its manufacture or construction.

c.     Whether Old Spice is defective in design or formulation.

d.     Whether Old Spice is defective due to inadequate warnings or instruction.

e.     Whether P&G breached its implied warranty of merchantability to Plaintiff and all Class members.

f.     Whether P&G breached express warranties.

g.     Whether P&G violated the Magnusson-Moss Warranty Act;

h.     Whether P&G was negligent and/or grossly negligent;

i.     Whether P&G violated the various subclass states' applicable consumer laws;

j.     Whether P&G violated the various subclass states' product liability laws;

k.     Whether P&G knew and failed to warn and/or concealed from consumers the adverse reactions its products were exposing consumers too over the course of years;

l.     Whether P&G has been unjustly enriched.

m.     Whether Plaintiffs and Class Members are entitled to compensatory, punitive and/or economic damages, including attorneys' fees and costs.

## Typicality

24.     Plaintiffs' claims are typical of the claims of the Class. At all relevant times, P&G placed into the stream of commerce unsafe products and sold them to unsuspecting customers. Plaintiffs' and Class members' claims therefore arise from a common course of conduct, and pattern and practice by P&G and are based on the same legal theories.

## Adequate Representation

25.     Plaintiffs are adequate class representatives because their interests do not conflict with the interest of the Class and they have retained counsel competent and experienced in complex class action litigation, who will adequately prosecute this action, and who will assert and protect the rights of and otherwise represent Plaintiffs and the absent Class members. Therefore, the interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

## Superiority

26.     A class action is superior to other available means for the fair and efficient adjudication of this dispute. This is especially so in consumer product claims. The damages suffered by Class members are likely to exceed millions of dollars. However, while the damages suffered by each individual Class member are significant, they are small in comparison to the burden and expense of individual prosecution. Without the class action device, it would be virtually impossible for Class members individually to obtain effective redress for the wrongs done to them. It is desirable to concentrate the litigation of the claims in this Court. Plaintiffs and their counsel do not anticipate encountering any unique difficulties in the management of this action as a Class action. Furthermore, even if the Class members themselves could afford such individual litigation of Class members' claims, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation could involve thousands of separate actions, increasing the delay and expense to all parties and to the court system. By contrast, the class action device presents fewer management difficulties, requiring only a single adjudication of the complex legal and factual issues in this dispute, thereby providing the benefits of economy of scale and comprehensive supervision by a

single court. Plaintiffs and their counsel know of no difficulties in the management of this case precluding class treatment of their representative claims.

**Injunctive Relief**

27.     Separate and distinct from the damages caused by P&G's unlawful conduct, final injunctive and declaratory class-wide relief is also appropriate because P&G has acted and/or refused to act on grounds generally applicable to the Nationwide Class and state subclasses as a whole.

**V.   CAUSES OF ACTION**

28.     To the extent necessary or required by law, the following Counts are pled in the alternative. In pleading the following Counts in the alternative, Plaintiffs seek to preserve the most advantageous combination of claims available to each of the Classes under applicable law. While the combination of available claims may differ from Class to Class, Plaintiffs seek to recover the full range of damages and remedies available to each Class for the harms caused by Defendant's violations of the law.

**COUNT 1**
**BREACH OF EXPRESS WARRANTY**
*(Asserted on behalf of the Nationwide Class)*

29.     Plaintiffs restate and reallege each and every allegation contained above as if fully set forth herein.

30.     Plaintiffs and each member of the Class formed a contract with P&G at the time Plaintiffs and the other Class members purchased the products. The terms of that contract include the promises and affirmations of fact made by P&G on the products packaging and through marketing and advertising, as outlined herein. This marketing and advertising constitute express

warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiffs and the members of the Class and P&G.

31.     P&G purports through its advertising and packaging to create express warranties that the product(s) are "long lasting," that its products are "formulated with the greatest care and utmost attention to safety," that "whenever a perfume is developed or enhanced, our safety scientists evaluate the detailed composition of the perfume to ensure that the product is safe to use," that "perfumes are formulated taking into account our stringent internal safety standards for every ingredient, as well as the safety standards set by the International Fragrance Association (IFRA)," [11]

32.     All conditions precedent to P&G's liability under contract were performed by Plaintiffs and the Class when they purchased the product and used it as directed.

33.     P&G breached express warranties about the performance and its qualities because P&G's statements about the products were false and the products do not conform to P&G's affirmations and promises as described herein. Plaintiffs and the Class members would not have purchased the products had they known the true nature of the performance and qualities and misstatements regarding what the products were and what they contained.

As a result of P&G's breach of express warranty, Plaintiffs and the Class have been damaged in the amount of the purchase price of the product and any consequential damages resulting from the purchases, including medical costs incurred as a result of the use of the product.

## COUNT 2
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### *(Asserted on behalf of the Nationwide Class)*

34.     Plaintiffs restate and reallege each and every allegation contained above as if fully set forth herein.

---

[11] See, http://www.pgproductsafety.com/productsafety/ingredients/Perfume_and_Scents.pdf

35.     The Uniform Commercial Code §2-314 provides that, unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. P&G marketed, promoted, manufactured and/or sold Old Spice Deodorants and placed them into the stream of commerce. P&G knew or had reason to know of the ordinary use for which the Old Spice Deodorants were purchased, and impliedly warranted that Old Spice Deodorants were of merchantable quality and fit for ordinary use as deodorants. Contrary to these representations, Old Spice Deodorants were/are defective as they cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury to unsuspecting customers; and, further, Defendant failed to adequately warn consumers of these potential dangers.

36.     At all times, the states listed below have codified and adopted the provisions of the Uniform Commercial Code governing the implied warranty of merchantability: Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. §47-2314; Cal. Com. Code § 2314; Colo. Rev. St § 4-2-314; Conn. Gen.d 2-314; Haw. Rev. Stat. § 490:2-314; 810 Ill. Comp. Stat. 5/2-314; Ind. Code § 26-1-2-314; Kan. Stat. § 84-2-314; Ky. Rev. Stat. § 355.2-314; La. Civ. Code art. § 2520; 11 Me. Rev. Stat. § 2-314; Md. Code § 2-314; Mass. Gen. Laws Ch.106 § 2-314; Mich. Comp. Laws § 440.2314; Minn. Stat. § 336.2-314; Miss. Code § 75-2-314; Mo. Rev. Stat. § 400.2-314; Neb. Rev. Stat. U.C.C. § 2-314; Nev. Rev. Stat. U.C.C § 104.2314; N.H. Rev. § 382-A:2-314; N.J. Stat. § 12A:2-314; N.M. Stat. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. § 25-2-314; N.D. Stat § 41-02-314; Ohio Rev.Code § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. Stat. § 2314; S.C. Code § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code § 47-2-314; Tex. Bus. & Com. Code § 2-314; Utah Code § 70A-2-314; Va.

Code § 8.2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314;  and Wis. Stat. § 402.314.

37.     As designers, manufacturers, producers, marketers and/or sellers of the Old Spice Deodorants, P&G is a "merchant" within the meaning of the various states' commercial codes governing the implied warranty of merchantability.

38.     P&G designed, manufactured, distributed, marketed and/or sold the Old Spice Deodorants and represented to Plaintiffs and other members of the Nationwide Class that they manufactured and sold high quality and safe deodorants that complied with all applicable state and federal laws and regulations. Further, by selling Old Spice Deodorants to Plaintiffs and other members of the Nationwide Class, P&G has derived a substantial amount of revenue from sale of these products to consumers, and continue to do so.

39.     Old Spice Deodorants are "goods," as defined in the various states' commercial codes governing the implied warranty of merchantability.

40.     As merchants of Old Spice Deodorants, P&G knew that purchasers relied upon them to design, manufacture and/or sell the Old Spice Deodorants that when applied to the under-arm area would not cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury to unsuspecting customers.

41.     P&G specifically represented in its marketing and advertising that Old Spice Deodorants were of high quality, safe, and complied with state and federal laws and regulations.

42.     At the time that P&G designed, manufactured, sold and/or distributed Old Spice Deodorants, P&G knew the purpose for which the Old Spice Deodorants were intended and impliedly warranted that the products were of merchantable quality; were free of unreasonably

harsh or hazardous chemicals; were free of manufacturing defects; were free of design defects; and were safe and fit for their ordinary purpose - as deodorant to be applied under the arm.

43.     P&G breached its implied warranties in connection with the sale of Old Spice Deodorants to Plaintiffs and the other members of the Nationwide Class. The Old Spice Deodorants are neither safe nor fit for their ordinary purposes, including direct contact with under arms and delicate skin. Old Spice Deodorants are not free of defects, as evidenced by the severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

44.     As a direct and proximate result of P&G's breach of implied warranties, Plaintiffs and other members of the Nationwide Class are entitled to damages available under applicable law, including, but not limited to, return of money expended for the purchase price of Old Spice Deodorants.

## COUNT 3
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY—FEDERAL TRADE COMMISSION IMPROVEMENT ACT
## (15 U.S.C. §§ 2301 et seq.)
### *(Asserted on behalf of the Nationwide Class)*

45.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

46.     Plaintiffs assert this cause of action on behalf of themselves and all other members of the Nationwide Class.

47.     Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301(3) ("Magnuson-Moss Warranty Act").

48.     P&G is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

49.     The Old Spice Deodorants are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

50.     As set forth more fully in Count 2, P&G sold Old Spice Deodorants subject to the implied warranty of merchantability in the jurisdictions listed in Count 2, which is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(7). Defendant breached its implied warranties of merchantability by selling Old Spice Deodorants that were defective as they were unsafe and/or unfit for use as deodorants. The Old Spice Deodorants were neither safe nor fit for their ordinary purposes.

51.     The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

52.     By placing such products into the stream of commerce, by operation of law including the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq.*, Defendant impliedly warranted to Plaintiffs and Class members that Old Spice Deodorant products were of merchantable quality (i.e., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

53.     Defendant breached all applicable warranties because Old Spice deodorant products suffer from a latent and/or inherent defect that causes burning, rashes, irritation,

62

scarring, discoloration, scabbing, peeling skin, and/or other injury when applied, rendering Old Spice Deodorant products unfit for their intended use and purpose. This defect substantially impairs the use, value and safety of Old Spice Deodorant products.

54.     The latent and/or inherent defect(s) at issue herein existed when the Old Spice Deodorant products left Defendant's possession and/or control and were sold to Plaintiffs and Class members. The defect(s) was undiscoverable to Plaintiffs and Class members at the time of purchase of the Old Spice Deodorant products.

55.     All conditions precedent to seeking liability under this claim has been performed by or on behalf of Plaintiffs and Class members in terms of paying for the goods at issue. P&G has been given reasonable notice of the defect(s) in the products and breach of the warranties and has had an opportunity for years to cure the defects for Plaintiffs and all Class members, but has failed to do so.

56.     P&G was on notice and/or had actual knowledge, of the problems with Old Spice Deodorant products based on the complaints it received directly from Plaintiffs and Class members, and from the plethora of public complaints it has received over the years.

57.     Upon information and belief, P&G breached its express and/or implied warranties, as Old Spice Deodorant products did not contain the properties P&G represented.

58.     P&G's breaches of warranty have caused Plaintiffs and Class members to suffer injuries, paying for defective products, and entering into transactions they would not have entered into for the consideration paid. As a direct and proximate result of P&G's breaches of warranty, Plaintiffs and Class members have suffered damages and continue to suffer damages, including, but not limited to, economic damages in terms of the cost of Old Spice Deodorant products and the cost of efforts to mitigate the damages caused by same.

59.     Affording P&G a reasonable opportunity to cure its breaches of warranties would be unnecessary and futile. Under the circumstances, affording P&G notice and a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

60.     In the alternative, Plaintiffs' and Class members prior complaints against P&G, which did not initially seek relief under the Magnuson-Moss Warranty Act, suffice to give P&G notice and an opportunity to cure, however, P&G has failed to cure the breaches of implied warranty.

61.     As a direct and proximate result of P&G's breach of implied warranties and consequent violations of the Magnuson-Moss Warranty Act, Plaintiffs and other members of the Nationwide Class are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

COUNT 4
NEGLIGENCE AND/OR GROSS NEGLIGENCE
*(Asserted on behalf of the Nationwide Class)*

62.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

63.     Defendant owed Plaintiffs a duty to use due care in their development, testing, planning, design, marketing, warnings, sale and recall of the subject product offered for use by consumers.

64.     Through its failure to exercise due care, Defendant breached its duty by producing, processing, manufacturing, distributing and/or offering for sale a product in a defective condition that was unsafe for use by consumers.

65. Defendant Breached its duty of care to Plaintiffs by failing to use sufficient quality control, perform adequate research or testing, proper manufacturing, adequate warning, production or processing, and failing to take sufficient measures to prevent the product from being offered for sale in an unsafe and hazardous form.

66. Defendant further breached its duty of due care by failing to properly and adequately inform consumers once safety concerns, including severe rashing, scarring, severe irritation, peeling skin, scabbing, discoloration and chemical burns, were brought to Defendant's attention, and further breached its duty of care by failing to fully and appropriately recall the product.

67. Defendant knew, or in the exercise of reasonable care should have known, that the product presented an unacceptable risk to consumers, and would result in damages that were foreseeable and reasonably avoidable.

68. As a direct and proximate result of Defendant's above-referenced negligence and/or gross negligence, Plaintiffs and the Class members have suffered and are to recover damages, both compensatory and punitive.

## COUNT 5
## UNJUST ENRICHMENT
### *(Asserted on behalf of the Nationwide Class)*

69. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

70. Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Nationwide Class.

71. At all times relevant hereto, P&G designed, sold, distributed, marketed, and/or manufactured Old Spice Deodorants that had the capacity to and, in many cases, did cause severe

burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, but made false and misleading representations that the Old Spice Deodorants were not harmful.

72.     Plaintiffs and the members of the Nationwide Class conferred upon P&G payment for such products the benefits of which were non-gratuitous. Plaintiffs and the members of the Nationwide Class were without knowledge of the inherent dangers of P&G's Old Spice Deodorants. P&G Companies accepted or retained the non-gratuitous benefits conferred by Plaintiffs and the members of the Nationwide Class even though Plaintiffs and the members of the Nationwide Class were not receiving products of the high quality, nature, fitness or value that had been represented by P&G that reasonable consumers would have expected. Retaining the non-gratuitous benefits conferred upon P&G by Plaintiffs and the members of the Nationwide Class under these circumstances is unjust and inequitable.

73.     Accordingly, Plaintiffs and the members of the Nationwide Class are entitled to, and hereby seek, disgorgement and restitution of P&G's wrongful profits, revenue, and benefits in a manner established by the Court and available under applicable law.

74.     Plaintiffs and the members of the proposed Nationwide Class are entitled to the imposition of a constructive trust upon P&G such that their enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Plaintiffs and members of the proposed Nationwide Class.

**COUNT 6**
**VIOLATION OF THE ALASKA UNFAIR TRADE**
**PRACTICES AND CONSUMER PROTECTION ACT "("UDPA")**
**(As. Code § 45.50.471 _et seq._)**
*(Asserted on behalf of the Alaska Subclass)*

75.     Plaintiffs incorporate by reference all preceding allegations as though fully rewritten herein.

76.     The Alaska Plaintiff asserts this cause of action on behalf of himself, and all other members of the Alaska Subclass. The UDPA is codified in AS § 45.50.471 *et seq*. The Alaska UDPA broadly prohibits unfair or unconscionable acts and broadly prohibits deceptive acts.

77.     The UDPA prohibits against representing goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. AS. §45.50.471.

78.     Alaska law provides that any act or practice is deceptive or unfair if it has the capacity or tendency to deceive.[12]

79.     P&G had a statutory duty to refrain from acts or practices that deceived the Alaska Plaintiff and Class Members.

80.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling the Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the UDPA.

81.     P&G had actual knowledge that their conduct was deceptive, unfair, or unconscionable.

82.     The Alaska Plaintiff and other members of the Alaska Subclass relied on P&G's deceptive misrepresentations and/or omissions in buying Old Spice Deodorants.

83.     Had P&G not engaged in the deceptive conduct described above, the Alaska Plaintiff and other members of the Alaska Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

---

[12] *Kenai Chrysler Ctr., Inc. v. Denison,* Supreme Court of Alaska, Case No. S-11688/S-11707 (2007).

84.     P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of the Old Spice Deodorants purchased and used by the Alaska Plaintiff and the other members of the Alaska Subclass constituted unfair and deceptive acts and practices in violation of AS § 45.50.471 *et seq*.

85.     As a direct and proximate result of P&G's wrongful conduct, the Alaska Plaintiff and other members of the Alaska Subclass have been injured and are entitled to all of the damages, remedies, fees, and costs available under the UDPA. *See* AS. § 45.50.501.

86.     The Alaska Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices as required by Alaska law.

**COUNT 7**
**VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT "("CFA")**
**(Ariz. Rev. Stat. Ann. § 44-1521 *et seq*.)**
*(Asserted on behalf of the Arizona Subclass)*

87.     Plaintiffs incorporate by reference all preceding allegations as though fully rewritten herein.

88.     The Arizona Plaintiff asserts this cause of action on behalf of himself, and all other members of the Arizona Subclass. The CFA is codified in Ariz. Rev. Stat. Ann § 44-1521 *et seq*. The CFA broadly prohibits unfair or unconscionable acts and broadly prohibits deceptive acts.

89.     Plaintiff and P&G are each "persons" as defined by Ariz. Rev. Stat. § 44-1521(6).

90.     Old Spice Deodorants are "merchandise" as defined by Ariz. Rev. Stat. § 44-1521(5).

91.     The Arizona Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise,

68

misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." Ariz. Rev. Stat. § 44-1522(A).

92.    P&G had a statutory duty to refrain from acts or practices that deceived the Arizona Plaintiffs and Class Members.

93.    P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling the Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the CFA.

94.    P&G had actual knowledge that their conduct was deceptive, unfair, or unconscionable.

95.    The Arizona Plaintiff and other members of the Arizona Subclass relied on P&G's deceptive misrepresentations and/or omissions in buying Old Spice Deodorants.

96.    Had P&G not engaged in the deceptive conduct described above, the Arizona Plaintiff and other members of the Arizona Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

97.    By failing to disclose and actively concealing that Old Spice Deodorants were defective, P&G engaged in deceptive business practices prohibited by the Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1522(A), including (1) representing that Old Spice Deodorants were safe; (2) representing that Old Spice deodorants are of a particular standard, quality, and grade when they are not, (3) advertising Old Spice deodorants with the intent not to sell them as

advertised, and (4) engaging in acts or practices which are otherwise unfair, misleading, false, or deceptive to the consumer.

98. P&G knew that the Old Spice Deodorants were defective. P&G nevertheless failed to warn Plaintiff about these defects despite having a duty to do so.

99. As a result of its violations of the Arizona Consumer Fraud Act detailed above, Old Spice deodorant caused actual damage to the Arizona Plaintiff and the Arizona Subclass including causing severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use;.

100. Plaintiff and the Class sustained damages as a result of P&G's unlawful acts and are, therefore, entitled to damages and other relief as provided under the Arizona CFA.

101. Plaintiff also seeks court costs and attorneys' fees as a result of P&G's violation of the Arizona Consumer Fraud Act as provided in Ariz. Rev. Stat. § 12-341.01.

**COUNT 8**
**VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW**
*(CAL. BUS. & PROF. CODE §§ 17200, et seq.)*
*(Asserted on behalf of the California Subclass)*

102. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

103. The California Plaintiffs assert this cause of action on behalf of themselves and other members of the California Subclass.

104. California Business and Professions Code §17200 prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth herein, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §17200, in that Defendant's representations and advertising were likely to deceive the public as to the safety of Old Spice Deodorants.

105.     P&G has engaged in unfair, unlawful and fraudulent business practices by (1) marketing and selling the Old Spice Deodorants with design and/or manufacturing defects that had the capacity to and, did in fact, cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury and (2) intentionally failing to disclose and/or concealing these known defects and risks.

106.     The facts concealed and/or not disclosed by P&G to the California Plaintiffs and the other members of the California Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase and/or use the Old Spice Deodorants.

107.     The California Plaintiffs and the other members of the California Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of defective Old Spice Deodorants.

108.     Had the California Plaintiffs and the other members of the California Subclass known of the design defect, they would not have purchased and/or used Old Spice Deodorants.

109.     By engaging in the above-described acts and practices, P&G has committed one or more acts of unfair competition within the meaning of Business and Professional Code § 17200 *et seq.*

110.     P&G's acts and practices have deceived and/or are likely to deceive members of the consuming public and members of the California Class.

111.     P&G knowingly sold the California Plaintiffs and the other members of the California Subclass and other consumers Old Spice Deodorants with defects that have rendered the Old Spice Deodorants unusable for the purposes for which they were sold.

112.     The injury to consumers by this conduct is greatly outweighed by any alleged countervailing benefit to consumers or competition under all of the circumstances. Moreover, in light of P&G's exclusive knowledge of the defects, the injury is not one that the California Plaintiffs and the other members of the California Subclass could have reasonably avoided.

113.     P&G Companies' acts and practices are unlawful because they violate Cal. Civ. Code §§ 1709 and 1710. P&G's acts and practices are also unlawful because they violate Cal. Commercial Code § 2313.

114.     The California Plaintiffs and the other members of the California Subclass have been injured as a direct and proximate result of P&G's violations of the foregoing California statutes including suffering severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use;.

115.     The California Plaintiffs and other members of the California Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under Section 17200, et seq.

116.     The California Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices in accordance with California law.

## COUNT 9
## VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
## "CLRA"
## (Cal. Civ. Code §§ 1750 et seq.)
### *(Asserted on behalf of the California Subclass)*

117.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

118.     The California Plaintiffs bring this claim on behalf of themselves and the California Class.

119.     This claim arises under the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*

120.     At all relevant times, the California Plaintiffs and California Subclass members were "consumers" as that term is defined in Cal. Civ. Code. § 1761(d).

121.     At all relevant times, Plaintiffs' purchases of Old Spice Deodorants constituted "transactions" as that term is defined in Cal. Civ. Code § 1761(e).

122.     At all relevant times, P&G provided "services" to the California Plaintiffs and California Subclass members within the meaning of Cal. Civ. Code § 1761(b).

123.     The CLRA provides in relevant part that the "following methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5)representing that goods . . . have . . . approval, characteristics, uses, benefits . . . which they do not have; . . . (7) Representing that goods . . . are of a particular standard, quality or grade . . . if they are of another; . . . and (9) advertising goods . . . with the intent not to sell them as advertised." Cal. Civ. Code §§ 1770(a)(5), (7), and (9).

124.     P&G made uniform representations that the Old Spice Deodorants were a safe and high quality product that would perform as represented and, as set forth above, made specific representations regarding the capacity and characteristics of the Old Spice Deodorants that, as set forth above, were false, deceptive and/or misleading and were made in violation of the CLRA.

125.     P&G intentionally concealed and/or failed to disclose that the Old Spice Deodorants have a design and/or manufacturing defect and that the design defect had the

73

capacity to and did actually cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; for the purpose of inducing the California Plaintiffs and the other members of the California Subclass to purchase the Old Spice Deodorants.

126.    P&G had exclusive knowledge that the Old Spice Deodorants have a defect and that the defect could cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, facts not known to the California Plaintiffs and the other members of the California Class. P&G's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which it failed to perform.

127.    The facts concealed and/or not disclosed by P&G to the California Plaintiffs and the other members of the California Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

128.    The California Plaintiffs and the other members of the California Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

129.    Had the California Plaintiffs and the other members of the California Subclass known that the Old Spice Deodorants had the capacity to and, in many cases, did cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use they would not have purchased and/or used the Old Spice Deodorants.

130.    As a direct and proximate result of P&G's violations of the foregoing laws, the California Plaintiffs and the California Subclass have been injured.

131.    The California Plaintiffs and California Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under Cal. Civ. Code § 1780.

132.     The California Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices in accordance with California law.

**COUNT 10**
**VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT "CPA"**
**(Col. Rev. Stat. §§ 6-1-101 et seq.)**
*(Asserted on behalf of the Colorado Subclass)*

133.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

134.     The Colorado Plaintiffs assert this cause of action on behalf of themselves and all other members of the Colorado Subclass. The CPA is codified at Colorado Rev. Stat. § 6-1-101 *et seq*.

135.     Old Spice Deodorants are property within the meaning of the CPA.

136.     The Colorado Plaintiffs and the other members of the Colorado Subclass are people within the meaning of the CPA. The CPA provides in relevant part that "A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property; . . . (g) Represents that goods . . .are of a particular standard, quality or grade . . if he knows or should know that they are of another; . . . and (i) advertising goods . . . with the intent not to sell them as advertised." Colorado Rev. Stat. § 6-1-105(e), (g) and (i).

137.     P&G made uniform representations that Old Spice Deodorants were a safe and high quality product that would perform as represented and, as set forth above, made specific

75

representations regarding the capacity and characteristics of Old Spice Deodorants that, as set forth above, were false, deceptive and/or misleading and were made in violation of the CPA.

138.     P&G had exclusive knowledge that the Old Spice Deodorants have a defect and that the defect causes severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, facts not known to the Colorado Plaintiffs and the other members of the Colorado Class. P&G's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which it failed to perform.

139.     As a direct and proximate result of P&G's wrongful conduct, the Colorado Plaintiffs and other members of the Colorado Subclass suffered injuries and are entitled to all of the damages, remedies, fees, and costs available under applicable law.

140.     The Colorado Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

## COUNT 11
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT "UTPA"
### (Conn. Gen. Stat. § 42-110a et seq.)
### *(Asserted on behalf of the Connecticut Subclass)*

141.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

142.     The Connecticut Plaintiffs asserts this cause of action on behalf of themselves, and all other members of the Connecticut Class. The UTPA is codified at Conn. Gen. Stat. § 42-110a *et seq*. The statute provides relief where a defendant engages "in unfair or deceptive acts or practices in the conduct of any trade or commerce. *Id.* § 42-110b. Unfair Trade Practices are defined in part as misrepresenting the nature, uses, benefits or qualities of merchandise. Conn. Agencies Regs. 42-110b-18.

143.     Any person who "suffers any ascertainable loss of money or property" as a result of the deceptive acts of misrepresenting the nature, uses, benefits or qualities of consumer goods, may bring a private action to recover actual damages. *See* Conn. Gen. Stat. § 42-110g.

144.     P&G had a statutory duty to refrain from misrepresentations about the nature, uses, benefits, or qualities of Old Spice Defendants.

145.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the UTPA.

146.     P&G acted in the face of prior notice and/or actual knowledge that their conduct was deceptive, unfair, or unconscionable.

147.     As a direct and proximate result of P&G's violations of the UTPA, the Connecticut Plaintiffs and other members of the Connecticut Subclass have been injured, sustaining

ascertainable damages.

148.     Had P&G not engaged in the deceptive conduct described above, the Connecticut Plaintiffs and other members of the Connecticut Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

149.     P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of the Old Spice Deodorant purchased and used by the Connecticut Plaintiffs and the other members of the Connecticut

Subclass constituted unfair and deceptive acts and practices in violation of Conn. Gen. Stat. § 42-110b, and the regulations at Conn. Reg. § 42-110b-18.

150.     The Connecticut Plaintiffs and other members of the Connecticut Subclass relied on P&G's misrepresentations and/or omissions in buying P&G's Old Spice Deodorants.

151.     As a direct and proximate result of P&G's wrongful conduct, the Connecticut Plaintiffs and other members of the Connecticut Subclass have been injured.

152.     The Connecticut Plaintiffs and other members of the Connecticut Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the UPTA. *See* Conn. Gen. Stat. § 42-110g(a) and (d).

153.     The Connecticut Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

## COUNT 12
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT "DUTPA"
## (Fl. Stat. §§ 501.201 et seq.)
### *(Asserted on behalf of the Florida Subclass)*

154.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

155.     The Florida Plaintiffs asserts this cause of action on behalf of themselves and all other members of the Florida Subclass.

156.     At all relevant times, the Florida Plaintiffs and all members of the Florida Subclass were consumers within the meaning of the DUTPA.

157.     At all relevant times, P&G engaged in trade and/or commerce within the meaning of the DUTPA.

158.    P&G violated the DUTPA, for example, by: (A). Omitting and concealing material facts from its communications and disclosures to the Florida Plaintiffs and all other members of the Florida Subclass about the defects in the Old Spice Deodorants; (B). Making false and/or misleading statements of material fact about Old Spice Deodorants, and these statements were likely to deceive the public; (C). Knowing, or recklessly not knowing, that its statements about the Old Spice Deodorants were false and/or misleading.

159.    By the above conduct, P&G has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

160.    The representations and omissions by P&G were likely to deceive reasonable consumers and a reasonable consumer would have relied on these representations or omissions.

161.    Had P&G disclosed all material information about Old Spice Deodorants to the Florida Plaintiffs and other members of the Florida Class, they would not have purchased and/or used Old Spice Deodorants.

162.    The above acts and practices proximately caused the Florida Plaintiffs and other members of the Florida Subclass actual damages and they are entitled to recover such damages, remedies, fees, and costs as well as other relief as allowed by law.

163.    The Florida Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 13**
**VIOLATION OF THE HAWAII UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION ACT "("UDPA")**
**(Haw. Rev. Stat. § 480-1 *et seq.*)**
***(Asserted on behalf of the Hawaii Subclass)***

164.     Plaintiffs incorporate by reference all preceding allegations as though fully rewritten herein.

165.     The Hawaii Plaintiff asserts this cause of action on behalf of himself, and all other members of the Hawaii Subclass. The UDPA is codified in Haw. Rev. Stat. § 480-2 *et seq*. The statute provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.  The Hawaii UDPA broadly prohibits unfair or unconscionable acts and broadly prohibits deceptive acts.

166.     The UDPA broadly defines a "consumer" under the act as "a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services. Haw. Rev. Stat. §480-13(b).

167.     The Hawaii Plaintiff and class members are consumers under the UDPA.

168.     Hawaii law provides that the test for whether a practice is deceptive is whether it is material and is likely to mislead consumers acting reasonably under the circumstances.[13]

169.     P&G had a duty to refrain from acts or practices such as selling Old Spice Deodorants as if they were safe for under-arm application.

170.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling the Old Spice Deodorants without warning that they may cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the UDPA.

171.     P&G acted in the face of prior notice and/or actual knowledge that their conduct was deceptive, unfair, or unconscionable.

---

[13] *Courbat v. Dahana Ranch, Inc.*, 141 P. 3d. 427, 435 (Hawaii, 2006).

172.    The Hawaii Plaintiff and other members of the Hawaii Subclass relied on P&G's misrepresentations and/or omissions in buying Old Spice Deodorants.

173.    Had P&G not engaged in the deceptive conduct described above, the Hawaii Plaintiff and other members of the Hawaii Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

174.    P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of the Old Spice Deodorants purchased and used by the Hawaii Plaintiff and the other members of the Hawaii Subclass constituted unfair and deceptive acts and practices in violation of Hawaii law.

175.    As a direct and proximate result of P&G's wrongful conduct, the Hawaii Plaintiff and other members of the Hawaii Subclass have been injured and are entitled to all of the damages, remedies, fees, and costs available under the UDPA. *See* Haw. Rev. Stat. §480-15, 487-14(a); 480-3.

176.    The Hawaii Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

## COUNT 14
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT "CFDBPA"
### (815 Ill. Comp. Stat. 505/1 et seq.)
*(Asserted on behalf of the Illinois Subclass)*

177.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

178.    The Illinois Plaintiffs assert this cause of action on behalf of themselves and all other members of the Illinois Subclass. The CFDBPA is codified at 815 Ill. Comp. Stat. 505/1, *et seq*. The statute provides consumers with a comprehensive procedure for redressing the

violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the CFDBPA.

179.     The Illinois Plaintiffs and other members of the Illinois Subclass were "consumers" within the meaning of CFDBPA.

180.     P&G engaged in trade and/or commerce within the meaning of CFDBPA.

181.     The CFDBPA provides that Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 Ill. Comp. Stat. 505/2.

182.     The CFDBPA further provides a private right of action to any person "who suffers actual damage as a result of a violation of this Act committed by any other person." 815 Ill. Comp. Stat. 505/10a.

183.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

184.     P&G has, in the course of its business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

185.     P&G's misrepresentations and/or omissions were uniformly presented to consumers and the general public, and calculated to lead consumers to believe that Old Spice Deodorants were safe.

186.     The facts intentionally concealed and/or not disclosed by P&G to the Illinois Plaintiffs and the other members of the Illinois Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

187.     The Illinois Plaintiffs and the other members of the Illinois Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

188.     Had the Illinois Plaintiffs and the other members of the Illinois Subclass known that Old Spice Deodorants causes burning, rashes, discomfort and other injury, they would not have purchased and/or used Old Spice Deodorants.

189.     Had P&G Companies not engaged in the unfair or deceptive conduct described above, the Illinois Plaintiffs and other members of the Illinois Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

190.     P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Illinois Plaintiffs and the members of the Illinois Subclass constituted unfair and deceptive acts and practices in violation of 815 Ill. Comp. Stat. 505/1, *et seq*.

191.     As a direct and proximate result of P&G Companies' violations of the CFDBPA, the Illinois Plaintiffs and the other members of the Illinois Subclass have been injured.

192.    The Illinois Plaintiffs and other members of the Illinois Subclass have been damaged and are entitled to all of the damages and remedies available under the CFDBPA. *See* 815 Ill. Comp. Stat. 505/10a.

193.    The Illinois Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 15**
**VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT "("DCSA")**
**(Ind. Code § 24-5-0.5-1 *et seq.*)**
*(Asserted on behalf of the Indiana Subclass)*

194.    Plaintiffs incorporate by reference all preceding allegations as though fully rewritten herein.

195.    The Indiana Plaintiffs assert this cause of action on behalf of themselves, and all other members of the Indiana Subclass. The DCSA is codified in Indiana Code §24-5-0.5-1 *et seq*. The statute provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.  The Indiana DCSA broadly prohibits unconscionable and deceptive sales acts.

196.    Indiana law prohibits one in the conduct of trade or commerce from representing that the subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have…. (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. Ind. Code § 24-5-0.5-3

197.    P&G had a duty to refrain from acts or practices such as selling Old Spice Deodorants as if they were safe for under-arm application.

84

198.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling the Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the DCSA.

199.     P&G acted in the face of prior notice and/or actual notice that their conduct was deceptive, unfair, or unconscionable.

200.     P&G's deceptive acts are done as part of scheme, artifice, or device with the intent to defraud and/or mislead the Indiana Plaintiffs and Indiana Class.

201.     The Indiana Plaintiffs and other members of the Indiana Subclass relied on P&G's misrepresentations and/or omissions in buying Old Spice Deodorants.

202.     Had P&G not engaged in the deceptive conduct described above, the Indiana Plaintiffs and other members of the Indiana Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

203.     P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of the Old Spice Deodorants purchased and used by the Indiana Plaintiffs and the other members of the Indiana Subclass constituted unfair and deceptive acts and practices in violation of Indiana law.

204.     As a direct and proximate result of P&G's wrongful conduct, the Indiana Plaintiffs and other members of the Indiana Subclass have been injured and are entitled to all of the damages, remedies, fees, and costs available under the CPA.  *See* Indiana Code §24-5-0.5-4.

205.     The Indiana Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 16**
**VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT "CPA"**
**(Kan. Stat. §§ 50-623, et seq.)**
*(Asserted on behalf of the Kansas Subclass)*

206.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

207.     The Kansas Plaintiffs asserts this cause of action on behalf of themselves and all other members of the Kansas Class. The CPA is codified at Kan. Stat. §§ 50-623 et seq. The statute is broad, applying to the sale of consumer goods for "personal, family, household, business or agricultural purposes." Kan. Stat. §§ 50-624(b). Accordingly, the conduct at issue in this case falls within the scope of the CPA.

208.     The CPA prohibits suppliers from engaging in "any deceptive act or practice in connection with a consumer transaction." Kan. Stat. §§ 50-626(a). Unconscionable acts or practices are likewise prohibited. Kan. Stat. §§ 50-627(a). The CPA further provides that "a consumer" has a private cause of action for violations of the statute. Kan. Stat. §§ 50-634(d). P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants. The CPA should be construed liberally to promote its policies of protecting consumers from suppliers that commit deceptive and unconscionable practices.

209.     P&G Companies have engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

210.     As a direct and proximate result of P&G's violations of the CPA, the Kansas Plaintiffs and other members of the Kansas Subclass have been injured.

211.     Had P&G not engaged in the deceptive conduct described above, the Kansas Plaintiffs and other members of the Kansas Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

212.     P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Kansas Plaintiffs and the members of the Kansas Subclass constituted unfair and deceptive acts and practices in violation of Kan. Stat. §§ 50-623, *et seq.*

213.     As a direct and proximate result of P&G Companies' wrongful conduct, the Kansas Plaintiffs and members of the Kansas Subclass have been injured.

214.     The Kansas Plaintiffs and members of the Kansas Subclass are entitled to all of the damages, remedies, fees, and costs available under the CPA.

215.     The Kansas Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

**COUNT 17**
**VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT "CPA"**
**(Ky. Rev. Stat. §§ 367.110 et seq.)**
***(Asserted on behalf of the Kentucky Subclass)***

216.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

217.     The Kentucky Plaintiffs asserts this cause of action on behalf of themselves, and all other members of the Kentucky Subclass. The CPA is codified at Ky. Rev. Stat. § 367.110 *et seq.* The statute provides that "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *See* Ky. Rev. Stat. 367.170.

218.     Any person who purchases goods for "personal, family, or household purposes and thereby suffers any ascertainable loss of money or property" may bring a private action to

recover actual damages. See Ky. Rev. Stat. § 367.220. Here, Kentucky Plaintiffs and Class members bought and/or used Old Spice Deodorants for family purposes, and, as described above, suffered ascertainable losses or damages.

219.    P&G had a statutory duty to refrain from misrepresentations about Old Spice Deodorants which were unfair, misleading and deceptive in that they did not warn about the defects of Old Spice Deodorants.

220.    P&G have engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) failing to disclose and/or concealing these known defects and risks, in violation of the CPA.

221.    P&G acted in the face of prior notice and/or actual knowledge that their conduct was deceptive, unfair, or unconscionable.

222.    As a direct and proximate result of P&G's violations of the CPA, the Kentucky Plaintiffs and other members of the Kentucky Subclass have been injured, sustaining ascertainable damages.

223.    Had P&G not engaged in the deceptive conduct described above, the Kentucky Plaintiffs and other members of the Kentucky Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

224.    P&G's deceptive, unconscionable, false and misleading representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Kentucky Plaintiffs and the members of the Kentucky

Subclass constituted unfair and deceptive acts and practices in violation of Ky. Rev. Stat. § 367.170 et. seq.

225.     The Kentucky Plaintiffs and members of the Kentucky Subclass relied on P&G's misrepresentations and/or omissions in buying P&G Companies' Old Spice Deodorants.

226.     As a direct and proximate result of P&G's wrongful conduct, the Kentucky Plaintiffs and members of the Kentucky Subclass have been injured.

227.     The Kentucky Plaintiffs and members of the Kentucky Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the CPA. *See* Ky. Rev. Stat. § 367.220.

228.     The Kentucky Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

## COUNT 18
## VIOLATION OF THE MAINE UNFAIR TRADE PRACTICES ACT "UTPA"
### (Me. Rev. Stat. tit. 5, §§ 205A, et seq.)
### *(Asserted on behalf of the Maine Subclass)*

229.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

230.     The Maine Plaintiff asserts this cause of action on behalf of himself and all other members of the Maine Subclass. The UTPA is codified at Me. Rev. Stat. tit. 5, §§ 205A *et seq*. The statute is broad, declaring unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Me. Rev. Stat. tit. 5, §§ 156. Accordingly, the conduct at issue in this case falls within the scope of the UTPA. 315. The UTPA further provides that "[a]ny person who purchases . . . goods . . . primarily for personal, family or household purposes" has a private cause of action for violations of the statute. Me.

Rev. Stat. tit. 5 § 213(1). The Maine Plaintiff and other members of the Maine Subclass are therefore "persons" who may seek relief under the UTPA.

231.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

232.     P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

233.     As a direct and proximate result of P&G's violations of the UTPA, the Maine Plaintiff and other members of the Maine Subclass have been injured.

234.     Had P&G not engaged in the deceptive conduct described above, the Maine Plaintiff and other members of the Maine Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

235.     P&G's deceptive and unconscionable representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Maine Plaintiff and the members of the Maine Subclass constituted unfair and deceptive acts and practices in violation of Me. Rev. Stat. tit. 5, §§ 205A *et seq*.

236.     The Maine Plaintiff and members of the Maine Subclass relied upon P&G's misrepresentations and/or omissions in buying P&G's Old Spice Deodorants.

237.     As a direct and proximate result of P&G's wrongful conduct, the Maine Plaintiff and members of the Maine Subclass have been injured.

238.     The Maine Plaintiff and members of the Maine Subclass are entitled to all of the damages, remedies, fees, and costs available under the UTPA.

239.     The Maine Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 19**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT "MCPA"**
**(Md. Code Ann. Com. Law §13-101, et seq.)**
*(Asserted on behalf of the Maryland Subclass)*

240.     Plaintiffs repeat and reallege each and every allegation contained above as if fully rewritten herein.

241.     The Maryland Plaintiffs assert this cause of action on behalf of themselves and all other members of the Maryland Subclass.  The Maryland Consumer Protection Act ("MCPA") is codified at Md. Commercial Law Code § 13-101 et seq.  The legislative intent and code is to provide minimum standards for the protection of consumers in the State of Maryland.  Com. Law § 13-103.  Furthermore, it shall be construed and applied liberally to promote its purpose.  It is the intent of the General Assembly that in construing the term "unfair or deceptive trade practices," due consideration and weight be given to the interpretations of § 5(a)(1) of the Federal Trade Commission Act by the Federal Trade Commission and the federal courts.  Com. Law § 13-105.

242.     The MCPA provides that a person has a private cause of action for violations of the statute.  Com. Law § 13-408.

243.     The Maryland Plaintiffs and other members of the Maryland Subclass and P&G are "persons" within the meaning of the MCPA.  Com. Law § 13-101

244.     P&G engaged in the sale of goods within the meaning of the MCPA.  Com. Law § 13-303.

245.     Old Spice Deodorants are goods within the meaning of the MCPA.  Com. Law § 13-101.

246.    P&G had a duty to refrain from unfair, false, deceptive, and unconscionable acts and sales practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

247.    P&G has engaged in unfair, false, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

248.    As a direct and proximate result of P&G's violations of the MCPA, the Maryland Plaintiffs and other members of the Maryland Subclass have been injured.

249.    Had P&G not engaged in the deceptive conduct described above, the Maryland Plaintiffs and other members of the Maryland Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

250.    The Maryland Plaintiffs and other members of the Maryland Subclass are entitled to all of the damages, remedies, fees, and costs available under the MCPA.

251.    The Maryland Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G false, unfair, deceptive, and/or unconscionable acts and/or practices.

<u>COUNT 20</u>
<u>VIOLATION OF THE MASSACHUESETTS CONSUMER PROTECTION ACT</u>
<u>"MCPA"</u>
<u>(Mass. Gen. Laws CH. 93(A)</u>
*(Asserted on behalf of the Massachusetts Subclass)*

252.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

253.    The Massachusetts Plaintiffs assert this cause of action on behalf of themselves and all other members of the Massachusetts Subclass. The MCPA is codified at Mass. Gen. Laws 93(A) *et seq.*

254.    The MCPA makes it unlawful to engage in any "unfair methods of competition or deceptive acts in the practice of any trade or commerce".

255.    P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

256.    As a direct and proximate result of P&G's violations of the MCPA, the Massachusetts Plaintiffs and other members of the Massachusetts Subclass have been injured.

257.    Had P&G not engaged in the deceptive conduct described above, the Massachusetts Plaintiffs and other members of the Massachusetts Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

258.    P&G's deceptive and unconscionable representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Massachusetts Plaintiffs and the members of the Massachusetts Subclass constituted unfair and deceptive acts and practices in violation of Massachusetts Law.

259.    The Massachusetts Plaintiffs and members of the Massachusetts Subclass relied upon P&G's misrepresentations and/or omissions in buying P&G's Old Spice Deodorants.

260.    As a direct and proximate result of P&G's wrongful conduct, the Massachusetts Plaintiffs and members of the Massachusetts Subclass have been injured.

261.     The Massachusetts Plaintiffs and members of the Massachusetts Subclass are entitled to all of the damages, remedies, fees, and costs available under the MCPA.

262.     The Massachusetts Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

### COUNT 21
### VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT "CPA"
### (Mich. Comp. Laws §§ 445.901 et seq.)
*(Asserted on behalf of the Michigan Subclass)*

263.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

264.     The Michigan Plaintiffs assert this cause of action on behalf of themselves and all other members of the Michigan Subclass. The CPA is codified at Mich. Comp. Laws §§ 445.901 *et seq*.  The statute is broad, applying to "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]" Mich. Comp. Laws § 445.903(1). "Trade or commerce" means "the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes . . . advertising[.]" Mich. Comp. Laws §445.902(1)(g). Accordingly, the conduct at issue in this case falls within the scope of the CPA.

265.     The CPA allows a consumer "who suffers a loss as a result of a violation of" the MCPA to bring a class action for the actual damages caused by violations of the act. Mich. Comp. Laws. Ann § 445.911(3).

266.     P&G had a statutory duty to refrain from unfair, unconscionable, or deceptive methods, acts or practices in the design, development, promotion, sale and/or manufacture of the Old Spice Deodorants.

267.     P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring,

94

discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

268.     P&G's actions described above, including P&G's failure to disclose the known defects and risks of using Old Spice Deodorants, and their failure to provide the promised benefits of Old Spice Deodorants, constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade of commerce, and are violations of the CPA.

269.     P&G's statements, misrepresentations, and omission are of the type that a reasonable person would act to their detriment upon, related to the use of the product.

270.     As the direct and proximate result of P&G's violations of the CPA, the Michigan Plaintiffs and the members of the Michigan Subclass have suffered a loss.

271.     The Michigan Plaintiffs and other members of the Michigan Subclass are entitled to all of the damages, remedies, fees, and costs available under the CPA.

272.     The Michigan Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

## COUNT 22
## VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT
### (Minn. Stat. §§ 325F.68 et seq.)
*Asserted on behalf of the Minnesota Subclass)*

273.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

274.     The Minnesota Plaintiff asserts this cause of action on behalf of himself, and all other members of the Minnesota Subclass. The Minnesota Consumer Fraud Act is codified at Minn. Stat. §§ 325F.68 to 325F.70. The Minnesota Consumer Fraud Act prohibits the "act, use or employment by any person of any fraud, false pretense, false promise, misrepresentation,

misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise ....” Merchandise is defined broadly under the Act as “any object, wares, goods, commodities, intangibles, real estate, loans or services.”

275.    Minn. Stat. § 8.31, subd. 3a states that any person injured by a violation of any of the laws referred to in § 8.31, subd. 1, which include Minn. Stat. §§ 325F.68 to 325F.70, “may bring a civil action and recover damages, together with cost and disbursements, including costs of investigation and reasonable attorney’s fees, and receive other equitable relief as determined by the court.”

276.    P&G has engaged in fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice by (1) marketing and selling Old Spice Deodorants which cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; (2) intentionally failing to disclose and/or concealing these known defects and risks; and (3) representing Old Spice Deodorants to be a safe.

277.    Through these misleading and deceptive statements and false promises, P&G violated Minn. Stat. § 325F.68-70.

278.    As a direct and proximate result of P&G’s violations of the Minnesota Consumer Fraud Act, the Minnesota Plaintiff and other members of the Minnesota Subclass have been injured.

279.    Had P&G not engaged in the deceptive conduct described above, the Minnesota Plaintiff and other members of the Minnesota Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

280.    P&G’s misleading and deceptive statements and false promises to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the

Minnesota Plaintiff and the other members of the Minnesota Subclass constitutes violation of Minn. Stat. §§ 325F.68-70.

281.     The Minnesota Plaintiff and members of the Minnesota Subclass have sustained and will continue to sustain damages for which they are entitled to all of the damages, remedies, fees, and costs available under applicable law.

282.     The Minnesota Plaintiff will provide or already have provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

**COUNT 23**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT "MPA"**
**(Mo. Rev. Stat. §§ 407.010 et seq.)**
*Asserted on behalf of the Missouri Subclass)*

283.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

284.     The Missouri Plaintiffs assert this cause of action on behalf of themselves and all other members of the Missouri Subclass. The MPA is codified at Mo. Rev. Stat. § 407.010 *et seq*. The statute is broad, applying to "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020(1). Accordingly, the conduct at issue in this case falls within the scope of the MPA.

285.     The MPA provides that a "person" has a private cause of action for violations of the statute. Mo. Rev. Stat. § 407.025(1), (3).

286.     The Missouri Plaintiffs and other members of the Missouri Subclass and P&G are "persons" within the meaning of the MPA. Mo. Rev. Stat. § 407.010(5).

97

287.     P&G engaged in "trade" or "commerce" in the state of Missouri within the meaning of the MPA. Mo. Rev. Stat. § 407.010(7).

288.     Old Spice Deodorants are "merchandise" within the meaning of the MPA. Mo. Rev. Stat. § 407.010(4).

289.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

290.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

291.     P&G violated the MPA's express prohibition against "concealment, suppression, or omission of any material fact" in the sale or advertisement of merchandise. Mo. Rev. Stat. §407.020(1).

292.     As a direct and proximate result of P&G's violations of the MPA, the Missouri Plaintiffs and other members of the Missouri Subclass have been injured.

293.     Had P&G not engaged in the deceptive conduct described above, the Missouri Plaintiffs and other members of the Missouri Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

294.     The Missouri Plaintiffs and other members of the Missouri Subclass are entitled to all of the damages, remedies, fees, and costs available under the MPA.

295.     The Missouri Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

**COUNT 24**
**VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT "CPA"**
**(Neb. Rev. Stat. §§ 59-1601 et seq.)**
***(Asserted on behalf of the Nebraska Subclass)***

296.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

297.     The Nebraska Plaintiff asserts this cause of action on behalf of himself and all other members of the Nebraska Subclass. The CPA is codified at Neb. Rev. Stat. § 59-1601 *et seq*. The statute provides consumers with a comprehensive procedure for redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the CPA.

298.     P&G engaged in trade and/or commerce within the meaning of the CPA, Neb. Rev. Stat. § 59-1601.

299.     The CPA declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. §59-1602.

300.     The CPA further provides a private right of action to any person "who is injured in his or her business or property" by a violation of the CPA. Neb. Rev. Stat. § 59-1609.

301.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of the Old Spice Deodorant.

302.     P&G have, in the course of P&G's business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants

with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

303.     P&G's misrepresentations and/or omissions were uniformly presented to consumers and the general public, and calculated to lead consumers to believe that the Old Spice Deodorants were safe.

304.     The facts intentionally concealed and/or not disclosed by P&G to the Nebraska Plaintiff and the other members of the Nebraska Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

305.     The Nebraska Plaintiff and the other members of the Nebraska Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

306.     Had the Nebraska Plaintiff and the other members of the Nebraska Subclass known that the Old Spice Deodorants causes burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased and/or used Old Spice Deodorants.

307.     Had P&G not engaged in the unfair or deceptive conduct described above, the Nebraska Plaintiff and other members of the Nebraska Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

308.     P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the

Nebraska Plaintiff and the members of the Nebraska Subclass constituted unfair and deceptive acts and practices in violation of Neb. Rev. Stat. § 59-1601 *et seq*.

309.      As a direct and proximate result of P&G's violations of the CPA, the Nebraska Plaintiff and the other members of the Nebraska Subclass have been injured in their property.

310.      The Nebraska Plaintiff and members of the Nebraska Subclass have been damaged and are entitled to all of the damages, remedies, fees and costs available under the CPA.

311.      The Nebraska Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 25**
**VIOLATION OF THE NEVADA TRADE REGULATION AND PRACTICES ACT**
**"TRPA"**
**(Nev. Rev. Stat. §§ 598.0903 et seq.)**
*(Asserted on behalf of the Nevada Subclass)*

312.      Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

313.      The Nevada Plaintiffs assert this cause of action on behalf of themselves and all other members of the Nevada Subclass. The TRPA is codified at Nev. Rev. Stat. § 598.0903 *et seq*. The statute provides consumers with a comprehensive procedure for redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the TRPA.

314.      P&G engaged in trade and/or commerce within the meaning of the TRPA, Nev. Rev. Stat. § 598.0915.

315.     The TRPA defines deceptive trade practices to include "knowingly making any false representation in a transaction" and "knowingly failing to disclose a material fact in connection with the sale or lease of goods or services". Nev. Rev. Stat. § 598.0915(15).

316.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of the Old Spice Deodorant.

317.     P&G have, in the course of P&G's business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

318.     P&G's misrepresentations and/or omissions were uniformly presented to consumers and the general public, and calculated to lead consumers to believe that the Old Spice Deodorants were safe.

319.     The facts intentionally concealed and/or not disclosed by P&G to the Nevada Plaintiffs and the other members of the Nevada Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

320.     The Nevada Plaintiffs and the other members of the Nevada Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

321.     Had the Nevada Plaintiffs and the other members of the Nevada Subclass known that the Old Spice Deodorants causes severe burning, rashes, irritation, scarring, discoloration,

scabbing, peeling skin, and/or other injury, they would not have purchased and/or used Old Spice Deodorants.

322.     Had P&G not engaged in the unfair or deceptive conduct described above, the Nevada Plaintiffs and other members of the Nevada Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

323.     P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the Nevada Plaintiffs and the members of the Nevada Subclass constituted unfair and deceptive acts and practices in violation of Nev. Rev. Stat. § 598.0903 *et seq*.

324.     As a direct and proximate result of P&G's violations of the TRPA the Nevada Plaintiffs and the other members of the Nevada Subclass have been injured in their property.

325.     The Nevada Plaintiffs and members of the Nevada Subclass have been damaged and are entitled to all of the damages, remedies, fees and costs available under the CPA.

326.     The Nevada Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

### COUNT 26
### VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT "CPA"
### (N.H. Rev. Stat. Ann. §§ 358-A:1, et seq.)
### *(Asserted on behalf of the New Hampshire Subclass)*

327.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

328.     The New Hampshire Plaintiff asserts this cause of action on behalf of himself and all other members of the New Hampshire Subclass. The CPA is codified at N.H. Rev. Stat. Ann. §§ 358-A:1*et seq*. The statute provides consumers with a comprehensive procedure for

redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the CPA.

329.     P&G engages in trade and/or commerce within the meaning of the CPA.

330.     The CPA prohibits a person, in the conduct of any trade or commerce, from using "any unfair or deceptive act or practice, including but not limited to the following…(V) Representing that goods or services have.. characteristics… uses, benefits, or quantities that they do not have,  (VII) Representing that goods or services are of a particular standard, quality or grade.. they are of another, and (IX) Advertising goods or services with intent not to sell them as advertised. N.H. Rev. Stat. 358-A:2.

331.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of the Old Spice Deodorant.

332.     P&G have, in the course of P&G's business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

333.     P&G's misrepresentations and/or omissions were uniformly presented to consumers and the general public, and calculated to lead consumers to believe that the Old Spice Deodorants were safe.

334.     The facts intentionally concealed and/or not disclosed by P&G Companies to the New Hampshire Plaintiff and the other members of the New Hampshire Class are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

335. The New Hampshire Plaintiff and the other members of the New Hampshire Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

336. Had the New Hampshire Plaintiff and the other members of the New Hampshire Subclass known that the Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased and/or used Old Spice Deodorants.

337. Had P&G not engaged in the unfair or deceptive conduct described above, the New Hampshire Plaintiff and other members of the New Hampshire Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

338. P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the New Hampshire Plaintiff and the members of the New Hampshire Subclass constituted unfair and deceptive acts and practices in violation of the New Hampshire CPA.

339. As a direct and proximate result of P&G's violations of the CPA, the New Hampshire Plaintiff and the other members of the New Hampshire Subclass have been injured in their property.

340. The New Hampshire Plaintiff and members of the New Hampshire Subclass have been damaged and are entitled to all of the damages, remedies, fees and costs available under the CPA.

341. The New Hampshire Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

## COUNT 27
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT "CFA"
## (N.J. Stat. §§ 56:8-1 et seq.)
### (Asserted on behalf of the New Jersey Subclass)

342.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

343.    The New Jersey Plaintiffs asserts this cause of action on behalf of themselves and all other members of the New Jersey Subclass. The CFA is codified at N.J.Stat. § 56:8-1 *et seq.*

344.    The New Jersey Plaintiffs and the members of the New Jersey Class, as well as P&G, are "persons" within the meaning of the CFA, N.J. Stat. § 56:8-1(d).

345.    At all times material hereto, P&G conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

346.    The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

347.    P&G has engaged in deceptive practices related to the sale of the defective Old Spice Deodorants, including: (1) marketing and selling Old Spice Deodorants with design defects that cause severe with burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

348.    P&G consciously failed to disclose material facts to the New Jersey Plaintiffs and the other members of the New Jersey Subclass with respect to the alleged defects.

349.    P&G's unconscionable conduct described herein included the omission and concealment of material facts concerning Old Spice Deodorants.

350.    P&G intended that the New Jersey Plaintiffs and the other members of the New Jersey Subclass would purchase the Old Spice Deodorants.

351.    Had P&G disclosed all material information regarding the Old Spice Deodorant to the New Jersey Plaintiffs and the other members of the New Jersey Class, they would not have purchased and/or used Old Spice Deodorant.

352.    The foregoing acts, misrepresentations, omissions, and unconscionable commercial practices caused the New Jersey Plaintiffs and the other members of the New Jersey Subclass to suffer an ascertainable loss in the form of, among other things, monies spent to replace Old Spice Deodorants, and they are entitled to recover all damages, remedies, fees, and costs available under applicable law.

353.    The New Jersey Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 28**
**VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT "UPA"**
**(N.M. Stat. §§ 57-12-1 et seq.)**
*(Asserted on behalf of the New Mexico Subclass)*

354.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

355.    The New Mexico Plaintiff asserts this cause of action on behalf of himself and all other members of the New Mexico. The UPA is codified at N.M. Stat §57-12-1 et seq.

356.    The New Mexico Plaintiff and the members of the New Mexico Subclass, as well as P&G, are "persons" within the meaning of the UPA. N.M. Stat. §57-12-2.

357.    At all times material hereto, P&G conducted trade and commerce in New Mexico and elsewhere within the meaning of the UPA. §57-12-2

358.    P&G has engaged in unfair practices related to the sale of the defective Old Spice Deodorants, including: (1) marketing and selling Old Spice Deodorants with design defects that cause severe with burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin,

107

and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

359.    P&G consciously failed to disclose material facts to the New Mexico Plaintiff and the other members of the New Mexico Subclass with respect to the alleged defects.

360.    P&G's unconscionable conduct described herein included the omission and concealment of material facts concerning Old Spice Deodorants.

361.    P&G intended that the New Mexico Plaintiff and the other members of the New Mexico Subclass would purchase the Old Spice Deodorants.

362.    Had P&G disclosed all material information regarding the Old Spice Deodorant to the New Mexico Plaintiff and the other members of the New Mexico Subclass, they would not have purchased and/or used Old Spice Deodorant.

363.    The foregoing acts, misrepresentations, omissions, and unconscionable commercial practices caused the New Mexico Plaintiff and the other members of the New Mexico Subclass to suffer an ascertainable loss in the form of, among other things, monies spent to replace Old Spice Deodorants, and they are entitled to recover all damages, remedies, fees, and costs available under applicable law.

364.    The New Mexico Plaintiff will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 29**
**VIOLATION OF THE NEW YORK DECEPTIVE PRACTICES ACT**
**(N.Y. Gen Bus. Law §§ 349, 350)**
*(Asserted on behalf of the New York Subclass)*

365.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

366.    The New York Plaintiffs assert this cause of action on behalf of themselves and all other members of the New York Subclass.

367.    New York's General Business Law prohibits unfair, deceptive, and unconscionable practices in consumer sales transactions. Specifically, N.Y. Gen. Bus. Law §349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

368.    N.Y. Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]"

369.    N.Y. Gen. Bus. Law § 349(h) provides that "any person who has been injured by reason of any violation of this section may bring . . . an action to recover his damages or fifty dollars, whichever is greater . . . The court may award reasonable attorney's fees to a prevailing plaintiff."

370.    By reason of the deceptive conduct alleged above, P&G engaged in consumer-oriented deceptive acts or practices within the meaning of N.Y. Gen. Bus. Law § 349, which resulted in consumer injury and broad adverse impact on the public at large, and harmed the public interest of New York State in an honest marketplace in which economic activity is conducted in a competitive manner. P&G's conduct caused tens of thousands of customers to purchase Old Spice Deodorants under the false pretense that they were safe.

371.    New York Plaintiffs and the New York Subclass also seek treble damages pursuant to N.Y. Gen. Bus. Law §349(h) because P&G's conduct was willful and knowing. P&G acted in the face of prior notice that their conduct was deceptive, unfair, or unconscionable.

372.    P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants. P&G had

a statutory duty pursuant to N.Y. Gen. Bus. Law § 350 to refrain from false statements concerning the design, development, promotion, sale and/or manufacture in advertisements for Old Spice Deodorants.

373.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorant with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

374.     Indeed, it is well established in New York jurisprudence that material omissions and misrepresentations concerning a product that are misleading to a reasonable consumer constitute a violation of N.Y. Gen. Bus. Law §§ 349, 350.

375.     As a direct and proximate result of P&G's violations of N.Y. Gen. Bus. Law §§ 349, 350 the New York Plaintiffs and other members of the New York Subclass have been injured.

376.     Had P&G not engaged in the deceptive conduct described above, the New York Plaintiffs and other members of the New York Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

377.     P&G's deceptive, unconscionable or untruthful representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the New York Plaintiffs and the members of the New York Subclass constituted unfair and deceptive acts and practices in violation of N.Y. Gen. Bus. Law §349 et seq.

378.     The New York Plaintiffs and members of the New York Subclass relied upon P&G's misrepresentations and/or omissions in buying P&G's Old Spice Deodorants as required by N.Y. Gen. Bus. Law § 350.

379.     As a direct and proximate result of P&G's wrongful conduct, the New York Plaintiffs and members of the New York Subclass have been damaged.

380.     The New York Plaintiffs and members of the New York Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

381.     The New York Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.


**COUNT 30**
**VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT ("UDTPA")**
**(N.C. Gen. Stat. §§ 75-1.1 *et seq.*)**
*(Asserted on behalf of the North Carolina Subclass)*

382.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

383.     The North Carolina Plaintiffs assert this cause of action on behalf of themselves and all other members of the North Carolina Subclass. The UDTPA is codified at N.C. Gen. Stat. § 75-1.1 et seq.

384.     Pursuant to N.C. Gen. Stat. §75-1.1(a), unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

385.     At all relevant times, P&G acts and commissions were in and affected commerce.

386.     P&G omitted and concealed material facts from their communications and disclosures to the North Carolina Plaintiffs and all other members of the North Carolina Subclass regarding the defects in Old Spice Deodorants.

387.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorant with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

388.     P&G's acts and omissions had a tendency or capacity to deceive the North Carolina Plaintiffs and the other members of the North Carolina Subclass.

389.     The North Carolina Plaintiffs and the other members of the North Carolina Subclass were injured by reason of P&G's acts and omissions.

390.     P&G's conduct as described herein was unfair, deceptive, violating of public policy, and substantially injurious to the North Carolina Plaintiffs and the other members of the North Carolina Subclass.

391.     The North Carolina Plaintiffs and the other members of the North Carolina Subclass have suffered actual damages, and are entitled to recover the damages, remedies, fees, and costs available under applicable law.

392.     The North Carolina Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 31**
**VIOLATION OF THE NORTH DAKOTA CENTURY CODE**
**(N.D. Code. §§ 51-15-01 *et seq.*)**
***(Asserted on behalf of the North Dakota Subclass)***

393.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

394.    The North Dakota Plaintiff asserts this cause of action on behalf of herself and all other members of the North Dakota Class. The relevant portions of the Century Code is codified at N.D. Cent. Code §51-15-01et seq.

395.    Deceptive practices are prohibited by the N.D. Century Code in the connection with the sale or advertisement of any merchandise. N.D. Cent. Code §51-15-02.  Old Spice Deodorants are "merchandise" under the code. §51-15-01(3).

396.    At all relevant times, P&G acts and omissions were in and affected the sale of merchandise.

397.    P&G omitted and concealed material facts from their communications and disclosures to the North Dakota Plaintiff and all other members of the North Dakota Subclass regarding the defects in Old Spice Deodorants.

398.    P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorant with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

399.    P&G's acts and omissions were intended to and did in fact deceive the North Dakota Plaintiff and the other members of the North Dakota Subclass.  The North Dakota Plaintiff and North Dakota Subclass justifiably relied upon P&G's acts and omissions.

400.    The North Dakota Plaintiff and the other members of the North Dakota Subclass were injured by reason of P&G's acts and omissions.

401.    P&G's conduct as described herein was unfair, deceptive, violating of public policy, and substantially injurious to the North Dakota Plaintiff and the other members of the North Dakota Subclass.

402.     The North Dakota Plaintiff and the other members of the North Dakota Subclass have suffered actual damages, and are entitled to recover the damages, remedies, fees, and costs available under applicable law.

403.     The North Dakota Plaintiff will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 32**
**VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT "CSPA"**
**(Ohio Rev. Code §§ 1345.01 *et seq.*)**
*(Asserted on behalf of the Ohio Subclass)*

404.     Plaintiff incorporates by reference all of the foregoing allegations as if fully re-written herein.

405.     The Ohio Plaintiffs assert this cause of action on behalf of themselves and all other members of the Ohio Subclass.

406.     Ohio Revised Code §1345.01(A) defines in relevant part that a "consumer transaction means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a fundraiser, or an intangible, to an individual for purpose that are primarily personal, family, a household, or solicitation to supply these things."

407.     The sale of deodorant is a consumer transaction pursuant to the OCSPA.

408.     Ohio Revised Code §1345.01(C) defines in relevant part that a "supplier means a seller, lessor, assignor, fundraiser or other person engaged in the business of efficiency or soliciting consumer transactions, whether or not the person deals directly with the consumer."

409.     P&G is a supplier pursuant to the OCSPA.

410.     Ohio Revised Code §1345.01(D) defines "consumer" as "a person who engages in a consumer transaction with a supplier."

411.     Ohio Plaintiffs and Ohio Subclass members are consumers pursuant to the OCSPA;

412.     P&G's representations that its Old Spice products are safe to use and not harmful to consumers when in fact they are not safe and are harmful, are deceptive and unfair practices.

413.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorant with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

414.     P&G's unfair, deceptive and/or unconscionable acts or practices are likely to, and did in fact, deceive reasonable consumers, including Ohio Plaintiffs and the Ohio Subclass members, about the quality of its Old Spice products.

415.     Ohio Plaintiffs and Ohio Subclass members that used Old Spice products were forced to discontinue use after only a few uses.

416.     As a result, Ohio Plaintiffs and Ohio Subclass members suffered actual damages, and suffered other economic loss, which are not subject to and, therefore not preempted by, the Ohio Product Liability Act..

417.     The Ohio Attorney General has made available for public inspection prior Ohio State Court decisions which have held that acts and omissions substantially similar to P&G's acts and omissions, including but not limited to, misstatements regarding the safety and fitness of a particular product, constitute deceptive sales practices in violation of the OCSPA.  These cases include, but are not limited to the following:

A) *State ex rel. Petrov. v. Berkley Premium Nutraceuticals, Inc.*, Case No. 05CVH-06-6479, (Frank. CP, 2006) (OPIF #10002409)

B) *State ex. rel Montgomery v. Bridgestone/Firestone, Inc.*, Case No. 01CVH1111036 (Frank. CP., 2001) (OPIF # 10002025)

C) *State ex. rel. Winters v. Merck & Co., Inc*., Case No. 08-CVH-05-7357, (Frank. CP, 2008), (OPIF # 10002669)

D) *In Re Living Essential, LLC*., Case No. 462514, (Office of the Attorney General, 2014) (OPIF #10003157)

418.     As a result of its violations of the OCSPA, P&G has caused actual economic damage to the Ohio Plaintiffs and Ohio Subclass Members who have contracted with P&G for deodorant products.

419.     Ohio Plaintiffs and Ohio Subclass Members sustained actual economic damages as a result of P&G's unlawful acts and practices, and are therefore, entitled to charges and other relief as provided under the OCSPA.

420.     Ohio Plaintiffs and Ohio Subclass members are entitled to treble damages related to P&G's violations of the OCSPA.

421.     Ohio Plaintiff and Ohio Subclass Members also seek Court costs and attorney's fees as a result of P&G's violations of the OCSPA as provided in Ohio Revised Code §1345.09.

422.     The Ohio Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G Companies' unfair and deceptive trade practices.

**COUNT 33**
**VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT "CPA"**
**(Okla. Stat. tit. 15 §§ 751 *et seq.*)**
*(Asserted on behalf of the Oklahoma Subclass)*

423.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

424.     The Oklahoma Plaintiff asserts this cause of action on behalf of himself and all other members of the Oklahoma Subclass.  The Oklahoma Consumer Protection Act ("CPA") is codified at Okla. Stat. tit. 15 §751 et seq.

425.     The CPA broadly prohibits unfair, unconscionable and deceptive acts. Okla. Stat. tit 15, §751, 752(13)(14).

426.     The Oklahoma Plaintiff and other members of the Oklahoma Subclass and P&G Companies are "persons" within the meaning of the CPA.  Okla. Stat. tit. 15 §752.

427.     P&G engaged in consumer transactions in the State of Oklahoma within the meaning of the CPA.

428.     Old Spice Deodorants are merchandise within the meaning of the CPA.  Okla. Stat. tit. 15 §752.

429.     P&G had a duty to refrain from unfair, false, deceptive, and unconscionable acts and sales practices and tactics in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

430.     P&G has engaged in unlawful trade practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

431.     As a direct and proximate result of P&G's violations of the CPA, the Oklahoma Plaintiff and other members of the Oklahoma Subclass have been injured.

432.     Had P&G not engaged in the deceptive conduct described above, the Oklahoma Plaintiff and other members of the Oklahoma Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

433.     The Oklahoma Plaintiff and other members of the Oklahoma Subclass are entitled to all of the damages, remedies, fees, and costs available under the CPA.

434.     The Oklahoma Plaintiff will provide or already have provided any required notice to appropriate entities regarding P&G's false, unfair, deceptive, and/or unconscionable acts and/or practices.

**COUNT 34**
**VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES ACT "UTPA"**
**(OR. Rev. Stat §§ 646.05 et seq.)**
***(Asserted on behalf of the Oregon Subclass)***

435.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

436.     The Oregon Plaintiffs assert this cause of action on behalf of themselves and all other members of the Oregon Subclass.  The Oregon Unlawful Trade Practices Act ("OUTPA") is codified at Or. Rev. Stat. §§ 646.605 to 646.656.

437.     The OUTPA provides that a person has a private cause of action for violations of the statute.  Or. Rev. Stat. § 646.638.

438.     The Oregon Plaintiffs and other members of the Oregon Subclass and P&G Companies are "persons" within the meaning of the OUTPA.  Or. Rev. Stat. § 646.605.

439.     P&G engaged in trade and/or commerce in the State of Oregon within the meaning of the OUTPA.  Or. Rev. Stat. § 646.605.

440.     Old Spice Deodorants are goods within the meaning of the UCSPA.  Or. Rev. Stat. § 646.605.

441.     P&G have a duty to refrain from unfair, false, deceptive, and unconscionable acts and sales practices and tactics in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

118

442.     P&G has engaged in unlawful trade practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

443.     As a direct and proximate result of P&G Companies' violations of the OUTPA, the Oregon Plaintiffs and other members of the Oregon Subclass have been injured.

444.     Had P&G not engaged in the deceptive conduct described above, the Oregon Plaintiffs and other members of the Oregon Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

445.     The Oregon Plaintiffs and other members of the Oregon Subclass are entitled to all of the damages, remedies, fees, and costs available under the OUTPA.

446.     The Oregon Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's false, unfair, deceptive, and/or unconscionable acts and/or practices.

## COUNT 35
## VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW "UTPCPL"
### (73 Pa. Cons. Stat. §§ 201-1 et seq.)
*(Asserted on behalf of the Pennsylvania Subclass)*

447.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

448.     The Pennsylvania Plaintiffs assert this cause of action on behalf of themselves and all other members of the Pennsylvania Subclass. The UTPCPL is codified at 73 Pa. Cons. Stat. §

201-1 et seq. The statute provides relief, inter alia, where a defendant represents that goods have characteristics, ingredients, uses or benefits that they do not have, or defendant engages in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 Pa. Cons. Stat. § 201-2(4). The conduct at issue in this case falls within the scope of the UTPCPL.

449.     P&G engaged in trade and/or commerce within the meaning of UTPCPL. 73 Pa. Cons. Stat. § 201-2.

450.     The UTPCPL declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. 73 Pa. Cons. Stat. § 201-3.

451.     The UTPCPL further provides a private right of action to any person "who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal." 73 Pa. Cons. Stat. § 201-9.2.

452.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

453.     P&G has, in the course of P&G's business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

454.     P&G's misrepresentations and/or omissions were uniformly presented to consumers and the general public, and calculated to lead consumers to believe that Old Spice

Deodorants were safe. P&G acted in the face of prior notice that their conduct was deceptive, unfair, or unconscionable.

455.     The facts intentionally concealed and/or not disclosed by P&G to the Pennsylvania Plaintiffs and the other members of the Pennsylvania Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

456.     The Pennsylvania Plaintiffs and the other members of the Pennsylvania Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

457.     Had the Pennsylvania Plaintiffs and the other members of the Pennsylvania Subclass known that Old Spice Deodorants caused burning, rashes, irritation and other discomfort, they would not have purchased and/or used Old Spice Deodorants.

458.     Had P&G not engaged in the unfair or deceptive conduct described above, the Pennsylvania Plaintiffs and other members of the Pennsylvania Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

459.     P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of the Old Spice Deodorants purchased and used by the Pennsylvania Plaintiffs and the members of the Pennsylvania Class constituted unfair and deceptive acts and practices in violation of 73 Pa. Cons. Stat. 201-1 et seq.

460.     As a direct and proximate result of P&G's violations of the UTPCPL, the Pennsylvania Plaintiffs and the other members of the Pennsylvania Subclass have been injured.

461. The Pennsylvania Plaintiffs and members of the Pennsylvania Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the UTPCPL.

462. The Pennsylvania Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 36**
**VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**
**"UTPA"**
**(S.C. Code §§ 39-5-10 et seq.)**
*(Asserted on behalf of the South Carolina Subclass)*

463. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

464. The South Carolina Plaintiffs assert this cause of action on behalf of themselves and all other members of the South Carolina Subclass. The UTPA is codified at S.C. Code §§ 39-5-10 et seq. The statute is broad, declaring unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…." S.C. Code § 39-5-20(a). Accordingly, the conduct at issue in this case falls within the scope of the UPTA.

465. The UPTA further provides that "any person" has a private cause of action for violations of the statute. S.C. Code § 39-5-140(a).

466. P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

467. P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

468. P&G acted in the face of prior notice, and with actual knowledge, that their conduct was deceptive and unfair. As a direct and proximate result of P&G's violations of the UPTA, the South Carolina Plaintiffs and other members of the South Carolina Subclass have been injured.

469. The public interest of South Carolinians is served when consumer products, such as Deodorants, promote health and do not cause severe burning, rashes, irritation, and other injury with normal use.

470. Had P&G not engaged in the deceptive conduct described above, the South Carolina Plaintiffs and other members of the South Carolina Subclass would not have suffered actual, ascertainable damages caused by purchasing, paying for, and/or using Old Spice Deodorants.

471. P&G's deceptive or untruthful representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the South Carolina Plaintiffs and the members of the South Carolina Subclass constituted unfair and deceptive acts and practices in violation of S.C. Code §§ 39-5-10 et seq.

472. The South Carolina Plaintiffs and members of the South Carolina Subclass relied upon P&G Companies' misrepresentations and/or omissions in buying Old Spice Deodorants.

473. As a direct and proximate result of P&G's wrongful conduct, the South Carolina Plaintiffs and members of the South Carolina Subclass have been damaged.

474. The South Carolina Plaintiffs and members of the South Carolina Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law

475. The South Carolina Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 37**
**VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES—CONSUMER**
**PROTECTION ACT "DTPA"**
**(Tex. Bus. & Com. Code §§ 17.41 et seq.)**
*Asserted on behalf of the Texas Subclass)*

476.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

477.     The Texas Plaintiffs assert this cause of action on behalf of themselves and all other members of the Texas Subclass. The DTPA is codified at Tex. Bus. & Com. Code §§ 17.41 et seq.

478.     At all relevant times, the Texas Plaintiffs and all members of the Texas Subclass were consumers within the meaning of the DTPA, Tex. Bus. & Com. Code §§ 17.45(4).

479.     At all relevant times, P&G engaged in trade and/or commerce within the meaning of the DTPA, which broadly prohibits unfair and unconscionable acts. Tex. Bus. & Com. Code §§ 17.45(5), 17.50(a)(3).

480.     The practices of P&G violated DTPA for, inter alia, one or more of the following reasons: (A). P&G omitted and concealed material facts from its communications and disclosures to Texas Plaintiffs and all members of the Texas Subclass regarding the defects inherent in Old Spice Deodorants; (B). P&G made false and/or misleading statements of material fact regarding Old Spice Deodorants, which were likely to deceive the public; (C). P&G  had actual knowledge, or was reckless in not knowing, that their statements about Old Spice Deodorant were false and/or misleading; and/or (D). P&G represented that Old Spice Deodorants were of a particular standard, quality, or grade, when they were not.

481.     P&G has engaged in unfair and deceptive practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring,

discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

482.     By the conduct described herein, P&G has engaged in unconscionable, unfair and/or deceptive acts or practices in the conduct of trade or commerce.

483.     The representations and omissions by P&G were likely to deceive reasonable consumers and a reasonable consumer would have relied on these representations and omissions.

484.     Had P&G disclosed all material information regarding Old Spice Deodorants to the Texas Plaintiffs and all of the Texas Subclass members, they would not have purchased Old Spice Deodorants.

485.     The foregoing acts and practices proximately caused the Texas Plaintiffs and other members of the Texas Subclass to suffer actual damages.

486.     The Texas Plaintiffs and members of the Texas Subclass are entitled to all of the damages, remedies, fees, and costs available under the DTPA.

487.     The Texas Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.


**COUNT 38**
**VIOLATION OF THE UTAH DECEPTIVE TRADE PRACTICES—CONSUMER**
**PROTECTION ACT "DTPA"**
**(Utah Code Ann. §§ 13-11-1 et seq.)**
*(Asserted on behalf of the Utah Subclass)*

488.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

489.     Utah Plaintiff asserts this cause of action on behalf of themselves and all other members of the Utah Subclass.  The Utah Consumer Sales Practices Act ("UCSPA") is codified at Utah Code Ann. §§ 13-11-1 to -23.  The statute is to be liberally construed to protect consumers from suppliers who commit deceptive and unconscionable sales practices in connection with any consumer transaction.  Utah Code Ann. § 13-11-2.

490.     3.     The UCSPA provides that a person has a private cause of action for violations of the statute.  Utah Code Ann. § 13-11-19.

491.     4.     The Utah Plaintiff and other members of the Utah Subclass and P&G are "persons" within the meaning of the UCSPA.  Utah Code Ann. § 13-11-3(5).

492.     5.     P&G engaged in a consumer transaction in the State of Utah within the meaning of the UCSPA.  Utah Code Ann. § 13-11-3(2).

493.     6.     Old Spice Deodorants are goods sold to consumers in a consumer transaction within the meaning of the UCSPA.  Utah Code Ann. § 13-11-2; 13-11-3.

494.     7.     P&G had a duty to refrain from unfair, false, deceptive, and unconscionable acts and practices in the design, development, promotion, sale and/or manufacture of Old Spice Deodorants.

495.     8.     P&G has engaged in unfair, false, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, and other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

496.     10.     As a direct and proximate result of P&G's violations of the UCSPA, the Utah Plaintiff and other members of the Utah Subclass have been injured.

126

497.     11.     Had P&G not engaged in the deceptive conduct described above, the Utah Plaintiff and other members of the Utah Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

498.     12.     The Utah Plaintiff and other members of the Utah Subclass are entitled to all of the damages, remedies, fees, and costs available under the UCSPA.

499.     13.     The Utah Plaintiff will provide or already have provided any required notice to appropriate entities regarding P&G Companies' false, unfair, deceptive, and/or unconscionable acts and/or practices.

## COUNT 39
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT "CPA"
### (Rev. Code Wash. §§ 19.86 et seq.)
*(Asserted on behalf of the Washington Subclass)*

500.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

501.     The Washington Plaintiffs assert this cause of action on behalf of themselves and all other members of the Washington Subclass. The CPA is codified at Rev. Code Wash. § 19.86 et seq. The statute provides consumers with a comprehensive procedure for redressing the violations of applicable law. Accordingly, the conduct at issue in this case falls within the scope of the CPA.

502.     The CPA declares "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. Rev. Code. Wash. § 19.86.020. The CPA further provides a private right of action to any person "injured in his or her business or property." Rev. Code Wash. § 19.86.090.

503.     P&G had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, promotion, sale and/or manufacture of the Old Spice Deodorants.

127

504.     P&G has, in the course of its business, engaged in unfair or deceptive acts or practices by: (1) marketing and selling Old Spice Deodorants with defects that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks.

505.     P&G's acts or practices have been "injurious to the public interest" because they injured other persons, had the capacity to injure other persons and/or have the capacity to injure other persons. Rev. Code Wash. § 19.86.093.

506.     The facts concealed and/or not disclosed by P&G to the Washington Plaintiffs and the other members of the Washington Subclass are material facts that a reasonable person would have considered important in deciding whether or not to purchase Old Spice Deodorants.

507.     The Washington Plaintiffs and the other members of the Washington Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Deodorants.

508.     Had the Washington Plaintiffs and the other members of the Washington Subclass known that Old Spice Deodorants had the capacity cause severe burning, rashes, irritation, and other injury, they would not have purchased and/or used Old Spice Deodorants.

509.     Had P&G not engaged in the unfair or deceptive conduct described above, the Washington Plaintiffs and other members of the Washington Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

510.     P&G's unfair or deceptive representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the

Washington Plaintiffs and the members of the Washington Subclass constituted unfair and deceptive acts and practices in violation of Rev. Code Wash. § 19.86 et seq.

511.     As a direct and proximate result of P&G's violations of the CPA, the Washington Plaintiffs and the other members of the Washington Subclass have been injured in their property.

512.     The Washington Plaintiffs and members of the Washington Subclass have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the CPA. See Rev. Code Wash. § 19.86.090.

513.     The Washington Plaintiffs will provide or already have provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 40**
**VIOLATION OF THE WEST VIRGINIA CONSUMER PROTECTION ACT "CPA"**
**(W. Va. Code §§ 46 A-6-101 et seq.)**
*(Asserted on behalf of the West Virginia Subclass)*

514.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

515.     The West Virginia Plaintiffs assert this cause of action on behalf of themselves and all other members of the West Virginia Subclass. The CPA is codified at W.Va. Code § 46 A-6-101 et seq. The statute provides relief where a defendant represents that goods have characteristics, ingredients, uses or benefits that they do not have, or defendant engages in any other deceptive conduct which creates a likelihood of confusion or of misunderstanding. W. Va. Code § 46 A-102(7)(E) and (L).

516.     The statute also provides for relief if a defendant uses any deception, fraud, misrepresentation, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission in connection with the sale, or advertisement of any goods or services, and if any advertising for sale of goods is false,

misleading, or deceptive, or omits to state material information which is necessary to make the statements therein not false, misleading or deceptive. W. Va. Code § 46 A-102(7)(M) and (N). Any person or consumer who purchases goods and suffers any ascertainable loss of money or property may bring a private action to recover actual damages, or $200, whichever is greater.

517.     P&G had a statutory duty to refrain from misrepresentations about Old Spice Deodorant which created a likelihood of confusion or misunderstanding about Old Spice Deodorant.

518.     P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the CPA.

519.     P&G acted in the face of prior notice that their conduct was deceptive, unfair, or unconscionable.

520.     As a direct and proximate result of P&G's violations of the CPA, the West Virginia Plaintiffs and other members of the West Virginia Subclass have been injured, sustaining ascertainable damages for the cost of used, unused and discarded Old Spice Deodorants and for medical bills, medicines and over-the-counter remedies for burns, rashes, irritation and other injury.

521.     Had P&G not engaged in the deceptive conduct described above, the West Virginia Plaintiffs and other members of the West Virginia Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

522.     P&G's deceptive, misleading or untruthful representations and material omissions to consumers and the public regarding the true nature of Old Spice Deodorants purchased and used by the West Virginia Plaintiffs and the members of the West Virginia Subclass constituted unfair and deceptive acts and practices in violation of W. Va. Code § 46 A-102(7)(E),(L), (M), and (N).

523.     The West Virginia Plaintiffs and members of the West Virginia Class relied on P&G's misrepresentations and/or omissions in buying P&G's  Old Spice Deodorants.

524.     As a direct and proximate result of P&G's wrongful conduct, the West Virginia Plaintiffs and members of the West Virginia Subclass have been injured.

525.     The West Virginia Plaintiffs and members of the West Virginia Subclass are entitled to all of the damages, remedies, fees, and costs available under the CPA. See W. Va. Code § 46 A-6-106(a).

526.     The West Virginia Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 41**
**VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT**
**"DTPA"**
**(Wis. Stat. § 100.18)**
*(Asserted on behalf of the Wisconsin Subclass)*

527.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

528.     The Wisconsin Plaintiffs assert this cause of action on behalf of themselves and all other members of the Wisconsin Subclass.

529.     The DTPA is codified at Wis. Stat. § 100.18. The DTPA provides a private cause of action for any "advertisement, announcement, statement or representation" containing "any

assertion, representation or statement of fact which is untrue, deceptive or misleading" and which causes pecuniary loss. Wis. Stat. § 100.18(1) and (11)(b)2.

530. P&G had a statutory duty to refrain from making untrue, deceptive, or misleading statements in the sale, promotion, and advertisement of Old Spice Deodorants.

531. P&G has engaged in unfair, deceptive, and unconscionable practices by: (1) marketing and selling Old Spice Deodorants without warning that they may cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury with normal use; and (2) intentionally failing to disclose and/or concealing these known defects and risks, in violation of the DTPA.

532. P&G's statements and representations about the safety and quality of Old Spice Deodorants, as set forth above, as well as their failure to disclose the known defects and risks of Old Spice Deodorants, were untrue, deceptive and misleading.

533. P&G made these statements and representations to the public with the intent to induce an obligation.

534. P&G's statements and representations materially induced the Wisconsin Plaintiffs and other members of the Wisconsin Subclass to purchase Old Spice Deodorants. Had P&G not engaged in the deceptive conduct described above, the Wisconsin Plaintiffs and other members of the Wisconsin Subclass would not have purchased, paid for, and/or used Old Spice Deodorants.

535. As a direct and proximate result of P&G's violations of the DTPA, the Wisconsin Plaintiffs and other members of the Wisconsin Subclass have suffered a pecuniary loss.

536.     The Wisconsin Plaintiffs and other members of the Wisconsin Subclass are entitled to recover their pecuniary loss, as well as all of the damages, remedies, fees, and costs available under the DTPA. Wis. Stat. § 100.18(11)(b)2.

537.     The Wisconsin Plaintiffs will provide or already has provided any required notice to appropriate entities regarding P&G's unfair and deceptive trade practices.

**COUNT 42**
**NEGLIGENCE – DESIGN, MANUFACTURING DEFECT AND FAILURE TO WARN**
**(PRODUCTS LIABILITY)**
*(Asserted on behalf of the Nationwide Class)*

538.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

539.     Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Nationwide Class.

540.     P&G designed, manufactured, sold, and/or distributed Old Spice Deodorants to unsuspecting consumers.

541.     Old Spice Deodorants cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury

542.     P&G had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of Old Spice Deodorants, including a duty to ensure that Old Spice Deodorants did not cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

543.     The dermatological hazards associated with the foreseeable use of Old Spice Deodorants are inherent in the product. No action, except discarding the product and/or discontinuing its use can reduce or eliminate the danger.

544.     P&G failed to exercise reasonable care in the design, manufacture, sale, and/or distribution, of Old Spice Deodorants.

545.     Specifically, P&G was negligent in its design, manufacture, testing, inspection, sale and/or distribution of Old Spice Deodorants in that it: (A) failed to use reasonable care in designing and/or manufacturing Old Spice Deodorants so as to avoid the harm of causing severe burning rashes, irritation and/or other injury; (B) failed to conduct adequate quality testing of Old Spice Deodorants to determine the safety of Old Spice Deodorants prior to sale; (C) failed to accompany Old Spice Deodorants with proper warnings regarding the possible adverse effects associated with severe burning, rashes, irritation, and/or other injury.

546.     Despite the fact that P&G knew or should have known that Old Spice Deodorants cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, P&G continued to market and sell Old Spice Deodorants to consumers, including Plaintiffs and other members of the Nationwide Class.

547.     P&G knew or should have known that Plaintiffs and other members of the Nationwide Class, would foreseeably be put at risk and suffer adverse health effects as a result of P&G's failure to warn of severe burning, rashes, irritation, and/or other injury.

548.     P&G's negligence proximately caused Plaintiffs and other members of the Nationwide Class, to suffer severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

549.     Plaintiffs do not allege negligence claims based on an injury to the Old Spice Deodorants themselves; Plaintiffs' negligence claims relate to injuries that they and members of the Nationwide Class suffered, as a result of the Old Spice Deodorants.

## COUNT 43
## STRICT LIABILITY- DESIGN DEFECT/MANUFACTURING DEFECT AND FAILURE TO WARN (PRODUCT LIABILITY)
### *(Asserted on behalf of the Nationwide Class)*

550.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

551.     Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Nationwide Class.

552.     P&G designed, manufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers.

553.     The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, the Old Spice Deodorants were defective when they left the control of P&G such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorants on the market.

554.     P&G knew or should have known that Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger.

555.     P&G knew that Plaintiffs and other members of the Nationwide Class would use the products without first inspecting them for unreasonably irritating chemicals. However, P&G failed to inform Plaintiffs and other members of the Nationwide Class as to the adverse health and safety effects that Old Spice Deodorants could have on unsuspecting consumers.

556.     Old Spice Deodorants were expected to and did reach Plaintiffs and other members of the Nationwide Class without substantial change in condition.

557.     The Old Spice Deodorants P&G designed, manufactured, sold and/or distributed were defective due to inadequate warning and inadequate inspection and testing, and inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

558.     Had Plaintiffs and other members of the Nationwide Class been warned about the capacity of Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants.

559.     As a direct and proximate result of the defective condition of Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, Plaintiffs and other members of the Nationwide Class, have experienced severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

560.     Plaintiffs do not allege strict liability claims based on an injury to the Old Spice Deodorants themselves; Plaintiffs' strict liability claims relate to injuries that they and members of the Nationwide Class, sustained as a result of the Old Spice Deodorants.


**COUNT 44**
**VIOLATION OF THE ARIZONA PRODUCT LIABILITY ACT "PLA"**
**(A.R.S. §12-681 et seq.)**
*(Asserted on behalf of the Arizona Subclass)*

561.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

562.     The Arizona Plaintiff asserts this cause of action on behalf of himself and all other members of the Arizona Subclass. The PLA is codified at Arizona Rev. Stat. § 12-681et seq. The statute allows actions "brought against a manufacturer or seller of product for damages for bodily

136

injury, death or property damage cause by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing packing, labeling, sale, use, or consumption of any product, the failure to warn or protect against a danger or hazard in the use or misuse of the product or the failure to provide proper instructions for the use or consumption of any product." A.R.S. §12-681(5).

563.     P&G's Old Spice Deodorants are products within the meaning of the PLA.

564.     The Arizona Plaintiff and other members of the Arizona Subclass are consumers within the meaning of the PLA.

565.     Old Spice Deodorants were in a defective condition unreasonably dangerous to The Arizona Plaintiff and other members of the Arizona Subclass and/or P&G failed to warn of the dangers of Old Spice Deodorants.

566.     P&G sold Old Spice Deodorants and is a manufacturer for purposes of the PLA.

567.     P&G expected the Old Spice Deodorants to reach the Arizona Plaintiff and other members of the Arizona Subclass in the condition in which they were sold, and they did reach the Arizona Plaintiff and other members of the Arizona Subclass in the condition in which they were sold.

568.     P&G had actual knowledge of the harms Old Spice Deodorants cause, or should have known of those risks in light of available scientific, technical knowledge and consumer complaints. Moreover, P&G knew of dangers that were not open and obvious to Arizona consumers of Old Spice Deodorants.

569.     The defects in Old Spice Deodorants cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

570.     As a result of defects in Old Spice Deodorants, the Arizona Plaintiffs and the members of the Arizona Subclass sustained damages.   Those damages exceed relevant jurisdictional amounts. A.R.S.§12-685.

571.     The Arizona Plaintiffs and other members of the Arizona Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

572.     The Arizona Plaintiff do not allege this claim is based on an injury to Old Spice Deodorants themselves; the Arizona Plaintiff's Product Liability Act claim relates to injuries that the Arizona Plaintiff and the other Arizona Subclass members, as well as their children, sustained as a result of Old Spice Deodorants.

## COUNT 45
## VIOLATION OF THE COLORADO PRODUCT LIABILITY ACT "PLA"
### (Col. Rev. Stat. §§ 13-21-401 et seq.)
### *(Asserted on behalf of the Colorado Subclass)*

573.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

574.     The Colorado Plaintiffs assert this cause of action on behalf of themselves and all other members of the Colorado Subclass. The PLA is codified at Colorado Rev. Stat. § 13-21-401 et seq. The statute allows actions "against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product." Colo. Rev. Stat. § 13-21-401(2).

575.     P&G's Old Spice Deodorants are products within the meaning of the PLA.

576.    The Colorado Plaintiffs and other members of the Colorado Subclass are consumers within the meaning of the PLA.

577.    Old Spice Deodorants were in a defective condition unreasonably dangerous to the Colorado Plaintiffs and other members of the Colorado Class and/or P&G Companies failed to warn of the dangers of Old Spice Deodorants.

578.    P&G sold Old Spice Deodorants and is engaged in the business of selling Old Spice Deodorants.

579.    P&G expected the Old Spice Deodorants to reach the Colorado Plaintiffs and other members of the Colorado Subclass in the condition in which they were sold, and they did reach the Colorado Plaintiffs and other members of the Colorado Subclass in the condition in which they were sold.

580.    P&G had actual knowledge of the harms Old Spice Deodorants cause, or could have known of those risks in light of available scientific and technical knowledge. Moreover, P&G Companies knew of dangers that were not open and obvious to Colorado consumers of Old Spice Deodorants.

581.    The defects in Old Spice Deodorants did actually cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

582.    As a result of defects in Old Spice Deodorants, The Colorado Plaintiffs and the members of the Colorado Subclass sustained damages.

583.    The Colorado Plaintiffs and other members of the Colorado Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

584.    The Colorado Plaintiffs do not allege this claim is based on an injury to Old Spice Deodorants themselves; the Colorado Plaintiff's Product Liability Act claim relates to injuries

that the Colorado Plaintiffs and the other Colorado Subclass members, as well as their children, sustained as a result of Old Spice Deodorants.

**COUNT 46**
**VIOLATION OF THE CONNECTICUT PRODUCT LIABILITY STATUTE**
**(Conn. Gen. Stat. §§ 52-572m et seq.)**
*(Asserted on behalf of the Connecticut Subclass)*

585.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

586.    The Connecticut Plaintiffs asserts this cause of action under the Connecticut Product Liability Statute, Conn. Gen. Stat. § 52-572m et seq., on behalf of themselves and all other members of the Connecticut Subclass.

587.    P&G manufactured, constructed, designed, formulated, sold and/or distributed Old Spice Deodorants within the meaning of Conn. Gen. Stat. § 52-572m(e).

588.    Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, Old Spice Deodorants were defective when they left the control of the P&G such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorants. The defects in the design or formulation of Old Spice Deodorants were a proximate cause of the injuries to those who used Old Spice Deodorants.

589.    P&G had actual knowledge or should have known that Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger.

590.    P&G knew that the Connecticut Plaintiffs and other members of the Connecticut Subclass members would use Old Spice Deodorants without first inspecting them for

unreasonably irritating chemicals. However, P&G failed to inform the Connecticut Plaintiffs and other members of the Connecticut Subclass about the adverse health and safety effects of Old Spice Deodorants.

591.    Old Spice Deodorants were expected to and did reach the Connecticut Plaintiffs and other members of the Connecticut Subclass without substantial change in condition.

592.    Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective and unreasonably dangerous due to inadequate warning or instruction within the meaning of Conn. Gen. Stat. § 52-572q(a).

593.    Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed did not conform to representations made by P&G.

594.    Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective due to inadequate testing, as well as inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

595.    Had the Connecticut Plaintiffs and other members of the Connecticut Subclass been warned about the capacity of Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained Old Spice Deodorants, nor would they have used Old Spice Deodorants and claimants would not have suffered the harm. Conn. Gen. Stat. § 52-572q(c).

596.    As a direct and proximate result of the defective condition of Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G Companies, the Connecticut Plaintiffs and other members of the Connecticut Class, have been injured.

597.     The Connecticut Plaintiffs and other members of the Connecticut Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

598.     The Connecticut Plaintiffs do not allege this Connecticut Product Liability Act claim based on an injury to Old Spice Deodorants themselves; the Connecticut Plaintiffs' Connecticut Product Liability Act claim relates to injuries that they and Class members, as well as their children, sustained as a result of Old Spice Deodorants.

**COUNT 47**
**VIOLATION OF THE GEORGIA PRODUCT LIABILITY ACT "PLA"**
**(O.C.G.A. §51-1-11 et seq.)**
*(Asserted on behalf of the Georgia Subclass)*

599.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

600.     The Georgia Plaintiffs assert this cause of action on behalf of themselves and all other members of the Georgia Subclass. The PLA is codified at O.C.G.A. §51-1-11. The statute provides that a cause of action can be maintained against "[T]he manufacturer of any personal property sold as new property directly or through a dealer or any other persons, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." O.C.G.A. §51-1-11(b).

601.     P&G's Old Spice Deodorants are personal property within the meaning of the PLA.

602.     The Georgia Plaintiffs and other members of the Georgia Subclass are natural persons within the meaning of the PLA.

142

603.    Old Spice Deodorants were in a defective condition unreasonably dangerous to the Georgia Plaintiffs and other members of the Georgia Subclass and P&G failed to warn of the dangers of Old Spice Deodorants.

604.    P&G sold Old Spice Deodorants and is a manufacturer for purposes of the PLA.

605.    P&G expected the Old Spice Deodorants to reach the Georgia Plaintiffs and other members of the Georgia Class in the condition in which they were sold, and they did reach the Georgia Plaintiffs and other members of the Georgia Subclass in the condition in which they were sold.

606.    P&G had actual knowledge of the harms Old Spice Deodorants cause, or should have known of those risks in light of available scientific, technical knowledge and consumer complaints. Moreover, P&G knew of dangers that were not open and obvious to Georgia consumers of Old Spice Deodorants.

607.    The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

608.    As a result of defects in Old Spice Deodorants, the Georgia Plaintiffs and the members of the Georgia Subclass sustained damages.

609.    The Georgia Plaintiffs and other members of the Georgia Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

610.    466. The Georgia Plaintiffs do not allege this claim is based on an injury to Old Spice Deodorants themselves; the Georgia Plaintiffs' Product Liability Act claim relates to injuries that the Georgia Plaintiffs and the other Georgia Subclass members sustained as a result of Old Spice Deodorants.

**COUNT 48**
**VIOLATION OF THE INDIANA PRODUCT LIABILITY ACT "PLA"**
**(INDIANA CODE ANN. §34-20-1-2 et seq.)**
*(Asserted on behalf of the Indiana Subclass)*

611.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

612.    The Indiana Plaintiffs assert this cause of action on behalf of themselves and all other members of the Indiana Subclass. The PLA is codified at Ind. Code Ann§34-20-1-2. The Indiana Product liability Act is not to be construed to limit any other action from being brought against a seller of a product.  However, the article governs all actions that are brought (1) by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought.

613.    The Act provides that a person who sells, leases or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer of to the user's or consumer's property is subject to liability for physical harm caused by that product to the user or consumer or to the user's or consumer's property if (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition; (2) the seller is engaged in the business of selling the product; and (3) the product is expected to and does reach the user or consumer without substantial alteration. Ind. Code. Ann. §34-20-2-1.

614.    The Indiana Plaintiffs and other members of the Indiana Subclass are natural persons and in the class of persons that P&G should have reasonable foreseen to being subject to harm.

615.    P&G is in the business of selling Old Spice Deodorants.

144

616.     Old Spice Deodorants were in a defective condition unreasonably dangerous to the Indiana Plaintiffs and other members of the Indiana Subclass and P&G failed to warn of the dangers of Old Spice Deodorants.

617.     P&G expected the Old Spice Deodorants to reach Indiana Plaintiffs and other members of the Indiana Subclass in the condition in which they were sold, and they did reach Indiana Plaintiffs and other members of the Indiana Subclass in the condition in which they were sold.

618.     P&G had actual knowledge of the harms Old Spice Deodorants cause, or should have known of those risks in light of available scientific, technical knowledge and consumer complaints. Moreover, P&G knew of dangers that were not open and obvious to Georgia consumers of Old Spice Deodorants. Further, P&G did not exercise reasonable care in providing warnings to the Indiana Plaintiff and the Indiana Subclass. §34-20-2-2.

619.     The defects in Old Spice Deodorants cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

620.     As a result of defects in Old Spice Deodorants, the Indiana Plaintiffs and the members of the Indiana Subclass sustained damages.

621.     The Indiana Plaintiffs and other members of the Indiana Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

622.     The Indiana Plaintiffs do not allege this claim is based on an injury to Old Spice Deodorants themselves; the Indiana Plaintiffs' Product Liability Act claim relates to injuries that the Indiana Plaintiffs and the other Indiana Subclass members sustained as a result of Old Spice Deodorants.

**COUNT 49**
**VIOLATION OF THE KANSAS PRODUCT LIABILITY LAW**
**(Kan. Stat. § 60-3302)**
*(Asserted on behalf of the Kansas Subclass)*

623.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

624.    The Kansas Plaintiffs assert this cause of action under Kan. Stat. § 60-3302, on behalf of themselves and all other members of the Kansas Subclass.

625.    P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers.

626.    The Kansas Plaintiffs and other members of the Kansas Subclass used Old Spice Deodorants in a manner reasonably anticipated by P&G.

627.    Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

628.    The defects in Old Spice Deodorants cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

629.    Kansas Plaintiffs and other members of the Kansas Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

630.    In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Kansas Plaintiffs and other members of the Kansas Subclass were damaged as a direct result of the product being sold without an adequate warning.

146

631.     As a direct and proximate result of P&G's wrongful conduct, the Kansas Plaintiffs and other members of the Kansas Subclass have been injured.

632.     The Kansas Plaintiffs and other members of the Kansas Class are entitled to all of the damages, remedies, fees, and costs available under applicable law.

633.     The Kansas Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Kansas Plaintiffs' claim relates to injuries that they and Kansas Subclass members, as well as their children, sustained as a result of Old Spice Deodorants.

**COUNT 50**
**VIOLATION OF THE KENTUCKY PRODUCT LIABILITY ACT**
**(Ky. Rev. Stat. §§ 411.300 et seq.)**
***(Asserted on behalf of the Kentucky Subclass)***

634.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

635.     The Kentucky Plaintiffs assert this cause of action under the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300 et seq., on behalf of themselves and all other members of the Kentucky Subclass.

636.     P&G manufactured, constructed, designed, formulated, sold and/or distributed Old Spice Deodorants to unsuspecting consumers.

637.     The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, the Old Spice Deodorants were defective when they left the control of the P&G Companies such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorants. The defects in the design or formulation of the Old Spice Deodorants were a proximate cause of the injuries to those who used the Old Spice Deodorants.

147

638.     P&G knew or should have known that Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger.

639.     P&G knew that the Kentucky Plaintiffs and other members of the Kentucky Subclass would use Old Spice Deodorants without first inspecting them for unreasonably irritating chemicals. However, P&G failed to warn the Kentucky Plaintiffs and other members of the Kentucky Subclass about the adverse health and safety effects that Old Spice Deodorants have on unsuspecting consumers.

640.     Old Spice Deodorants were expected to and did reach the Kentucky Plaintiffs and other members of the Kentucky Subclass without substantial change in condition.

641.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective and unreasonably dangerous due to inadequate warning or instruction.

642.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed did not conform to representations made by P&G.

643.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective due to inadequate testing, as well as inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

644.     Had the Kentucky Plaintiffs and other members of the Kentucky Subclass been warned about the capacity of Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used

148

Old Spice Deodorants.  Therefore the lack of any warning was a proximate cause of the harm for which damages are sought.

645.    As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, the Kentucky Plaintiffs and other members of the Kentucky Class, have been injured.

646.    The Kentucky Plaintiffs and other members of the Kentucky Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

647.    The Kentucky Plaintiffs do not allege this Product Liability Act claim based on an injury to Old Spice Deodorants themselves; the Kentucky Plaintiffs' Kentucky Product Liability Act claim relates to injuries that they and Class members sustained as a result of the Old Spice Deodorants.

## COUNT 51
## VIOLATION OF THE LOUISIANA PRODUCTS LIABILITY ACT "PLA"
## (La. R.S. §2800.54  et seq.)
### *(Asserted on behalf of the Louisiana Subclass)*

648.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

649.    The Louisiana Plaintiff asserts this cause of action on behalf of himself and all other members of the Louisiana Subclass. The PLA is codified at La. R.S. §9:2800.51 et seq.

650.    The PLA provides the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter. La. R.S. § 9:2800.52

651.    The act provides that a manufacturer of a product shall be liable to a claimant for damages proximately caused by a characteristic of the product that renders the product

unreasonably dangerous when such damage arose from a reasonably anticipated use of the product. La. R.S. §9:2800.54.

652.     The Louisiana Plaintiff and other members of the Louisiana Subclass are "claimants" and in the class of persons that P&G should have reasonably anticipated to use as a deodorant. §9:2800.53.

653.     P&G is a manufacturer within the meaning of the PLA. §9:2800.53.

654.     Old Spice Deodorants are products within the meaning of the PLA. §9:2800.53.

655.     Old Spice Deodorants were in a defective condition and unreasonably dangerous to the Louisiana Plaintiff and other members of the Louisiana Subclass when it left the control of P&G.

656.     P&G expected the Old Spice Deodorants to reach the Louisiana Plaintiff and other members of the Louisiana Subclass in the condition in which they were sold, and they did reach the Louisiana Plaintiff and other members of the Louisiana Subclass in the condition in which they were sold.

657.     P&G had actual knowledge of the harms Old Spice Deodorants cause, or should have known of those risks in light of available scientific, technical knowledge and consumer complaints. Moreover, P&G knew of dangers that were not open and obvious to Louisiana consumers of Old Spice Deodorants. Further, P&G did not exercise reasonable care in providing warnings to the Louisiana Plaintiff and the Louisiana Class.

658.     The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

659.     As a result of defects in Old Spice Deodorants, the Louisiana Plaintiff and the members of the Louisiana Subclass sustained damages.

150

660.    The Louisiana Plaintiff and other members of the Louisiana Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

661.    The Louisiana Plaintiff does not allege this claim is based on an injury to Old Spice Deodorants themselves; the Louisiana Plaintiff's Product Liability Act claim relates to injuries that the Louisiana Plaintiff and the other Louisiana Subclass members sustained as a result of Old Spice Deodorants.

## COUNT 52
## VIOLATION OF THE MAINE PRODUCT LIABILITY LAW
### (14 Me. Rev. Stat. § 221)
### *(Asserted on behalf of the Maine Subclass)*

662.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

663.    The Maine Plaintiff asserts this cause of action under 14 Me. Rev. Stat. § 221, on behalf of himself and all other members of the Maine Subclass.

664.    P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers. P&G transferred the Old Spice Deodorants in the course of its business.

665.    The Maine Plaintiff and other members of the Maine Subclass used Old Spice Deodorants in a manner reasonably anticipated by P&G.

666.    The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

667.    The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

151

668.     The Maine Plaintiff and other members of the Maine Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

669.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Maine Plaintiff and other members of the Maine Subclass were damaged as a direct result of the product being sold without an adequate warning.

670.     As a direct and proximate result of P&G's wrongful conduct, the Maine Plaintiff and other members of the Maine Subclass have been injured.

671.     The Maine Plaintiff and other members of the Maine Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

672.     The Maine Plaintiff does not allege this claim based on an injury to Old Spice Deodorants themselves; the Maine Plaintiff's claim relates to injuries that she and Maine Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 53**
**VIOLATION OF THE MICHIGAN PRODUCTS LIABILITY ACT "PLA"**
**(MCLS §600.2945  et seq.)**
*(Asserted on behalf of the Michigan Subclass)*

673.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

674.     The Michigan Plaintiffs assert this cause of action on behalf of themselves and all other members of the Michigan Class. The PLA is codified at MCLS §600.2945.

675.     The PLA provides that a "Product liability action" means an action based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product.

152

676.     The Michigan Plaintiffs and other members of the Michigan Subclass are "claimants" and in the class of persons that P&G should have reasonably anticipated to use Old Spice Deodorants as a deodorant.

677.     P&G is a manufacturer within the meaning of the PLA.

678.     Old Spice Deodorants are products within the meaning of the PLA.

679.     Old Spice Deodorants were in a defective condition and unreasonably dangerous to the Michigan Plaintiffs and other members of the Michigan Subclass when it left the control of P&G.

680.     P&G expected the Old Spice Deodorants to reach the Michigan Plaintiffs and other members of the Michigan Subclass in the condition in which they were sold, and they did reach Michigan Plaintiffs and other members of the Michigan Subclass in the condition in which they were sold.

681.     P&G had actual knowledge of the harms Old Spice Deodorants cause, or should have known of those risks in light of available scientific, technical knowledge and consumer complaints. Moreover, P&G knew of dangers that were not open and obvious to Michigan consumers of Old Spice Deodorants. Further, P&G did not exercise reasonable care in providing warnings to the Michigan Plaintiffs and the Michigan Class.

682.     The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

683.     As a result of defects in Old Spice Deodorants, the Michigan Plaintiffs and the members of the Michigan Subclass  sustained damages.

684.     The Michigan Plaintiffs and other members of the Michigan Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

685.     The Michigan Plaintiffs do not allege this claim is based on an injury to Old Spice Deodorants themselves; the Michigan Plaintiffs' Product Liability Act claim relates to injuries that Michigan Plaintiffs and the other Michigan Subclass members sustained as a result of Old Spice Deodorants.

**COUNT 54**
**VIOLATION OF THE MISSISSIPI PRODUCT LIABILITY LAW**
**(Miss. Code Ann. § 11-1-63)**
***(Asserted on behalf of the Mississippi Subclass)***

686.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

687.     The Mississippi Plaintiff asserts this cause of action under Miss. Code Ann § 11-1-63 et seq. on behalf of himself and all other members of the Mississippi Subclass.

688.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers. P&G manufactured the Old Spice Deodorants in the course of its business.

689.     The Mississippi Plaintiff and other members of the Mississippi Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

690.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

691.     The Mississippi Plaintiff and other members of the Mississippi Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

692.     The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

693.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Mississippi Plaintiff and other members of the Mississippi Subclass were damaged as a direct result of the product being sold without an adequate warning.

694.     As a direct and proximate result of P&G's wrongful conduct, the Mississippi Plaintiff and other members of the Mississippi Subclass have been injured.

695.     The Mississippi Plaintiff and other members of the Mississippi Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

696.     The Mississippi Plaintiff do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Mississippi Plaintiff's claim relates to injuries that they and Mississippi Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 55**
**VIOLATION OF THE MISSOURI PRODUCT LIABILITY LAW**
**(Mo. Rev. Stat. § 537.760)**
*(Asserted on behalf of the Missouri Subclass)*

697.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

698.     The Missouri Plaintiffs assert this cause of action under Mo. Rev. Stat. § 537.760, on behalf of themselves and all other members of the Missouri Subclass.

699.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers. P&G transferred the Old Spice Deodorants in the course of its business.

700.     The Missouri Plaintiffs and other members of the Missouri Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

701.    The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

702.    The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

703.    The Missouri Plaintiffs and other members of the Missouri Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

704.    In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Missouri Plaintiffs and other members of the Missouri Subclass were damaged as a direct result of the product being sold without an adequate warning.

705.    As a direct and proximate result of P&G's wrongful conduct, the Missouri Plaintiffs and other members of the Missouri Subclass have been injured.

706.    The Missouri Plaintiffs and other members of the Missouri Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

707.    The Missouri Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Missouri Plaintiffs' claim relates to injuries that they and Missouri Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 56**
**VIOLATION OF THE NEBRASKA PRODUCT LIABILITY LAW**
**(Neb. Rev. Stat. §§ 25-21, 180 et seq.)**
***(Asserted on behalf of the Nebraska Subclass)***

708.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

156

709.     The Nebraska Plaintiff asserts this cause of action under Neb. Rev. Stat. § 25-21, 180 et seq., on behalf of themselves and all other members of the Nebraska Subclass.

710.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed the Old Spice Deodorants unsuspecting consumers. P&G transferred the Old Spice Deodorants in the course of its business.

711.     The Nebraska Plaintiff and other members of the Nebraska Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

712.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

713.     The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

714.     The Nebraska Plaintiff and other members of the Nebraska Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

715.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Nebraska Plaintiff and other members of the Nebraska Subclass were damaged as a direct result of the product being sold without an adequate warning.

716.     As a direct and proximate result of P&G's wrongful conduct, the Nebraska Plaintiff and other members of the Nebraska Subclass have been injured, including severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

717.     The Nebraska Plaintiff and other members of the Nebraska Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

718.     The Nebraska Plaintiff does not allege this claim based on an injury to the Old Spice Deodorants themselves; the Nebraska Plaintiff's claim relates to injuries that she and Nebraska Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 57**
**VIOLATION OF THE NEW JERSEY PRODUCT LIABILITY ACT**
**(N.J. Stat. §§ 2A:58C-1 et seq.)**
***(Asserted on behalf of the New Jersey Subclass)***

719.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

720.     The New Jersey Plaintiffs asserts this cause of action under the New Jersey Product Liability Act, N.J. Stat. § 2A:58C-1 et seq., on behalf of themselves and all other members of the New Jersey Subclass.

721.     P&G manufactured, constructed, designed, formulated, sold and/or distributed Old Spice Deodorants to unsuspecting consumers within the meaning of N.J. Stat. § 2A:58C-1 et seq.

722.     The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, under N.J. Stat. § 2A:58C-2, the Old Spice Deodorants were not reasonably fit, suitable or safe for their intended purpose because they: deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, failed to contain adequate warnings or instructions, and/or were designed in a defective manner.

158

723. P&G knew or should have known that the Old Spice Deodorants contained a non-obvious danger unsuspecting consumers.

724. P&G knew that New Jersey Plaintiffs and other members of the New Jersey Subclass would use the products without first inspecting them for unreasonably irritating chemicals. However, P&G failed to inform New Jersey Plaintiffs and other members of the New Jersey Subclass as to the adverse health and safety effects that the Old Spice Deodorants could have unsuspecting consumers.

725. The Old Spice Deodorants were expected to and did reach New Jersey Plaintiffs and other members of the New Jersey Subclass without substantial change in condition.

726. Had the New Jersey Plaintiffs and other members of the New Jersey Subclass been warned about the capacity of Old Spice Deodorants to severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants.

727. P&G had a continuing duty to warn the New Jersey Plaintiffs and other members of the New Jersey Subclass of the capacity of Old Spice Deodorants to cause severe burning, rashes, irritation, and/or other injury to unsuspecting consumers.

728. As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, the New Jersey Plaintiffs and other members of the New Jersey Subclass have been injured.

729. The New Jersey Plaintiffs and other members of the New Jersey Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

730.     The New Jersey Plaintiffs do not allege this New Jersey Product Liability Act claim based on an injury to the Old Spice Deodorants themselves; the New Jersey Product Liability Act claim relates to injuries that New Jersey Plaintiffs and Class members sustained as a result of the Old Spice Deodorants.

**COUNT 58**
**VIOLATION OF THE NORTH CAROLINA PRODUCT LIABILITY ACT**
**(N.C. Gen. Stat. § 99B-1)**
*(Asserted on behalf of the North Carolina Subclass)*

731.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

732.     The North Carolina Plaintiffs assert this cause of action under the North Carolina Product Liability Act, N.C. Gen. Stat. § 99B-1, on behalf of themselves and all other members of the North Carolina Subclass.

733.     P&G manufactured, constructed, designed, formulated, sold and/or distributed Old Spice Deodorants to unsuspecting consumers within the meaning of N.C. Gen. Stat. § 99B-1(2).

734.     The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, the Old Spice Deodorants were defective when they left the control of P&G such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorant products. The defects in the design or formulation of the Old Spice Deodorants were a proximate cause of the injuries to the babies who used the Old Spice Deodorants.

160

735. P&G knew or should have known that the Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger.

736. P&G knew that the North Carolina Plaintiffs and other members of the North Carolina Class would use the Old Spice Deodorants without first inspecting them for unreasonably irritating chemicals. However, P&G failed to inform the North Carolina Plaintiffs and other members of the North Carolina Subclass about the adverse health and safety effects that the Old Spice Deodorants could have unsuspecting consumers.

737. The Old Spice Deodorants were expected to and did reach the North Carolina Plaintiffs and other members of the North Carolina Subclass without substantial change in condition.

738. The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective and unreasonably dangerous due to inadequate warning or instruction within the meaning of N.C. Gen. Stat. § 99B-5.

739. The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed did not conform to representations made by P&G.

740. The Old Spice Deodorants that Companies manufactured, constructed, designed, formulated, sold and/or distributed were defective due to inadequate testing, as well as inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

741. Had the North Carolina Plaintiffs and other members of the North Carolina Subclass been warned about the capacity of the Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would

not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants. Therefore the lack of any warning was a proximate cause of the harm for which damages are sought.

742.     As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, the North Carolina Plaintiffs and other members of the North Carolina Subclass have been injured.

743.     The North Carolina Plaintiffs and other members of the North Carolina Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

744.     The North Carolina Plaintiffs do not allege this North Carolina Product Liability Act claim based on an injury to the Old Spice Deodorants themselves; the North Carolina Plaintiffs' North Carolina Product Liability Act claim relates to injuries that they and Class members, as well as their children, sustained as a result of the Old Spice Deodorants.

**COUNT 59**
**VIOLATION OF THE NORTH DAKOTA PRODUCT LIABILITY ACT**
**(N.D. CENT. CODE § 28-01.3-01)**
*(Asserted on behalf of the North Dakota Subclass)*

745.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

746.     The North Dakota Plaintiff asserts this cause of action under the North Dakota Product Liability Act, N.D. Cent. Code § 28-01.3-01et seq., on behalf of herself and all other members of the North Dakota Subclass.

747.     P&G manufactured, constructed, designed, formulated, sold and/or distributed Old Spice Deodorants to unsuspecting consumers within the meaning of N.D. Cent. Code § 28-01.3-01et seq.

162

748.     The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing. Further, the Old Spice Deodorants were defective when they left the control of P&G such that: (1) the foreseeable risks exceeded the benefits associated with the design or manufacturing with same, or (2) they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorant products. The defects in the design or formulation of the Old Spice Deodorants were a proximate cause of the injuries to the babies who used the Old Spice Deodorants.

749.     P&G knew or should have known that the Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger.

750.     P&G knew that the North Dakota Plaintiff and other members of the North Dakota Subclass would use the Old Spice Deodorants without first inspecting them for unreasonably irritating chemicals. However, P&G failed to inform the North Dakota Plaintiff and other members of the North Dakota Subclass about the adverse health and safety effects that the Old Spice Deodorants could have unsuspecting consumers.

751.     The Old Spice Deodorants were expected to and did reach the North Dakota Plaintiff and other members of the North Dakota Subclass without substantial change in condition.

752.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective and unreasonably dangerous due to inadequate warning or instruction within the meaning of N.D. Cent. Code § 28-01.3-01

753.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed did not conform to representations made by P&G.

754.     The Old Spice Deodorants that Companies manufactured, constructed, designed, formulated, sold and/or distributed were defective due to inadequate testing, as well as inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

755.     Had the North Dakota Plaintiff and other members of the North Dakota Subclass been warned about the capacity of the Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants. Therefore the lack of any warning was a proximate cause of the harm for which damages are sought.

756.     As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, the North Dakota Plaintiff and other members of the North Dakota Subclass have been injured.

757.     The North Dakota Plaintiff and other members of the North Dakota Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law which are in excess of $50,000.  N.D. Cent. Code § 28-01.3-2.

758.     The North Dakota Plaintiff does not allege this North Dakota Product Liability Act claim based on an injury to the Old Spice Deodorants themselves; the North Dakota Plaintiff's North Dakota Product Liability Act claim relates to injuries that she and Class members sustained as a result of the Old Spice Deodorants.

**COUNT 60**
**OHIO PRODUCT LIABILITY ACT**
**(Ohio Rev. Code §§ 2307.71 et seq.)**
*(Asserted on Behalf of the Ohio Subclass)*

759.     The Ohio Plaintiffs assert this cause of action under Ohio Rev. Code §2307.71 et seq., on behalf of themselves and all other members of the Ohio Subclass.

760.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorant to unsuspecting consumers. P&G manufactured the Old Spice Deodorants in the course of its business.

761.     Ohio Plaintiffs and Ohio Subclass members are "Claimants" pursuant to Ohio's Product Liability Act ("OPLA") §2307.01(A)(1).

762.     P&G is a "Manufacturer" under OPLA §2307.01(A)(9).

763.     Old Spice deodorant is capable of delivery itself. OPLA §2307.71(12)(a)(i)

764.     Old Spice deodorant is produced, manufactured, or supplied for introduction into trade of commerce. OPLA §2307.71(12)(a)(ii)

765.     Old Spice deodorant is intended for sale or lease to persons for personal use. OPLA §2307.71(12)(a)(iii).

766.     The Ohio Plaintiffs and other members of the Ohio Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

767.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

768.     The Ohio Plaintiffs and other members of the Ohio Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

165

769.     The Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Ohio Plaintiffs and other members of the Ohio Subclass were damaged as a direct result of the product being sold without an adequate warning.

770.     As a direct and proximate result of P&G's wrongful conduct, the Ohio Plaintiffs and other members of the Ohio Subclass have been injured, including severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

771.     The Ohio Plaintiffs and other members of the Ohio Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

772.     The Ohio Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Ohio Plaintiffs' claim relates to injuries that they and Ohio Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 61**
**VIOLATION OF THE OREGON PRODUCT LIABILITY LAW**
**(Or. Rev. Stat. §§ 30.900 et seq.)**
*(Asserted on behalf of the Oregon Subclass)*

773.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

774.     The Oregon Plaintiffs assert this cause of action under Or. Rev. Stat. § 30.900 et seq., on behalf of themselves and all other members of the Oregon Subclass.

775.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorant to unsuspecting consumers. P&G transferred the Old Spice Deodorants in the course of its business.

776.     The Oregon Plaintiffs and other members of the Oregon Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

166

777.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

778.     The defects in Old Spice Deodorants cause burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

779.     The Oregon Plaintiffs and other members of the Oregon Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

780.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Oregon Plaintiffs and other members of the Oregon Subclass were damaged as a direct result of the product being sold without an adequate warning.

781.     As a direct and proximate result of P&G's wrongful conduct, the Oregon Plaintiffs and other members of the Oregon Subclass have been injured.

782.     The Oregon Plaintiffs and other members of the Oregon Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

783.     The Oregon Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Oregon Plaintiffs' claim relates to injuries that they and Oregon Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 62**
**VIOLATION OF THE SOUTH CAROLINA PRODUCTS LIABILITY LAW**
**(S.C. Code § 15-73-10)**
***(Asserted on behalf of the South Carolina Subclass))***

784.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

785.     The South Carolina Plaintiffs assert this cause of action under S.C. Code § 15-73-10, on behalf of themselves and all other members of the South Carolina Subclass.

786.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants unsuspecting consumers. P&G transferred the Old Spice Deodorants in the course of its business.

787.     The South Carolina Plaintiffs and other members of the South Carolina Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

788.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

789.     The South Carolina Plaintiffs and other members of the South Carolina Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

790.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the South Carolina Plaintiffs and other members of the South Carolina Subclass were damaged as a direct result of the product being sold without an adequate warning.

791.     As a direct and proximate result of P&G's wrongful conduct, the South Carolina Plaintiffs and other members of the South Carolina Subclass have been injured, including severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

792.     The South Carolina Plaintiffs and other members of the South Carolina Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

793.     The South Carolina Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the South Carolina Plaintiffs' claims relate to injuries that they and the South Carolina Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 63**
**VIOLATION OF THE TENNESSE PRODUCTS LIABILITY ACT**
**(Tenn. Code § 29-28-101)**
***(Asserted on behalf of the Tennessee Subclass)***

794.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

795.     The Tennessee Plaintiffs assert this cause of action under Tenn. Code Ann. § 29-28-101, on behalf of themselves and all other members of the Tennessee Subclass.

796.     P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants unsuspecting consumers. P&G Companies manufactured the Old Spice Deodorants in the course of its business.

797.     The Tennessee Plaintiffs and other members of the Tennessee Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G.

798.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

799.     The Tennessee Plaintiffs and other members of the Tennessee Subclass were damaged as a direct result of such defective condition which existed when the Old Spice Deodorants left P&G's control.

800.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their

characteristics, and the Tennessee Plaintiffs and other members of the Tennessee Subclass were damaged as a direct result of the product being sold without an adequate warning.

801.    As a direct and proximate result of P&G's wrongful conduct, the Tennessee Plaintiffs and other members of the Tennessee Subclass  have been injured, including severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

802.    The Tennessee Plaintiffs and other members of the Tennessee Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law, and to be determined by trial and/or the Court. The Tennessee Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Tennessee Plaintiffs' claim relate to injuries that they and the Tennessee Subclass members sustained as a result of the Old Spice Deodorants.

## COUNT 64
## VIOLATION OF THE TEXAS PRODUCT LIABILITY LAW
### (Tex. Civ. Prac. & Rem. Code § 82.001 et seq.)
*(Asserted on behalf of the Texas Subclass)*

803.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

804.    The Texas Plaintiffs assert this cause of action under Tex. Civ. Prac. & Rem. Code § 82.001 et seq., on behalf of themselves and all other members of the Texas Subclass.

805.    P&G designed, manufactured, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers.  P&G transferred the Old Spice Deodorants in the course of its business.

806.    The Texas Plaintiffs and other members of the Texas Subclass used the Old Spice Deodorants in a manner reasonably anticipated by P&G Companies.

170

807.     The Old Spice Deodorants were in a defective condition due to defective design and/or manufacture, and therefore were unreasonably dangerous when put to a reasonably anticipated use.

808.     The Texas Plaintiffs and other members of the Texas Subclass were damaged as a direct result of such defective condition, which existed when the Old Spice Deodorants were sold.

809.     In addition, or in the alternative, the Old Spice Deodorants were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and the Texas Plaintiffs and other members of the Texas Subclass were damaged as a direct result of the product being sold without an adequate warning.

810.     As a direct and proximate result of P&G's wrongful conduct, the Texas Plaintiffs and other members of the Texas Subclass have been injured, including severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury.

811.     The Texas Plaintiffs and other members of the Texas Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

812.     The Texas Plaintiffs do not allege this claim based on an injury to the Old Spice Deodorants themselves; the Texas Plaintiffs' claims relates to injuries that they and Texas Subclass members sustained as a result of the Old Spice Deodorants.

**COUNT 65**
**VIOLATION OF THE UTAH PRODUCT LIABILITY LAW**
**(Utah Code Ann. Code § 78-15-1 et seq.)**
*(Asserted on behalf of the Utah Subclass)*

813.     Plaintiffs repeat and reallege each and every allegation contained above as if fully rewritten herein.

814.    The Utah Plaintiff asserts this cause of action under the Utah Product Liability Act, Utah Code Ann. § 78-15-1 et seq., on behalf of himself and all other members of the Utah Subclass.

815.    P&G manufactured, constructed, designed, formulated, sold, and/or distributed Old Spice Deodorants to unsuspecting consumers within the meaning of Utah Code Ann. § 78-15-6.

816.    The Old Spice Deodorants that P&G designed, manufactured, sold and/or distributed were defective in design and/or manufacturing.  Further, under the Utah Code, the Old Spice Deodorants were not reasonably fit, suitable or safe for their intended purpose because they: deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, failed to contain adequate warnings or instructions, and/or were designed in a defective manner.

817.    P&G knew or should have known that the Old Spice Deodorants contained a non-obvious danger to unsuspecting customers.

818.    P&G knew that Plaintiffs and other members of the Utah Subclass would use the products without first inspecting them for unreasonably irritating chemicals.  However, P&G failed to inform Plaintiffs and other members of the Utah Subclass  as to the adverse health and safety effects that the Old Spice Deodorants could have on unsuspecting consumers.

819.    The Old Spice Deodorants were expected to and did reach Utah Plaintiff and other members of the Utah Subclass without substantial chance in condition.

820.    Had the Utah Plaintiff and other members of the Utah Subclass been warned about the capacity of Old Spice Deodorants to severe burning, rashes, irritation, scarring,

discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants.

821.     P&G had a continuing duty to warn the Utah Plaintiff and other members of the Utah Subclass of the capacity of Old Spice Deodorants to cause severe burning, rashes, irritation, and/or other injury to unsuspecting consumers.

822.     As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G Companies, the Utah Plaintiff and other members of the Utah Subclass have been injured.

823.     The Utah Plaintiff and other members of the Utah Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

824.     The Utah Plaintiff does not allege this Utah Product Liability Act Claim based on an injury to the Old Spice Deodorants themselves; the Utah Product Liability Act claim relates to injuries that the Utah Plaintiff and Utah Subclass Members sustained as a result of the Old Spice Deodorants.

## COUNT 66
## VIOLATION OF THE WASHINGTON PRODUCT LIABILITY ACT "PLA"
### (Rev. Code Wash. §§ 7.72 et seq.)
### *(Asserted on behalf of the Washington Subclass)*

825.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

826.     The Washington Plaintiffs assert this cause of action under the Washington Product Liability Act, Rev. Code Wash. § 7.72 et seq., on behalf of themselves and all other members of the Washington Subclass.

827. P&G designed, produced, made, manufactured, fabricated, constructed, remanufactured, sold and/or distributed Old Spice Deodorants to unsuspecting consumers, within the meaning of Rev. Code Wash. § 7.72.010.

828. The Old Spice Deodorants were defective in design and/or construction, rendering them not reasonably safe. Further, the Old Spice Deodorants were defective when they left the control of the P&G Companies such that: (1) the foreseeable risks outweighed the utility associated with the design or construction; (2) the foreseeable risks outweighed the burden on P&G to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the Old Spice Deodorants; (3) when the Old Spice Deodorants left the control of P&G, they deviated in some material way from the design specifications or performance standards of P&G, or deviated in some material way from otherwise identical units of the same product line; (4) the Old Spice Deodorants did not conform to the implied warranty; and/or (5) the Old Spice Deodorants were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and/or more dangerous than other deodorants. See Rev. Code. Wash. § 7.72.030.

829. P&G Companies knew or should have known that the Old Spice Deodorants contained a non-obvious danger to unsuspecting consumers. Moreover, the presence of irritating chemicals was a known danger. As such, the Old Spice Deodorants were not reasonably safe within the meaning of Rev. Code Wash. § 7.72.030.

830. P&G knew or should have known that the Washington Plaintiffs and other members of the Washington Subclass would use the products without first inspecting them for unreasonably irritating chemicals that cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury. However, P&G failed to inform

174

Washington Plaintiffs and other members of the Washington Subclass as to the adverse health and safety effects that the Old Spice Deodorants could have on unsuspecting consumers. P&G could have provided warnings that would have been adequate but did not do so. As such, the Old Spice Deodorants were not reasonably safe because adequate warnings or instructions were not provided with the product within the meaning of Rev. Code Wash. § 7.72.030.

831.     After P&G manufactured the Old Spice Deodorants and learned or should have learned of the danger connected to the Old Spice Deodorants after they were manufactured, P&G nevertheless failed to warn or instruct the Washington Plaintiffs and other members of the Washington Subclass of defects that made the Old Spice Deodorants not reasonably safe. As such P&G violated its post-sale duty to warn under Rev. Code Wash. §7.72.030, failing to act as a reasonably prudent manufacturer.

832.     The Old Spice Deodorants were expected to and did reach Washington Plaintiffs and other members of the Class without substantial change in condition.

833.     The Old Spice Deodorants that P&G Companies manufactured, constructed, designed, formulated, sold and/or distributed did not conform to representations made by P&G, within the meaning of Rev. Code Wash § 7.72.030.

834.     The Washington Plaintiffs and other members of the Washington Subclass justifiably acted or relied to their detriment on the concealment and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Old Spice Defendants.

835.     The Old Spice Deodorants that P&G manufactured, constructed, designed, formulated, sold and/or distributed were defective due to inadequate inspection and testing, as well as inadequate reporting regarding the results of quality-control testing and safety inspections, or lack thereof.

836.     Had the Washington Plaintiffs and other members of the Washington Subclass been warned about the capacity of the Old Spice Deodorants to cause severe burning, rashes, irritation, scarring, discoloration, scabbing, peeling skin, and/or other injury, they would not have purchased, acquired, or otherwise obtained the Old Spice Deodorants, nor would they have used the Old Spice Deodorants.

837.     As a direct and proximate result of the defective condition of the Old Spice Deodorants as designed, manufactured, sold and/or distributed by P&G, as well as the inadequate pre- and post-sale warnings or instructions, the Washington Plaintiffs and other members of the Washington Subclass have been injured.

838.     The Washington Plaintiffs and other members of the Washington Subclass are entitled to all of the damages, remedies, fees, and costs available under applicable law.

839.     P&G is subject to strict liability for the harm caused to the Washington Plaintiffs and other members of the Washington Subclass, pursuant to Rev. Code Wash. § 7.72.030.

840.     The Washington Plaintiffs do not allege this Washington Product Liability Act claim based on an injury to the Old Spice Deodorants themselves; the Washington Plaintiffs' Washington Product Liability Act claim relates to injuries that they and Washington Subclass members sustained as a result of the Old Spice Deodorants.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of members of the Nationwide Class and State Subclasses, respectfully request that the Court enter judgment in their favor and against Proctor & Gamble Company, as follows:

A.  For an Order certifying this action and/or common issues raised herein as a Class
    Action of the proposed Nationwide Class and State Subclasses under the appropriate

provisions of federal Rule of Civil Procedure 23(a), 23(b), and 23 (c), designating Plaintiffs as Class Representatives for the proposed National Class and State Subclasses, and appointing undersigned counsel to serve as lead Class counsel for the proposed National Class and State Subclasses;

B. An Order temporarily and permanently enjoining Proctor & Gamble Company from continuing the unlawful, deceptive, fraudulent, and unfair business and/or consumer practices alleged in this Complaint;

C. For judgment against Defendant Proctor & Gamble Company on Count 1 of the Complaint for Breach of Express Warranty, for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court;

D. For Judgment against Defendant Proctor & Gamble Company on Count 2 of the Complaint for Breach of Implied Warranty of Merchantability, for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court;

E. For judgment against Defendant Proctor & Gamble Company in Count 3 of the Complaint for Violation of the Magnusson-Moss Warranty-Federal Trade Commission Improvement Act, for compensatory, statutory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court;

F. For judgment against Defendant Proctor & Gamble Company in Count 4 of the Complaint for Negligence and/or Gross Negligence in an amount in excess of the minimum jurisdictional limits of this Court;

G. For judgment against Defendant Proctor & Gamble Company in Count 5 of the Complaint for Unjust Enrichment in an amount in excess of the jurisdictional limits of this Court;

H.  For judgment against Defendant Proctor & Gamble in Counts 6 thru 41 of the Complaint for violation of the state consumer protection Acts, for compensatory, statutory, multiplied and punitive damages in separate amounts in excess of the minimum jurisdictional limits of this Court;

I.  For judgment against Defendant Proctor & Gamble in Count 42 of the Complaint for Negligence – Design, Manufacturing Defect and Failure to Warn, for compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court;

J.  For judgment against Defendant Proctor & Gamble in Count 43 of the Complaint for Strict Liability – Design Defect/Manufacturing Defect and Failure to warn in an amount in excess of the minimum jurisdictional limits of this Court;

K.  For judgment against Defendant Proctor & Gamble in Counts 44 thru 66 of the Complaint for violation of the states' Product Liability Acts, for compensatory, statutory, and punitive damages in excess of the minimum jurisdictional limits of this Court;

L.  For notice of class certification and of any relief to be disseminated to all Class members, and for such other further notices as this Court deems appropriate under Fed. R. Civ. Proc. 23(d)(2);

M.  For an Order requiring complete and immediate disclosure of all studies, reports, consumer complaints, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the products outlined herein;

N.  For an Order barring Defendant from attempting, on its own or through its agents, to induce any putative Class member to sign any document which in any way releases any of the claims of any of the putative Class members;

O.  For an Order for injunctive relief in the form of a recall or free replacement program;

P.  For an award of costs, restitution, compensatory damages, punitive damages, and disgorgement in the amount to be determined for all injuries and damages described herein at trial;

Q.  For an award of pre-judgment and/or post-judgment interest as allowed by law;

R.  For an Order of incentive awards to Class Representatives, as determined by the Court;

S.  For an award of attorneys' fees, expenses and costs;

T.  For such other and further relief as is warranted in the interests of justice.

Respectfully submitted,

   /s/ Thomas J. Connick
Thomas J. Connick (0070527)
Edward A. Proctor (0069877)
CONNICK LAW, LLC
25550 Chagrin Blvd., Suite 101
Cleveland, Ohio  44122
PH: (216) 364-0512 – FX: (216) 609-3446
tconnick@connicklawllc.com
eproctor@connicklawllc.com

Edward W. Cochran (0032942)
Law Offices of Edward W. Cochran
20030 Marchmont Road
Cleveland, Ohio 44122
PH:  (216) 751-5546
edwardcochran@wowway.com
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Representative Plaintiffs on behalf of themselves and all members of the Putative Class demand a trial by jury of all issues so triable, pursuant to Fed. Civ. R. Proc. 38.

  /s/ Thomas J. Connick                          
Thomas J. Connick  (0070527)